**Jens Schmidt, OSB #843417**
**jens.schmidt@harrang.com**
**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
Harrang Long Gary Rudnick P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     541.485.0220
Facsimile:     541.686.6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO SET A RULE 16 CONFERENCE** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

## I.     RESPONSE TO REQUEST FOR RULE 16 CONFERENCE

Contrary to Plaintiff's Motion, Defendants do not oppose the scheduling of a Rule 16

Conference.  When attorney Jason Kafoury and the undersigned spoke on Friday, October 17,

Mr. Kafoury did not discuss the scheduling of a Rule 16 Conference. Rather, he inquired about

postponing Plaintiff's deposition. The undersigned told him that Defendants had to object to that

request because of the court's order in this case. Mr. Kafoury stated that he intended to file a

Page 1 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO SET A
          RULE 16 CONFERENCE**

motion to postpone the deposition if his firm decided to represent Plaintiff. Defendants oppose

postponing Plaintiff's deposition, which is currently scheduled for October 28-29, because the

court on October 8 ordered that "Plaintiff must make himself available for a deposition within

three weeks by October 29, 2014," and that "[n]o further time extensions for this deposition will

be given."

However, Defendants do not oppose Plaintiff's request for a Rule 16 Conference to

discuss the matter. Defendants' counsel in fact welcomes a Rule 16 Conference.

Defendants' counsel desires to proceed with Plaintiff's deposition on October 28-29, but

does not want to do so without Plaintiff's counsel present unless the court so orders, because of

Oregon Rule of Professional Conduct Rule 4.2, "Communication with Person Represented by

Counsel." That rule provides in relevant part as follows:

> In representing a client . . ., a lawyer shall not communicate . . . on
> the subject of the representation with a person the lawyer knows to
> be represented by a lawyer on that subject unless:
>
> (a) the lawyer has the prior consent of a lawyer representing such
> other person; [or]
>
> (b) the lawyer is authorized by law or by court order to do so[.]

If the court requires the deposition to proceed on October 28-29, then the court should

authorize Defendants' counsel to take it even if Plaintiff's lawyers decide not to attend so that

Defendants' counsel do not violate Rule 4.2.

## II.        RESPONSE TO DECLARATION OF JAMES M. CLEAVENGER

Defendants respond as follows to statements made in the Declaration of James M.

Cleavenger – In Support of Plaintiff's Expedited Motion to Set a Rule 16 Conference.

1.        Plaintiff's statement at page 2 of his declaration that "Neither I, nor anyone from

Kafoury & McDougal took part in scheduling these new dates [for Mr. Cleavenger's deposition]"

is at a minimum incorrect in part and misleading in another.

Page 2 – **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO SET A
RULE 16 CONFERENCE**

First, Plaintiff's statement that he did not take part in the scheduling of the new dates for his deposition is at least incorrect. Plaintiff did in fact take a part in scheduling the new dates for his deposition.

On Wednesday, October 8, the undersigned sent Plaintiff an email asking him to let the undersigned know before 4:00 p.m. on Friday, October 10, which two-day block of dates between October 20-29 was convenient to him for his deposition. See Exhibit 1 attached hereto. He wrote back on Thursday, October 9:

> The week of October 20-29 for my deposition looks good for *me* at this point (except for on October 22 from 11:30 am – 2pm) and I'll keep it open. I do not know what my counsel's availability will be, so I can't really schedule anything quite yet. But I've let everyone know that is the week we *have* to do it. (Emphasis in the original.) Exhibit 1.

The undersigned waited another two business days to hear from Plaintiff whether he had found a lawyer. The undersigned heard nothing from Plaintiff.

Not being comfortable waiting any longer to schedule his deposition, on Monday, October 13, the undersigned served Plaintiff with a notice of his deposition for October 28-29. See Exhibit 2 attached hereto. Those were the last dates possible under the court's deadlines, and those dates gave Plaintiff the most time to find a lawyer, and the lawyer the most time to get ready.

Second, Plaintiff's declaration is misleading in suggesting that the undersigned should have included Kafoury & McDougal in scheduling Plaintiff's deposition because the undersigned knew that the firm was going to represent him. Although Plaintiff may have communicated at some point that Kafoury & McDougal was one of the firm's he was considering hiring, the firm did not confirm with Defendants' counsel that they were considering representing Plaintiff until the undersigned talked to Jason Kafoury on Friday, October 17, four days after the undersigned served Plaintiff with a notice of his deposition.

2. Plaintiff's statement at page 3 of his declaration that the list of names he gave to Defendants' attorney Andrea Coit on October 3, 2014 was only a list of potential deposition witnesses is incorrect. Defendants' attorneys understood that it was a list of actual depositions Plaintiff wanted to take, pared down from his list of 72 potential witnesses that Plaintiff had given Defendants' attorneys earlier in the case. On October 8, the undersigned emailed Plaintiff that Defendants were going to proceed with scheduling those 28 depositions based on the dates Plaintiff gave Ms. Coit. Exhibit 1. Plaintiff wrote back the next day that "we may want to hold off [scheduling those depositions] until next week so my counsel can coordinate dates too." Plaintiff did not say at that time say that he really did not want to take all 28 depositions. On October 17, when the undersigned told Jason Kafoury that Plaintiff wanted to take 28 depositions, Mr. Kafoury said that he would talk to Plaintiff about whether all 28 depositions were necessary.

3. Plaintiff's statement at page 3 of his declaration that the undersigned's primary objection to rescheduling his deposition until November was that it could delay the 28 depositions Plaintiff wanted to take is incorrect. The undersigned told Jason Kafoury on October 17 that the undersigned's main objection to postponing the deposition was that the court had ordered that Plaintiff's deposition be completed no later than October 29. Moreover, the undersigned stated that Plaintiff's testimony might prompt Defendant's counsel to want to take other depositions, and that the undersigned was concerned that Defendants' counsel would not be able to schedule them in November because Plaintiff wanted to take 28 depositions. Mr. Kafoury said that he would talk to Plaintiff about whether all 28 depositions were necessary.

/ / / /

/ / / /

/ / / /

/ / / /

### III.     CONCLUSION

If the court orders that Plaintiff's deposition should proceed on October 28-29, then the court should also order that it proceed even if Plaintiff's counsel does not appear for it, so that Defendants' counsel does not violate Oregon Rule of Professional Conduct 4.2.

DATED this 21st day of October, 2014.

HARRANG LONG GARY RUDNICK P.C.

By: __s/ Jens Schmidt_____
      Jens Schmidt, OSB #843417
      Andrea D. Coit, OSB #002640
      Attorneys for Defendants

**Jens Schmidt**

| | |
|---|---|
| **From:** | James Cleavenger <jamescleavenger@hotmail.com> |
| **Sent:** | Tuesday, October 14, 2014 8:06 AM |
| **To:** | Jens Schmidt |
| **Cc:** | Andrea Coit |
| **Subject:** | RE: Cleavenger v. UO |

Thank you for the information.

In regards to the interrogatory responses, as I've stated before, I will have these to you as soon as I secure counsel and they have had the opportunity to review them. As I'm sure you are aware, these responses are particularly sensitive/important because they ask me to basically outline my entire case. As such, they would require input from my attorney(s) prior to submission. But I understand if you feel a motion to compel is necessary.

Can you advise as to the status of fulfilling *my* outstanding interrogatories and requests for production of documents? I do *not* intend to file a motion to compel at this time as I feel it is unnecessary. When/if that changes I would obviously confer with you prior to doing so.

In regards to securing counsel, I drove to Portland yesterday to speak in person to potential attorneys. I also spent all weekend responding to inquiries. The potential attorneys are still reviewing documents and no decisions have been made yet, but I'm doing everything I can to secure counsel as soon as possible.

Thanks again.

-James Cleavenger, JD, LLM

From: Jens.SCHMIDT@harrang.com
To: jamescleavenger@hotmail.com
CC: Andrea.COIT@harrang.com
Subject: RE: Cleavenger v. UO
Date: Mon, 13 Oct 2014 17:17:06 +0000

James:

**Your Deposition**

I will serve you today with a notice of your deposition for October 28-29 beginning at 0900 each day at my office.

**Depositions You Want to Take**

Here are the depositions we have tentatively scheduled for you to take so far:

Exhibit 1
Page 1 of 4

Tues., Nov. 18: 9:00 a.m. Brian Caufield

Weds., Nov. 19: 9:00 a.m. Linda King, 1:00 p.m. Scott Cameron

Thurs., Nov. 20: 1:00 p.m. Brandon Lebrecht

As requested by you in your email below, **we will not schedule any further depositions until you request**. I doubt we will be able to schedule all of the depositions you want to take in the time limits we have.

Matt Fisher is no longer employed by UOPD, so we cannot arrange for his deposition. You will have to locate and subpoena him.

## Your Response to Our Interrogatories

We are going to proceed with filing a motion to compel.

Jens

**From:** James Cleavenger [mailto:jamescleavenger@hotmail.com]
**Sent:** Thursday, October 09, 2014 12:31 PM
**To:** Jens Schmidt
**Cc:** Andrea Coit
**Subject:** RE: Cleavenger v. UO

Dear Jens & Andrea;

In regards to the interrogatory responses, after discussions with the attorneys who are reviewing my case prior to retainment, I've been advised not to submit anything until I've retained counsel and they can look it. So I am sorry, but it will have to wait. But I will mention that *your* responses are also not yet complete and Andrea made similar promises of fulfillment in the future.

I have meetings set up for early next week to finalize securing counsel, so that should be taken care of soon. At that point, I'll be turning everything over to them.

It was also recommended that I not to communicate with you guys at all and just let my counsel respond once they are retained, but I think that since we've maintained a professional working relationship so far that you deserve the courtesy of at least a limited response to your questions.

The week of Oct. 20-29 for my deposition looks good for *me* at this point (except for on Oct. 22 from 11:30am-2pm) and I'll keep it open. I do not know what my counsel's availability will be, so I can't really schedule to anything quite yet. But I've let everyone know that is the week we *have* to do it.

As for the other depositions, we may want to hold off until next week so my counsel can coordinate on dates too.

I also wanted to mention (to Andrea) that I have still not received any kind of response from my ex wife in regards to the waiver for the counseling files. So I'd suggest proceeding with a motion to get them. I can give you Chelsea's contact information if you don't have it. I do not intend to oppose the motion and can't see any reason why my counsel would want to either.

Exhibit 1
Page 2 of 4

Also, attached is a receipt and doctor's note from my appointment from yesterday. I just don't want there to be any doubt about my illness, even though it does not matter now anyway.

Thanks for your time.

-James Cleavenger, JD, LLM

From: Jens.SCHMIDT@harrang.com
To: jamescleavenger@hotmail.com
CC: Andrea.COIT@harrang.com
Subject: Cleavenger v. UO
Date: Wed, 8 Oct 2014 23:29:47 +0000
James,

## 1. <u>Your Deposition</u>

I am available to take your deposition in any two-day block between October 20 – 29. Please let me know before 4:00 p.m. on Friday, October 10, which two-day block works for you. If I have not heard from you by then, I will pick the two-day block which is most convenient for me and send you a notice of deposition.

## 2. <u>Depositions You Want to Take</u>

I understand from talking to Andrea that you are available the following dates to take the 28 depositions on the list you gave Andrea October 3: October 27 – 29 and 31; and November 3, 5-7, 10-14, and 17-21. Using the time estimates you wrote on the list you gave Andrea, we are going to proceed with scheduling those depositions on those dates in accordance with the witnesses' availability at our office here in Eugene or on the UO campus. We will let you know if there are any witnesses whose depositions we cannot schedule and who you will have to subpoena.

## 3. <u>Your Responses to Our Interrogatories</u>

We have given you repeated extensions of time to provide these to us. You last promised Andrea that you would have them to us by yesterday. When will we receive them?

Jens Schmidt
Harrang Long Gary Rudnick PC
jens.schmidt@harrang.com
360 E. 10th Ave. Suite 300
Eugene, OR 97401-3273
(541)485-0220

(541)686-6564 (fax)

## Pamela Peake

| | |
|---|---|
| **From:** | James Cleavenger <jamescleavenger@hotmail.com> |
| **Sent:** | October 14, 2014 7:52 AM |
| **To:** | Pamela Peake |
| **Cc:** | Andrea Coit; Jens Schmidt |
| **Subject:** | RE: Cleavenger v University of Oregon / Second Notice of Deposition of James Cleavenger |

Thank you, I am in receipt of the notice for my deposition on Oct. 28 & 29.


# -James Cleavenger, JD, LLM


From: Pamela.PEAKE@harrang.com
To: jamescleavenger@hotmail.com
CC: Andrea.COIT@harrang.com; Jens.SCHMIDT@harrang.com
Subject: Cleavenger v University of Oregon / Second Notice of Deposition of James Cleavenger
Date: Mon, 13 Oct 2014 18:50:33 +0000

Mr. Cleavenger,

I have attached Defendants' Second Notice of Deposition of Plaintiff James M. Cleavenger. A copy will also be mailed to you.

Sincerely,
Pam

 HARRANG LONG
GARY RUDNICK P.C.
ATTORNEYS AT LAW

**Pam Peake | Legal Assistant**
541.485.0220 | pamela.peake@harrang.com
360 E. 10th Avenue, Suite 300 | Eugene, OR 97401-3273
Website: http://harrang.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be a privileged and confidential attorney-client communication or work product. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

Exhibit 2
Page 1 of 4

**Jens Schmidt, OSB #843417**
**jens.schmidt@harrang.com**
**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     541.485.0220
Facsimile:     541.686.6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' SECOND NOTICE** |
| | **OF DEPOSITION OF PLAINTIFF** |
| vs. | **JAMES M. CLEAVENGER** |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

To:  James M. Cleavenger

Pursuant to Fed. R. Civ. P. 30, you are notified that your deposition will be taken at the

offices of Harrang Long Gary Rudnick P.C., 360 E. 10th Avenue, Suite 300, Eugene, Oregon on

October 28 and 29, 2014 beginning at 9:00 a.m. each day, and continuing until completed.

/ / / /

/ / / /

Page 1 – **DEFENDANTS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF JAMES M. CLEAVENGER**

Exhibit 2
Page 2 of 4

Your deposition will be recorded by stenographic means, and may be recorded by audio or visual recordings as well.

DATED this ___*13*___ day of October, 2014.

HARRANG LONG GARY RUDNICK P.C.

By: _____

Jens Schmidt, OSB #843417
Andrea D. Coit, OSB #002640
Attorneys for Defendants

Page 2 – **DEFENDANTS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF JAMES M. CLEAVENGER**

Exhibit 2
Page 3 of 4

## CERTIFICATE OF SERVICE

I certify that on October __13__, 2014, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' SECOND NOTICE OF DEPOSITION OF PLAINTIFF JAMES M. CLEAVENGER** on the party or parties listed below as follows:

- ☐ Via CM / ECF Filing
- ☑ Via First Class Mail, Postage Prepaid
- ☑ Via Email
- ☐ Via Personal Delivery

James M. Cleavenger
405 E. 8th Avenue #5700
Eugene, OR 97401
 Plaintiff Pro Se

HARRANG LONG GARY RUDNICK P.C.

By: _Jens Schmidt_

Jens Schmidt, OSB #843417
Andrea D. Coit, OSB #002640
Attorneys for Defendants

00631606.v1

**CERTIFICATE OF SERVICE**

Exhibit 2
Page 4 of 4

# CERTIFICATE OF SERVICE

I certify that on October 21, 2014, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSED MOTION TO SET A RULE 16 CONFERENCE** on the party or parties listed below as follows:

☑      Via CM / ECF Filing

☐      Via First Class Mail, Postage Prepaid

☐      Via Email

☐      Via Personal Delivery

James M. Cleavenger
405 E. 8th Avenue #5700
Eugene, OR 97401
 Plaintiff Pro Se

HARRANG LONG GARY RUDNICK P.C.


By:   s/ Jens Schmidt
       Jens Schmidt, OSB #843417
       Andrea D. Coit, OSB #002640
       Attorneys for Defendants

00633021.v1

**CERTIFICATE OF SERVICE**