**Jens Schmidt, OSB #843417**
**jens.schmidt@harrang.com**
**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541.485.0220
Facsimile:    541.686.6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-TC |
| Plaintiff, | **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Defendants answer Plaintiff's First Amended Complaint as follows:

1.

Defendants admit that Plaintiff's "Preliminary Summary" is his summary of his claims. Defendants deny his claims.

2.

In response to paragraph 1, Defendants admit that the court has jurisdiction over

Page 1 –   **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff's First and Second Claims for Relief under 28 U.S.C. § 1331. Defendants otherwise deny paragraph 1.

3.

Defendants admit paragraph 2.

4.

Defendants lack knowledge and information sufficient to form a belief as to the truth of paragraph 3, and therefore deny paragraph 3.

5.

In response to paragraph 4, Defendants admit that Plaintiff is a graduate of the University of Oregon Law School and the University of Liverpool Law School; admit that he is admitted to practice law in Washington; admit that he is proceeding *pro se* in this lawsuit; and admit that Plaintiff is employed as a judicial clerk in the Eugene Division of the United States District Court for the District of Oregon. Defendants lack knowledge and information to form a belief as to the other allegations of paragraph 4, and therefore deny those other allegations.

6.

In response to paragraph 5, Defendants admit that Defendant University of Oregon ("UO") was, at all material times herein, a public body; admit that UO is a member of the Oregon University System established under ORS 352.002 until July 1, 2014; admit that UO was at all material times, and will be until July 1, 2014,  a "public employer" within the meaning of ORS 659A.200(3); and admit that, at all material times, Defendants Carolyn McDermed ("McDermed"), Michael Morrow ("Morrow"), Brandon Lebrecht ("Lebrecht"), Scott Cameron ("Cameron") Randy Wardlow ("Wardlow") and Linda King ("King") were acting within the course and scope of their employment by the UO.  Defendants otherwise deny paragraph 5.

7.

In response to paragraph 6, Defendants admit that, at all material times, Defendant

Page 2 –    **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
            AMENDED COMPLAINT**

University of Oregon Police Department ("UOPD") was a department of the UO; that McDermed, Morrow, Lebrecht and Cameron were acting within the course and scope of their employment by the UO; admit that UOPD was formerly known as the University of Oregon Department of Public Safety; and admit that Plaintiff uses the current name "UOPD" in his First Amended Complaint.  Defendants otherwise deny paragraph 6.

8.

In response to paragraph 7, Defendants admit that, at all material times, McDermed was and is the Chief of the UOPD, Morrow was the Professional Standards and Internal Affairs Lieutenant until he resigned in December 2013, Lebrecht was and is a lieutenant, and Cameron was and is a sergeant in UOPD. Defendants admit that McDermed, Morrow, Lebrecht and Cameron were, at all material times, acting within the scope of their employment for the UO in the UOPD. Defendants admit that Plaintiff alleges that he is suing those four defendants in their individual and official capacities. Defendants lack knowledge and information sufficient to form a belief as to the other allegations in paragraph 8 and therefore deny those other allegations.

9.

In response to paragraph 8, Defendants admit that, at all material times, King was the Associate Vice-President for Human Resources for the UO until she retired, and that Wardlow was the Employee and Labor Relations Manager for the UO until he resigned; admit that King and Wardlow were at all material times acting within the course and scope of their employment for the UO; and admit that Plaintiff alleges that he is suing those two defendants in their individual and official capacities.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 8, and therefore deny those other allegations.

10.

In response to paragraph 9, Defendants admit that Defendant Brian Caufield ("Caufield")

Page 3 –    **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

was at all material times Associate General Counsel for Labor & Employment for the Oregon University System and was acting within the scope of his employment. Defendants lack knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 9, and therefore deny those other allegations.

11.

Defendants admit paragraphs 10 and 11.

12.

In response to paragraph 12, Defendants admit that Plaintiff participated in arbitration proceedings which involved some of the same events which give rise to this lawsuit, and admit that this lawsuit was stayed for 30 days after the arbitrator issued his decision so that the parties could engage in settlement negotiations. Defendants otherwise deny paragraph 12.

13.

In response to paragraph 13, Defendants admit Plaintiff was employed in the capacities alleged during the dates alleged. Defendants deny the remaining allegations of paragraph 13.

14.

Plaintiff's Amended Complaint does not allege a paragraph 14.

15.

In response to paragraph 15, Defendants admit Plaintiff was a reserve police officer with the City of Junction City. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and therefore deny those other allegations.

16.

In response to paragraph 16, Defendants deny that Plaintiff was an extremely productive public safety officer for UOPD. Defendants lack knowledge and information sufficient to form a

Page 4 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

belief as to the truth of remaining allegations of paragraph 16, and therefore deny those other allegations.

17.

In response to paragraph 17, Defendants deny that Plaintiff has never been fired from any job. Defendants lack knowledge and information sufficient to form a belief as to the truth of remaining allegations of paragraph 17, and therefore deny those allegations.

18.

In response to paragraph 18, Defendants deny that plaintiff began a six month FTEP program in March 2011; deny that Lt. Bechdolt was Plaintiff's direct supervisor during the entirety of the specified period; deny that Plaintiff received "very positive" daily observation reports; deny that Plaintiff's End of Phase reports were "very positive"; deny that Officer Drake's statement that Plaintiff was an "above average" officer reconfirmed that Plaintiff excelled during FTEP; and deny that other UOPD officers have confirmed to Defendants that Plaintiff was well liked and highly competent. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations regarding a "6-month Trial Period," and therefore deny those allegations. The remaining allegations of paragraph 18 are admitted.

19.

In response to paragraph 19, Defendants admit Plaintiff's Trial Period Evaluation contained some positive comments written by Lebrecht; admit Plaintiff received scores of "highly competent" or "competent" in six categories but affirmatively allege there were more than seven rated categories in the Evaluation; admit Plaintiff did not receive any scores within the "competent" range in the referenced Annual Performance Evaluation; admit Lebrecht issued Plaintiff a letter of reprimand; admit Plaintiff was under investigation; and admit that there was some overlap in time covered by the Trial Period Evaluation and referenced Annual Performance Evaluation. Defendants affirmatively allege Plaintiff was never demoted while employed by

Page 5 –   **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
           AMENDED COMPLAINT**

Defendants and Lebrecht never instituted an investigation, special or otherwise, into Plaintiff's conduct.  The remaining allegations of paragraph 19 are denied.

20.

In response to paragraph 20, Defendants admit Plaintiff commenced full-time employment in March 2011 on the graveyard shift under Lebrecht's command; admit that Plaintiff, Abbott, Drake, Lillengreen, LeRoy and Bechdolt were on the referenced shift; admit Lebrecht conducted briefings, but deny they were held pre-shift; admit that there were remarks made about a  list which Plaintiff refers to in his First Amended Complaint as The Bowl of Dicks List but deny such remarks were made during "many" briefings; and admit the referenced list was and is maintained on Leroy's cell phone.  The remaining allegations of paragraph 20 are denied.

21.

In response to paragraph 21, Defendants admit the list identified in paragraph 20 contained dozens of entries; admit O.J. Simpson, Oprah Winfrey and Hilary Clinton were and are on this list; admit Plaintiff alleges he does not have a copy of the list; and admit officers will confirm the existence of the list.  The remaining allegations of paragraph 21 are denied.

22.

In response to paragraph 22, Defendants admit Plaintiff could be terminated without just cause during his trial period, and admit Brian Smith left his employment with the UofO. Defendants are not aware of the "practice" referred to in paragraph 22 and therefore cannot respond to the allegations related to Plaintiff's alleged reporting of the "practice" to Brian Smith or any actions Smith may or may not have taken in response to such report, if any.  For that reason, the remaining allegations of paragraph 22 are denied.

23.

In response to paragraph 23, Defendants admit that direct solicitations by supervisors to subordinates for purchases are against UOPD policy.  Defendants lack knowledge and

Page 6 –   **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

information sufficient to form a belief as to the truth of the allegation that Plaintiff still has a 2012 Entertainment Book and membership card #07015990255, and therefore deny that allegation.  The remaining allegations of paragraph 23 are denied.

24.

In response to paragraph 24, Defendants deny that Plaintiff was subject to constant harassment and intimidation by Cameron and Lebrecht.  The remaining allegations of paragraph 24 are admitted.

25.

Defendants deny paragraph 25 and both paragraphs 26.

26.

In response to paragraph 27, Defendants admit Lebrecht privately engaged in banter with one or more co-workers regarding President Obama's nationality and religion, and admit that Plaintiff's employment history is maintained in his personnel file.  The remaining allegations of paragraph 27 are denied.

27.

In response to paragraphs 28 and 29, Defendants admit Lebrecht privately engaged in banter with a co-worker regarding the Clintons and Pat Tillman.  Defendants deny such comments were ever made publicly or during pre-shift briefings. Defendants otherwise deny paragraphs 28 and 29.

28.

In response to paragraph 30, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations about what Plaintiff saw on Lebrecht's desk or took pictures of and therefore deny those allegations.  The remaining allegations of paragraph 30 are admitted.

29.

In response to paragraph 31, Defendants admit several DPS employees, including Plaintiff, referred to the Occupy Eugene camp as District Nine; admit Plaintiff told his fellow employees during a briefing the purpose of the Occupy Eugene movement; admit Lebrecht and Cameron approached Plaintiff after a briefing in which Plaintiff had been assigned to monitor an Occupy Camp that was adjacent to UO property because he appeared upset; admit Plaintiff stated he was not upset that his co-workers referred to Occupy Eugene as District Nine because he did as well; admit Plaintiff raised his voice to Lebrecht, telling him he was upset because he did not like the assignment he was given to do because he thought it would be boring; and admit Lebrecht believes Plaintiff raised his voice at him when complaining about his assignment.  The remaining allegations of paragraph 31 are denied.

30.

In response to paragraph 32, Defendants admit that Lebrecht wrote a memorandum dated November 18, 2011, given to Plaintiff that same date, the subject of which was "Clarification of Expectations," and which set forth a clarification of expectations regarding officer safety and grooming standards. Defendants admit that the memorandum stated that Plaintiff had on several occasions reported to work unshaven and that Plaintiff had failed to use proper safety techniques on at least two occasions, one of which had occurred on August 27, 2011. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that November 4, 2011 was a few days after "the Occupy Eugene events" and therefore deny those allegations. Defendants otherwise deny paragraph 32.

31.

In response to paragraph 33, Defendants deny that there were six other officers present in the immediate vicinity when Plaintiff engaged in the unsafe behavior; deny Plaintiff could see the cell phone on top of the bag; deny that the reason Plaintiff did not search the bag was because

Page 8 –   **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

consent was withheld; deny that Plaintiff's failure to use proper safety techniques in this specific instance was used against him in a disciplinary letter and in his termination; deny that Plaintiff was retaliated against; and deny Plaintiff reported his concerns.  The remaining allegations of paragraph 33 are admitted.

32.

In response to paragraph 34, Defendants deny that the shaving policy, UOPD General Order 1001.1 Part 1(B)(3) and Standard of Conduct 17, was applied discriminatorily; deny that other officers have not been counselled regarding violations of the policy; deny that Plaintiff provided Defendants a note from a physician that shaving daily causes him to get a rash; deny Plaintiff's knowledge; deny Plaintiff was formally disciplined for violating the shaving policy; and deny Plaintiff had any right to appeal the Letter of Clarification and deny Plaintiff was in fear of jeopardizing his weekly evaluations.  The remaining allegations of paragraph 34 are admitted.

33.

In response to paragraph 35, Defendants admit Plaintiff made additional transgressions, including donning a pair of angel wings over his uniform during ESPN Game Day, which were noted in the Performance Review prepared by Defendant Cameron.  Defendants affirmatively allege Plaintiff had no right to appeal the November 18, 2011 Letter of Clarification.  The remaining allegations of paragraph 35 are denied.

34.

In response to paragraph 36, Defendants admit Plaintiff was subjected to weekly evaluations for a period of time to track his improvement, if any, in the areas of concern noted in the November 18, 2011 Letter of Clarification.  Defendants admit this process was a new format for the previously used work plans, implemented by former UOPD Chief Doug Tripp in an effort

Page 9 –    **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

to implement more formal procedures as the transition to a police department was getting underway.  Defendants deny the remaining allegations of paragraph 36.

35.

In response to paragraph 37, Defendants admit that Lebrecht wrote in his memorandum on "Clarification of Expectations" that the weekly summaries would continue "until the end of the current 2011 shift rotation, which is approximately eight (8) to ten (10) weeks;" admit that the last weekly summary ended December 17, 2011; and admit that the last weekly summary states in part as follows: "Officer Cleavenger's overall performance was at an acceptable level this week. * * * Cleavenger's overall performance continues to improve in all areas.  I don't see it as necessary to continue weekly evaluations at this point as Officer Cleavenger immediately took it upon himself to quickly correct the points that were to be addressed. He is working at a level that is equal to that of his peers." Defendants admit the evaluation period did not last the entire time originally anticipated.  The remaining allegations of paragraph 37 are denied.

36.

Paragraph 38 re-alleges the allegations set forth in paragraph 19.  Defendants incorporate their responses to those allegations in their response to paragraph 38.

37.

In response to paragraph 39, Defendants admit Tripp and Morrow gave speeches at an all-employee meeting concerning the creation of the UOPD at the UO Alumni Center.  The remaining allegations of paragraph 39 are denied.

38.

In response to paragraph 40, Defendants deny that Cameron denied any of Plaintiff's 33 training requests.  The remaining allegations are admitted.

39.

In response to paragraph 41, Defendants admit Plaintiff went outside of his chain of

Page 10 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
            AMENDED COMPLAINT**

command to inquire about training requests with Morrow.  The remaining allegations of paragraph 41 are denied.

### 40.

Defendants admit paragraphs 42 and 43.

### 41.

In response to paragraph 44, Defendants admit Lebrecht had a discussion with Plaintiff about the proper procedure for requesting training and affirmatively allege Plaintiff denied contacting Morrow about his training requests; admit Lebrecht offered to show Plaintiff the email Plaintiff sent to Morrow about training requests.   The remaining allegations of paragraph 44 are denied.

### 42.

Defendants deny paragraphs 45 and 46.

### 43.

In response to paragraph 47, Defendants admit that Plaintiff responded to a call for emergency service at Spencer View Apartments on April 1, 2012.  Defendants deny the remaining allegations of paragraph 47.

### 44.

In response to paragraph 48, Defendants deny the date of the meeting as April 8, 2012 and affirmatively allege it was April 7, 2012.  The remaining allegations are admitted.

### 45.

In response to paragraph 49, Defendants admit Plaintiff's access to UOPD videos was blocked at some point and that Plaintiff was not given a contemporaneous explanation.  The remaining allegations are denied.

### 46.

Defendants deny paragraph 50.

Page 11 – **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

47.

In response to paragraph 51, Defendants admit that Cameron issued Plaintiff a written reprimand dated May 18, 2012. Defendants otherwise deny paragraph 51.

48.

Defendants admit paragraph 52.

49.

In response to paragraph 53, Defendants admit that McDermed wrote Plaintiff a memorandum dated May 18, 2012, stating that Plaintiff was reassigned to parking enforcement duties pending an investigation concerning his job performance and conduct. Defendants otherwise deny paragraph 53.

50.

In response to paragraph 54, Defendants admit that McDermed's memorandum did not state who would be conducting the investigation and did not provide more specifics than that the investigation concerned his job performance and conduct based on previous counseling and ongoing job performance. Defendants otherwise deny paragraph 54.

51.

In response to paragraph 55, Defendants admit Plaintiff was told to sign the documents to acknowledge receipt and admit the documents were not further discussed at that time. Defendants otherwise deny paragraph 55.

52.

Defendants deny paragraph 56.

53.

In response to paragraph 57, Defendants admit that neither Cameron's written reprimand of May 18, 2012 nor McDermed's memorandum of the same date provided Plaintiff with contact information for SEIU stewards, and admit that such contact information was required on

Page 12 – **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Cameron's written reprimand under Article 17, Section 2(C) of the 2011-2013 Collective Bargaining Agreement between the Oregon University System and SEIU Local 503, OPEU, and further allege that Plaintiff has exhausted all remedies in regard to challenging the substance or form of that reprimand. Defendants otherwise deny paragraph 57.

54.

In response to paragraph 58, Defendants admit Plaintiff told Cameron that he intended to grieve the May 18, 2012 written reprimand.  The remaining allegations of paragraph 58 are denied.

55.

In response to paragraph 59, Defendants admit that Lebrecht told Plaintiff something to the effect of "it didn't have to come to this" during a recorded meeting with Wardlow, Lebrecht, Plaintiff and Yoshishige.  The remaining allegations of paragraph 59 are denied.

56.

In response to paragraph 60, Defendants deny UO Department of Parking and Transportation became a separate department during the times material to this case.  The remaining allegations of paragraph 60 are admitted.

57.

In response to paragraph 61, Defendants admit Plaintiff was not allowed to take any enforcement action while serving as a parking enforcement officer but could report crimes in progress.  The remaining allegations of paragraph 60 are denied.

58.

In response to paragraph 62, Defendants deny his reassignment was unprecedented; deny Plaintiff was demoted; and deny Herb Horner was ever Chief.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations and therefore deny those allegations.

Page 13 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

59.

Defendants deny paragraph 63.

60.

In response to paragraph 64, Defendants admit Plaintiff asked Cameron several times about the investigation into his conduct and admit that Cameron did not know the details of any investigations involving Plaintiff.  The remaining allegations are denied.

61.

Defendants deny paragraph 65.

62.

Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of paragraph 66, and therefore deny those allegations.

63.

In response to paragraph 67, Defendants deny that any of the alleged conduct in is violation of UOPD policy.  The remaining allegations are admitted.

64.

Defendants deny paragraphs 68 and 69.

65.

In response to paragraph 70, Defendants deny Morrow used the term "citizen complaints."  The remaining allegations of paragraph 70 are admitted.

66.

In response to paragraph 71, Defendants admit that Plaintiff was terminated October 25, 2012, after an internal investigation. Defendants otherwise deny paragraph 71.

67.

Defendants deny paragraph 72.


Page 14 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
          AMENDED COMPLAINT**

68.

In response to paragraph 73, Defendants admit the alleged date Plaintiff filed his Step 1 grievance of the May 18, 2012 Written Reprimand; admit McDermed agreed to attend a meeting with Plaintiff and Cameron about his evaluation; and admit McDermed did not attend such a meeting, if it occurred.  The remaining allegations are denied.

69.

In response to paragraph 74, Defendants admit McDermed became Interim Chief on June 21, 2012. The remaining allegations of paragraph 74 are denied.

70.

In response to paragraph 75, Defendants admit Plaintiff's grievance of his May 18, 2012 Written Reprimand was taken to Step 2 by union steward Lois Yoshishige.  Defendants deny the remaining allegations of paragraph 75.

71.

In response to paragraph 76, Defendants admit that at all times material herein while Plaintiff was assigned to parking enforcement he was allowed to drive a truck marked "Department of Parking and Transportation" and was under the command of UOPD. Defendants otherwise deny paragraph 76.

72.

In response to paragraph 77, Defendants admit McDermed met with plaintiff on August 13, 2012, but deny that the subject of the meeting was allegations that Plaintiff reasonably believed to be evidence of violations of federal laws, state laws, rule and regulations, or were acts of mismanagement, abuse of authority and gross waste of funds; admit McDermed took notes during that meeting; and admit McDermed agreed to look into what was discussed at that meeting.  The remaining allegations are denied.

73.

Defendants deny paragraphs 78 and 79.

74.

In response to paragraph 80, Defendants admit on September 7, 2012, Plaintiff was told to report to the West Station to meet with an APSO to be trained on academic lock-up duties, which included locking doors on campus.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation that Plaintiff made a list of crimes he witnessed and therefore denies that allegation.  The remaining allegations of paragraph 80 are denied.

75.

In response to paragraph 81, Defendants admit Plaintiff was placed on paid administrative leave on September 20, 2012; admit this was Plaintiff's birthday; admit he did not receive a birthday card signed by all employees; and admit Plaintiff was escorted from University property by Morrow.  Defendants deny the remaining allegations of paragraph 81.

76.

In response to paragraph 82, Defendants deny that Morrow told Plaintiff he could not see the results of his internal affairs investigation because he was on leave.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation of when he saw that investigation and therefore deny those allegations. Defendants otherwise deny paragraph 82.

77.

In response to paragraph 83, Defendants admit Plaintiff had the first of his Step 2 grievance meetings with Brian Smith on September 25, 2012; and admit those people alleged in the paragraph 83 were, in fact, present.  The remaining allegations of paragraph 83 are denied.

78.

Defendants deny paragraphs 84 and 85.

Page 16 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
               AMENDED COMPLAINT**

79.

In response to paragraph 86, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegation as to exactly when Plaintiff was notified of his placement on administrative leave and therefore deny that allegation. The remaining allegations of paragraph 86 are denied.

80.

In response to paragraph 87, Defendants admit that Brian Smith issued UO's Step 2 response to Plaintiff's grievance October 4, 2012, and that Smith took a new job thereafter. Defendants otherwise deny paragraph 87.

81.

In response to paragraph 88, Defendants admit that King and McDermed signed a letter to Plaintiff dated October 1, 2012, which stated that Plaintiff was placed on disciplinary suspension without pay effective October 3, 2012, and admit that the letter did not state the dates of the inaccurate call outs which were referred to in the letter. Defendants otherwise deny paragraph 88.

82.

In response to paragraph 89, Defendants admit that Plaintiff attended a pre-dismissal hearing on October 12, 2012, and admit that King and Wardlow also attended. Defendants otherwise deny paragraph 89.

83.

In response to paragraph 90, Defendants admit that King wrote Plaintiff a letter dated October 25, 2012, which notified him that his employment was terminated. Defendants lack knowledge and information sufficient to form a belief as to the other allegations in paragraph 90, and therefore deny those other allegations.

Page 17 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

84.

Defendants deny paragraphs 91 and 92.

85.

In response to paragraph 93, Defendants admit Plaintiff was afforded a Step 3 hearing on his Grievance of the May 18, 2012 Written Reprimand on October 30, 2012; admit John Ahlen represented the Union and Ryan Hagemann represented OUS/UofO and that Plaintiff, through his representative, presented.  The remaining allegations of paragraph 93 are denied.

86.

In response to paragraph 94, Defendants admit Plaintiff was denied access to his employee email account after his employment ended.  The remaining allegations of paragraph 94 are denied.

87.

In response to paragraph 95,  Defendants admit that, on or about February 13, 2013, SEIU filed a grievance on behalf of Plaintiff in which it was alleged that the UO "denied the union the ability to interview adverse witnesses, investigators, and decision makers of the discipline of the grievant," that the UO "denied the union the ability to question the above mentioned persons in a grievance meeting," that "this violates the grievant's due process rights under just cause as well as the intent of the article to resolve grievances through the grievance procedure," and that "this is also an unfair labor practice." Defendants further admit that, on or about February 13, 2013, SEIU filed a grievance on behalf of Plaintiff in which it was alleged that "OUS denied the grievant a step three grievance hearing." Defendants admit that both grievances were denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of the other allegations of paragraph 95, and therefore deny the other allegations of paragraph 95.

Page 18 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

88.

In response to paragraph 96, Defendants admit that, on November 12, 2012, Caufield granted an extension for the grievance of Plaintiff's termination until December 10, 2012, and stated that Ryan Hagemann would hear that grievance. Defendants lack knowledge and information sufficient to form a belief as to the truth of the other allegations of paragraph 96, and therefore deny the other allegations of paragraph 96.

89.

In response to paragraph 97, Defendants deny that Caufield prevented Hagemann from issuing a decision. Defendants lack knowledge and information sufficient to form a belief as to the truth of the other allegations of paragraph 97, and therefore deny the other allegations of paragraph 97.

90.

In response to paragraph 98, Defendants admit that, on February 7, 2013, John Ahlen wrote an email to Ryan Hagemann stating that SEIU appealed the grievance of the letter of reprimand to arbitration. Defendants further admit that on February 7, 2013, Ahlen wrote an email to Caufield stating "we would like to have an opportunity to read the step three adjudications for his grievances before discussing whether we feel that they should be bundled for arbitration." Defendants otherwise deny paragraph 98.

91.

In response to paragraph 99, Defendants admit that, on or about February 13 or 14, 2013, Caufield wrote an email to John Ahlen in which he stated that the Chancellor's Office had decided to hold its decision on the grievance of the letter of reprimand in abeyance pending the outcome of the Step 3 appeal of the grievance of Plaintiff's termination. Defendants otherwise deny paragraph 99.

Page 19 – **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

92.

In response to paragraph 100, Defendants admit that, on or about February 13, 2013, SEIU filed a grievance on behalf of Plaintiff in which it was alleged that the UO "denied the union the ability to interview adverse witnesses, investigators, and decision makers of the discipline of the grievant," that the UO "denied the union the ability to question the above mentioned persons in a grievance meeting," that "this violates the grievant's due process rights under just cause as well as the intent of the article to resolve grievances through the grievance procedure," and that "this is also an unfair labor practice." Defendants further admit that, on or about February 13, 2013, SEIU filed a grievance on behalf of Plaintiff in which it was alleged that "OUS denied the grievant a step three grievance hearing." Defendants admit that both grievances were denied. Defendants otherwise deny paragraph 100.

93.

In response to paragraph 101, Defendants admit that, on February 26, 2013, Caufield sent an email to John Ahlen requesting that he submit dates of availability during the week of March 18 for the Step 3 hearing on the grievance of the termination.  Defendants further admit that Caufield ordered sequestration of witnesses. Defendants otherwise deny paragraph 101.

94.

In response to paragraph 102, Defendants admit that Caufield wrote a letter dated April 22, 2013 in which he denied Plaintiff's grievances of his written reprimand and his termination. Defendants otherwise deny paragraph 102.

95.

Defendants deny paragraph 103.

96.

In response to paragraph 104, Defendants deny that Plaintiff communicated all of the "concerns and complaints mentioned above" to McDermed, Morrow, Bechdolt, King, Smith,

Wardlow, Hagemann, or Caufield.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the other allegations of paragraph 104, and therefore deny the other allegations of paragraph 104.

97.

In response to paragraph 105, Defendants admit Brian Smith did not respond to Plaintiff's email.  The remaining allegations of paragraph 105 are denied.

98.

Defendants deny paragraph 106.

99.

In response to paragraph 107, Defendants admit that Plaintiff disputes the allegations set forth in his Written Reprimand and his Letter of Termination.  Defendants otherwise deny paragraph 107.

100.

Defendants lack knowledge and information sufficient to form a belief as to the truth of paragraph 108 and 109, and therefore deny paragraphs 108 and 109.

101.

Defendants deny paragraph 110.

102.

In response to paragraph 111, Defendants admit that Plaintiff's claims are brought against all Defendants, but Defendants deny all of Plaintiff's claims.

103.

In response to paragraph 112, Defendants admit that 42 U.S.C. § 1983 provides in relevant part that every person who, under color of law, "subjects, or causes to be subjected, any citizen of the United States" to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" shall be liable to the person injured in an action at law, suit in

Page 21 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

equity or other proper proceeding. Defendants otherwise deny paragraph 112.

104.

Defendants deny paragraphs 113, 114, 115, 116, 117, 118, and 119.

105.

Defendants respond to the paragraphs re-alleged in the unnumbered paragraph which precedes paragraph 120 as set forth above.

106.

In response to paragraph 120, Defendants admit that Plaintiff has rights which are protected under the Fourth and Fourteenth Amendments, and admit that 42 U.S.C. § 1983 provides in relevant part that every person who, under color of law, "subjects, or causes to be subjected, any citizen of the United States" to "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" shall be liable to the person injured in an action at law, suit in equity or other proper proceeding. Defendants otherwise deny paragraph 120.

107.

Defendants deny paragraphs 121 and 122.

108.

Defendants respond to the paragraphs re-alleged in the unnumbered paragraph which precedes paragraph 123 as set forth above.

109.

Defendants deny paragraphs 123, 124, and 125.

110.

Defendants respond to the paragraphs re-alleged in the unnumbered paragraph which precedes paragraph 126 as set forth above.

Page 22 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

111.

Defendants deny paragraphs 126, 127, 128, and 129.

112.

Defendants respond to the paragraphs re-alleged in the unnumbered paragraph which precedes paragraph 130 as set forth above.

113.

Defendants deny paragraphs 130, 131, 132, 133, and 134.

114.

Defendants respond to the paragraphs re-alleged in the unnumbered paragraph which precedes paragraph 135 as set forth above.

115.

Defendants deny paragraphs 135, 136, and 137.

116.

Defendants respond to the paragraphs re-alleged in the unnumbered paragraph which precedes paragraph 138 as set forth above.

117.

Defendants deny paragraph 138.

118.

In response to paragraph 139, Defendants admit that Plaintiff formerly had an employer-employee relationship with UO. Defendants otherwise deny paragraph 139.

119.

Defendants deny paragraphs 140, 141, 142, and 143.

120.

Defendants respond to the paragraphs re-alleged in the unnumbered paragraph which precedes paragraph 144 as set forth above.

Page 23 –   **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
            AMENDED COMPLAINT**

121.

Defendants deny paragraphs 144, 145, and 146.

122.

Except as expressly admitted above, Defendants deny each and every allegation of Plaintiff's First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE

### (Insufficiency of Service of Process)

123.

There was insufficiency of service of process as to Caufield.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

124.

One or more of Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE
### (Capacity to Be Sued)

125.

UOPD is not a legal entity that can be sued.

## FOURTH AFFIRMATIVE DEFENSE

### (Qualified Immunity)

126.

McDermed, Morrow, Lebrecht, Cameron, Wardlow, Caufield and King are entitled to qualified immunity against Plaintiff's First and Second Claims for Relief.

**FIFTH AFFIRMATIVE DEFENSE**

**(Oregon Tort Claims Act)**

127.

Plaintiffs Third, Fourth, Fifth, Sixth, Seventh and Eighth Claims for Relief are subject to the terms, conditions and limitations in the Oregon Tort Claims Act.

**SIXTH AFFIRMATIVE DEFENSE**

**(Adequate Statutory Remedy)**

128.

Plaintiff's Eighth Claim for Relief is barred because he has an adequate statutory remedy.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Legitimate, Non-Retaliatory, Non-Discriminatory Motives)**

129.

Defendants' actions towards Plaintiff, including, but not limited to, his Written Reprimand and his termination were based on legitimate, non-retaliatory and non-discriminatory motives.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Neutral Basis for Defendants' Actions)**

130.

Defendants would have taken the same actions towards Plaintiff, including, but not limited to, his Written Reprimand and his termination, even if he had not engaged in his alleged protected activity.

**NINTH AFFIRMATIVE DEFENSE**

**(Issue Preclusion)**

131.

Plaintiff and UO were parties to an arbitration proceeding over Plaintiff's grievances

Page 25 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

from a Written Reprimand issued to him May 18, 2012 and from the termination of his employment.  All witnesses were placed under oath, Plaintiff was represented by counsel and given the opportunity to cross-examine UO witnesses and call witnesses and present exhibits on his own behalf. Arbitrator Richard Ahearn issued his Opinion and Award February 24, 2014. Plaintiff is precluded from re-litigating the issues decided by the arbitrator including, but not limited to, the following:  a) there was just cause to discipline Plaintiff over the Spencer View Apartments incident; b) there was just cause to discipline Plaintiff over the April 1, 2012 car stop; and, c) there was just cause to discipline for failing to notify persons that they were being recorded on April 1 and April 2, 2012.

## TENTH AFFIRMATIVE DEFENSE

### (Eleventh Amendment Immunity)

132.

UO is immune from liability on Plaintiff's First and Second Claims for Relief under the Eleventh Amendment to the United States Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Truth)

133.

If the statements which are the basis for Plaintiff's claim for defamation were true, then Plaintiff's claim for defamation is barred.

## TWELFTH AFFIRMATIVE DEFENSE

### (Absolute Privilege)

134.

Plaintiff's claim for defamation is barred on the basis of absolute privilege.

Page 26 –  **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Settlement)

135.

Plaintiff was a party to a settlement agreement with the University of Oregon and Service Employees International Union, which Plaintiff signed September 4, 2014, regarding his grievances from the written reprimand he received on May 18, 2012 and his termination from employment on October 25, 2012. Under the settlement agreement, and for valuable consideration, Plaintiff agreed to and did resign from his employment with the University of Oregon effective June 14, 2013. Plaintiff also agreed not to apply for employment with the University of Oregon Police Department at any time in the future. Plaintiff received certain back pay under the settlement agreement.  The effect of the settlement agreement is to bar Plaintiff's claim in this lawsuit for income he would or could have earned at the University of Oregon had he not been terminated.

## CLAIM FOR ATTORNEY FEES

136.

Defendants are entitled to recover their attorney fees and costs under 42 U.S.C. § 1988, ORS 20.105 and ORS 659A.885.

## DEMAND FOR JURY TRIAL

137.

Defendants request a jury trial.

/ / / /

/ / / /

/ / / /

/ / / /

/ / / /

WHEREFORE, Defendants pray for a judgment in their favor dismissing Plaintiff's First Amended Complaint with prejudice and awarding Plaintiff no attorney fees or costs, and awarding Defendants their attorney fees and costs.

DATED this 7th day of November, 2014.

HARRANG LONG GARY RUDNICK P.C.

By:   s/ Jens Schmidt
    Jens Schmidt, OSB #843417
    Andrea D. Coit, OSB #002640
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on November 7, 2014, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the party or parties listed below as follows:

☑    Via CM / ECF Filing
☐    Via First Class Mail, Postage Prepaid
☐    Via Email
☐    Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
   Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.


By:   s/ Jens Schmidt
       Jens Schmidt, OSB #843417
       Andrea D. Coit, OSB #002640
       Attorneys for Defendants

00634368.v1

**CERTIFICATE OF SERVICE**