**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541-485-0220
Facsimile:    541-686-6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | Pursuant to Fed. R. Civ. P. 12(b)(6) |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**LR 7-1(a) CERTIFICATION**

The undersigned certifies that the parties made a good faith effort through telephonic conferences and written correspondence to resolve the issues which are the subject of these motions, but are unable to resolve them.

**MOTIONS TO DISMISS**

Defendants move for dismissal of the following claims set forth in Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. P 12(b)(6):

1.    Plaintiff's Claims under ORS 659A.203, .199 and .030 for retaliation occurring during his employment for failing to plead timely tort claim notice;

Page 1 –    **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

2. Plaintiff's Claims under ORS 659A.203, .199 and .030 for injury suffered prior to October 25, 2012 based on the expiration of the statute of limitations;

3. Plaintiff's Claims under 42 U.S.C. § 1983 Against the University of Oregon because the State cannot be sued under 42 U.S.C. § 1983.

4. Plaintiff's Claims under 42 U.S.C. § 1983 Against All Individual Defendants because State employees acting in their official capacity cannot be sued under 42 U.S.C. § 1983;

5. Plaintiff's Claims under 42 U.S.C. § 1983 for Due Process Violations based on failure to violation of Due Process rights;

6. Plaintiff's Claim for common law Wrongful Discharge based on an adequate statutory remedy;

7. Plaintiff's Claims under ORS 659A.203, .199 and .030 Against the University of Oregon based on Eleventh Amendment immunity;

8. Plaintiff's Claims Under ORS 659A.203 and .199 based on retaliation that allegedly occurred after his employment ended;

9. Plaintiff's Claim for Declaratory Relief as Duplicative; and,

10. Plaintiff's Claims for Injunctive Relief based on Lack of Standing.

These motions are supported by the court's record and the following Memorandum in Support of Motions to Dismiss.

## MEMORANDUM IN SUPPORT OF MOTIONS TO DISMISS
### I. MATERIAL FACTS

Plaintiff, James Cleavenger, was employed by Defendant University of Oregon (UO) as a public safety officer in 2011 and 2012. Second Amended Complaint (Complaint) ¶¶ 12, 94. Plaintiff was a member of the union SEIU Local 503 while employed by UO as a public safety officer. At all material times, UO and Local 503 were parties to a collective bargaining agreement (CBA). *See* Complaint generally and at ¶¶ 56, 57, 69. Defendants McDermed,

Lebrecht, and Cameron were Plaintiff's supervisors while he was employed by UO. *See* Complaint generally and at ¶¶ 7, 21, 24. Defendant Caufield is an employee of Oregon University Systems (OUS). Complaint ¶ 9. He has no connection to Plaintiff other than being one of the OUS representatives involved with Plaintiff's grievance hearings. *See* Complaint generally and at ¶ 107.

Defendant Cameron issued a disciplinary written reprimand to Plaintiff on May 18, 2012. Complaint ¶ 51. This discipline did not involve a pay sanction. *See* Complaint generally (for lack of allegation of pay sanction). On October 2, 2012, Plaintiff was given a Notice of Pre-dismissal hearing. Complaint ¶ 92. On September 12, Plaintiff partook in a pre-dismissal hearing with Linda King, the Associate Vice President for Human Resources for UO at the time. Complaint ¶ 93. Plaintiff was terminated from employment and received his Letter of Termination on October 26, 2012. Complaint ¶ 94.

Plaintiff grieved both his termination and the May 18, 2012 Letter of Reprimand through the grievance process set forth in the CBA. *See* Complaint generally and at ¶¶ 90, 97, 100. Both disciplines were upheld through the grievance process and Plaintiff appealed the decisions to arbitration as provided for in the CBA. *See* Complaint generally and at ¶ 119.

Plaintiff was represented by an attorney throughout the arbitration process. Plaintiff participated in a three day arbitration of his termination before a neutral arbiter in November and December 2013. Plaintiff's grievance of the Letter of Reprimand was denied. His grievance of the termination was upheld and he was reinstated to his position as a public safety officer after the imposition of a three day unpaid suspension as ordered appropriate by the arbitrator. Complaint ¶ 119. Plaintiff resigned his employment, effective June 14, 2013.

Plaintiff filed this lawsuit on October 25, 2013.

## II.     STANDARD OF REVIEW

A motion to dismiss for failure to state a claim may be granted only when there is no

cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett–Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels–Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, to be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

A motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that "defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). For example, a motion to dismiss may be granted based upon an affirmative defense where the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

### III. MOTIONS TO DISMISS

#### 1. Motion to Dismiss All State Law Claims Based on Failure to Plead Timely Tort Claim Notice

Plaintiff's state law claims against the University of Oregon and its employees are subject to ORS 30.260 *et seq.*, the Oregon Tort Claims Act (OTCA). Pursuant to ORS 30.275(2)(b), Plaintiff was required to give notice of his claim in the manner set forth therein within 180 days of the alleged loss or injury. Plaintiff alleges he received notice of his termination on October 26, 2012. Even assuming the requirement for giving notice did not begin to run until that date, Plaintiff was required to give notice of his tort claims by April 24, 2013.

As stated in *Urban Renewal Agency v. Lackey*, 275 Or. 35, 40, 549 P.2d 657 (1976), "[t]he pleading and proof of notice sufficient to satisfy the requirements of ORS 30.275 is a mandatory requirement and a condition precedent to recovery under the Oregon Tort Claims Act." The requirement that notice be given timely is a substantive condition precedent to recovery under the Oregon Tort Claims Act that, if not satisfied, deprives a plaintiff of the right to make a claim." *Tyree v. Tyree*, 116 Or. App. 317, 320, 840 P.2d 1378 (1992), *rev. den.*, 315 Or. 644, 849 P.2d 525 (1993). Therefore, to proceed on any of his state law claims, Plaintiff must allege facts which, if true, would show he satisfied this element of his state law claims.

Under the OTCA, notice can be either formal or actual. ORS 30.275(3).

Formal notice is:

> a written communication from a claimant or representative of a claimant containing a statement that a claim for damages is or will be asserted against the public body ... [and a] description of the time, place and circumstances giving rise to the claim.

ORS 30.275(4).

Actual notice is:

> any communication by which any individual to whom notice may be given as provided in subsection (5) of this section or any person responsible for administering tort claims on behalf of the public body acquires actual knowledge of the time, place and

Page 5 –   DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND
              AMENDED COMPLAINT

> circumstances giving rise to the claim, where the communication is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body.

ORS 30.275(6). Under subsection (5)(a), if the claim is against the state or an officer, employee or agent thereof, the person to whom notice can be given is the office of the Director of the Oregon Department of Administrative Services.

Plaintiff alleges in his Complaint:

> The governmental agencies and/or their agents were on actual notice of plaintiff's tort claims within 180 days and/or received tort claim notice under the provisions of ORS 30.275(4) and (6).

Plaintiff did not present a tort claim notice that met the requirements of ORS 30.275(4) to any Defendant until, at the earliest, December 10, 2014. Complaint ¶ 133. This tort claim notice came more than two years after Plaintiff's termination. Plaintiff has not, and cannot, allege facts in support of an allegation that he provided formal notice under ORS 30.275(4) to the Defendants within 180 days of any alleged injury that occurred during, or in connection with the termination of, his employment. For those claims, Plaintiff must sufficiently allege that he provided them with actual notice under ORS 30.275(6).

In support of actual notice, Plaintiff alleges "the governmental agencies and/or their agents were on actual notice of Plaintiff's tort claims within 180 days." This is a legal conclusion. On a Motion to Dismiss, the court is not to presume as true the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678-79. Rather, it should assume as true the facts alleged in support of the legal conclusion that Plaintiff provided timely actual notice of his tort claims.

Plaintiff makes none of the necessary factual allegations. He does not allege (1) that he communicated with either the office of the Director of the Oregon Department of Administrative Services or a person responsible for administering tort claims on behalf of the University of Oregon; (2) that his communication was one from which one of those people gained actual knowledge of the time, place and circumstances giving rise to the claim, or (3) that the

communication was such that a reasonable person would conclude that a particular person intends to assert a claim against the public body or an officer, employee or agent of the public body.

Plaintiff's Complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011). From the information set forth in the Complaint, Defendants have no way of defending against Plaintiff's allegation that he provided actual notice sufficient to satisfy the requirements of ORS 30.275(6).

Plaintiff has failed to plead facts in support of valid tort claim notice. Because tort claim notice is an essential element of Plaintiff's claims under ORS 659A, all of those claims should be dismissed.

2. **All State Law Claims Based on Unlawful Employment Practices Occurring Prior to October 25, 2012[1] Based on the Statute of Limitations**

The court may dismiss the following described claims based on the affirmative defense of statute of limitations because the Complaint's allegations, with all inferences drawn in Plaintiff's favor, show that the affirmative defense of statute of limitations "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010).

Plaintiff's claims under ORS Chapter 659A are governed by a one year statute of limitations. ORS 659A.875(1) ("A civil action under ORS 659A.885 alleging an unlawful employment practice must be commenced within one year after the occurrence of the unlawful employment practice."). In *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002), the Supreme Court explained that "discrete discriminatory acts

---

[1] Defendants' position is that Plaintiff had actual knowledge of his termination at the latest on October 24, 2012, making all claims based on his termination also time barred. However, extrinsic evidence is needed to support this argument so this issue will be addressed in Defendants' Motion for Summary Judgment.

Page 7 –   **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

are not actionable if time barred, even when they are related to acts alleged in timely filed charges. Each discrete discriminatory act starts a new clock for filing charges alleging that act."

Plaintiff did not file this lawsuit until October 25, 2012. All claims based on alleged unlawful employment practices occurring prior to September 25, 2012 are time barred and should be dismissed.

### 3. Plaintiff's 42 U.S.C. § 1983 Claims Against the University of Oregon

42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In the seminal case of *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that, under the concepts of Eleventh Amendment Immunity, "neither a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] § 1983."

The University of Oregon is a public university established by the Oregon State Legislature in 1872. It is a state entity. Plaintiff agrees, alleging in his Complaint that the University of Oregon is "an agency and instrumentality of the State of Oregon."

The State of Oregon is not subject to liability under 42 U.S.C. § 1983. All claims asserted against the University of Oregon under 42 U.S.C. § 1983 must be dismissed.

### 4. Plaintiff's 42 U.S.C. § 1983 Claims for Damages Against all Individual Defendants

Defendants Lebrecht, McDermed, and Cameron are alleged to be employees of the University of Oregon, a state entity. Complaint ¶ 7. Defendant Caufield is alleged to be an employee of Oregon University System, a state entity. Id. ¶ 9.

Page 8 –  DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

In support of his Section 1983 claims against the individual Defendants, Plaintiff alleges:

> At all times relevant to this complaint, the individual defendants alleged herein acted or purported to act in the performance of their official duties, under state, county or municipal law, ordinances or policies on behalf of their respective employers UOPD, UofO or OUS.

As set forth above, Plaintiff cannot bring a 42 U.S.C. § 1983 claim against the University of Oregon or its employees acting in their official capacity. *Will v. Michigan*, 491 U.S. at 71 (internal citations omitted) ("Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

All claims for damages alleged against the individual Defendants acting in their official capacities as state employees must be dismissed. As described in Sections 9 and 10, *infra*, Plaintiff's claims for declaratory and injunctive relief also fail. Therefore, Plaintiff's claims against the individual Defendants brought pursuant to 42 U.S.C. § 1983 claims should be dismissed in their entirety.

### 5. Plaintiff's 42 U.S.C. § 1983 Due Process Claims Against All Defendants

The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090–01 (9th Cir. 2008). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) the lack of adequate process. *Id.* at 1090. "Notice and a meaningful opportunity to be heard are hallmarks of procedural due process." *Ludwig v. Astrue*, 681 F.3d 1047, 1053 (9th Cir. 2012). For purposes of this Motion, Defendants concede Plaintiff could only be terminated for just cause and therefore had a constitutionally protected property interest

in his continued employment.[2]

A public employee who is dismissible only for cause is "entitled to a very limited hearing prior to his termination, to be followed by a more comprehensive post-termination hearing." *Gilbert v. Homar*, 520 U.S. 924, 929 (1997) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S. Ct. 1487, 84 L. Ed. 2d 494 (1985)). Pre-deprivation, the public employee is entitled to "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Loudermill*, 470 U.S. at 546. "The standard for what amounts to constitutionally adequate notice ... is fairly low; it's 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.' " *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). "The purpose of notice is to allow a complainant to marshall a case against the firing body." *Bignall v. N. Idaho College*, 538 F.2d 243, 247 (9th Cir. 1976).

With respect to the pre-deprivation hearing itself, it "need not be elaborate." *Loudermill*, 470 U.S. at 545. Rather, "[i]t should be an initial check against mistaken decisions-essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545-46. "To require more than this prior to termination would intrude to an unwarranted extent on the government's interest in quickly removing an unsatisfactory employee." *Id.*

The pre-deprivation hearing also need not be before an impartial decision maker, as long

---

[2] Plaintiff's numerous <u>allegations</u> that he was deprived of due process during the grievance process should be disregarded. Due process does not require such procedures, whether followed or not. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988). ("There is no legitimate [due process] claim of entitlement to a grievance procedure.").

Page 10 – **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

as the post deprivation hearing is adequate. *See Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991) ("a public employee facing termination is not entitled to an unbiased *Loudermill* decision maker, so long as the decision maker at the post-termination hearing is impartial.").

In sum, "where there is a system of post-termination procedures available to the employee that includes a neutral decision maker and/or arbitration, coupled with a pre-termination 'right of reply' hearing, then the employee has received all the process due under the Constitution." *Duchesne v. Williams*, 849 F.2d 1004, 1006 (6th Cir. 1988); *Loudermill*, 470 U.S. at 545, 105 S. Ct. 1487; *see also Farhat v. Jopke*, 370 F.3d 580, 597 (6th Cir. 2004) ("The fact that Appellant was given the opportunity for a post-termination proceeding, before a neutral arbitrator, belies his claim that due process was denied.").

Here, Plaintiff alleges he received written notice of the pre-dismissal hearing on October 2, 2012 and participated in a pre-dismissal hearing with Linda King on October 12, 2012. Complaint ¶¶ 92, 93. He further alleges he appealed his termination to arbitration; the post-deprivation arbitration hearing was held; and he was awarded reinstatement. Complaint ¶ 119. Plaintiff makes no allegations to suggest the arbitrator was not neutral or impartial, or that the arbitration itself was constitutionally inadequate.[3]

Plaintiff has alleged facts which, if true, demonstrate as a matter of law that his Due Process rights were satisfied. Plaintiff's Due Process claim should be dismissed.

### 6. Plaintiff's Claim for Wrongful Discharge Based on Adequate Statutory Remedy

A claim for common law wrongful discharge is not available in Oregon if (1) an existing remedy adequately protects the public interest in question, or (2) the legislature has intentionally

---

[3] Plaintiff concedes that his allegation in paragraphs 105 and 161 that Defendants withheld evidence during the arbitration process is false and has agreed to strike those allegations from the Complaint.

Page 11 – **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

abrogated the common law remedies by establishing an exclusive remedy (regardless of whether the courts perceive that remedy to be adequate). *Draper v. Astoria Sch. Dist. No. 1C*, 995 F. Supp. 1122, 1130–31 (D. Or. 1998). ORS 659A.885 provides the full range of legal and equitable remedies available under the common law for claims of discriminatory termination. *See Wall v. Sentry Ins.*, No. 3:14-CV-01887-SI, 2015 WL 350683, at *3 (D. Or. Jan. 26, 2015) (granting motion to dismiss wrongful discharge claim because the plaintiffs' claim for a violation of ORS 659A.030 provided an adequate statutory remedy).

Plaintiff raises no new factual bases for his wrongful discharge claim. *See* Complaint ¶ 179 ("Plaintiff re-alleges all preceding paragraphs and the facts and allegations therein."). Plaintiff has an adequate statutory remedy under ORS 659A.885. His claim for common law wrongful discharge must be dismissed.

7. **Plaintiff's Claims Under ORS 659A.203, .199 and .030 Against the University of Oregon and the Individual Defendants Acting in their Official Capacity Based on the Eleventh Amendment.**

The Eleventh Amendment bars citizens from bringing suit in federal court against a state unless that immunity is waived by the state or abrogated by Congress. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996). The Oregon Tort Claims Act, ORS 30.260 *et seq.*, provides a limited waiver of the State of Oregon's sovereign immunity for the torts of its officers, employees and agents acting within the scope of their employment or duties. ORS 30.265(1). It does not waive the State of Oregon's Eleventh Amendment immunity to suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n. 9, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) (a state's general waiver of sovereign immunity in its own courts is not a waiver of Eleventh Amendment immunity to suit in federal court); *Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) ("The [OTCA] is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court."); *McVay v. Becker*, No. 3:10-cv-1484-AC,

2012 WL 1890374, at *9 (D. Or. Mar. 21, 2012).

Plaintiff's claims against the University of Oregon brought under the Oregon Tort Claims Act must be dismissed. This court lacks jurisdiction to hear them. The claims against the individual Defendants acting in their official capacities must also be dismissed for the same reasons. *See Will v. Michigan*, 491 U.S. at 71 ("a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.").

**8.    Plaintiff's Claims Under ORS 659A.203 and .199 Based on Retaliation That Allegedly Occurred After his Employment Ended.**

Plaintiff alleges he received his Termination Letter, terminating his employment from the University of Oregon, on October 26, 2012. Complaint ¶ 94. Plaintiff does not, and cannot, allege that he was at any time employed by the University of Oregon after October 2012.

Plaintiff brings claims against all Defendants under ORS 659A.203, .199 and .030(1)(f) based on various instances of alleged retaliation that occurred during his employment. Plaintiff also claims retaliation under the cited state statutes for action taken against him after his employment ended. Specifically, Plaintiff claims Defendants retaliated against him in violation of ORS Chapter 659A by disclosing "Brady List Materials" to the Lane County District Attorney on June 17, 2014. Complaint ¶¶ 121, 122. Plaintiff has failed to state a claim under ORS Chapter 659A for alleged retaliation occurring after his employment ended.

Regarding the ORS 659A.199 and 659A.203 claims, those statutes, by their very language, apply only to "employers" and "employees." *See Dunlap v. Liberty Natural Products, Inc.*, No. 3:12-cv-01635-SI, 2013 WL 6177855 (D. Or. Nov. 25, 2013) (ruling that a non-employee was not protected by ORS 659A.199(1)).

Because Plaintiff has not alleged that he was an employee when the Defendants allegedly retaliated against him through submission of "Brady List Materials," his statutory state law claims based on that alleged act of retaliation must be dismissed.

Page 13 –   **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

### 9. Plaintiff's Claim for Declaratory Relief as Duplicative

Plaintiff seeks "a declaration that Defendants wrongfully discharged and unlawfully discriminated against Plaintiff based upon protected activity." Complaint ¶ 183(1). This claim will be completely resolved by other claims for relief and is therefore superfluous and unnecessary. "When an action for declaratory relief is duplicative of the relief sought under another cause of action, dismissal of the declaratory relief claim is proper." *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (per curiam) (affirming the district court's dismissal of a request for a declaration as to defendants' liability for damages sought under other causes of action). *See also Akhavein v. Argent Mortg. Co.*, No. 5:09–cv–00634 RMW (RS), 2009 U.S. Dist. LEXIS 61796, at *14, 2009 WL 2157522 (N.D. Cal. July 17, 2009) (where the "relief [a] plaintiff seeks is entirely commensurate with the relief sought through [his] other causes of action ... [the] declaratory relief claim is duplicative and unnecessary.").

### 10. Plaintiff's Claims for Injunctive Relief for Lack of Standing

Plaintiff seeks:

> A permanent injunction enjoining defendants from engaging in any future discriminatory employment practices as alleged in his complaint; and
>
> A permanent injunction enjoining Defendant UOPD to adopt written procedures to implement the provisions of ORS 236.350 to 236.370 as required by law under ORS 236.360(1).

Complaint ¶ 183(2) and (3).

To have standing to seek injunctive relief, a plaintiff must demonstrate a likelihood of repeated injury or future harm to the plaintiff in the absence of the injunction. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1982) (describing the standing requirement for injunctive relief as requiring that the "threat to the plaintiffs" of future injury be "sufficiently real and immediate"); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("To have standing to seek relief, [the plaintiff] must demonstrate a real or

immediate threat that the defendants will again subject him to [another illegal search].") (emphasis added); *Imagineering v. Kiewit Pac. Co*., 976 F.2d 1303, 1308–09 (9th Cir. 1992) ("We conclude that the amended complaint failed to allege sufficient facts to confer standing for purposes of injunctive relief. The complaint did not allege that the named plaintiffs would suffer the same purported injury in the future ....").

Plaintiff is not employed by Defendant University of Oregon. He is not subject to any of the Defendants' employment practices or UOPD's procedures. He has failed to allege any facts sufficient to show that the threat of future injury to him in the manners complained of is real or immediate.

## CONCLUSION

Based on the foregoing, Defendants move for dismissal of the following:

1. From Plaintiff's First Claim for Relief - 42 U.S.C. § 1983 First Amendment

    a. Claims against the University of Oregon because 42 U.S.C. § 1983 does not provide a cause of action against a state;

    b. Claims against all Defendants alleged to be acting in their official capacity because 42 U.S.C. § 1983 does not provide a cause of action against a state.

2. From Plaintiff's Second Claim for Relief - 42 U.S.C. § 1983 Due Process

    a. All Claims against All Defendants for failing to state a claim for a Constitutional Due Process violation; alternatively,

    b. Claims against the University of Oregon because 42 U.S.C. § 1983 does not provide a cause of action against a state;

    c. Claims against all Defendants alleged to be acting in their official capacity because 42 U.S.C. § 1983 does not provide a cause of action against a state.

3. From Plaintiff's Third and Fourth Claims for Relief – ORS 659A.203, ORS 659A.199, and ORS 659A.030(1)(f)

   a. All Claims against all Defendants based on failure to allege timely tort claim notice;

   b. All Claims against all Defendants for retaliation that occurred prior to October 25, 2012 based on the expiration of the statute of limitations;

   c. All Claims against all Defendants under ORS 659A.203 and .199 for retaliation that occurred while plaintiff was not an employee of the University of Oregon;

   d. Claims against the University of Oregon and all Defendants acting in their official capacity based on Eleventh Amendment Immunity.

4. From Plaintiff's Fifth Claim for Relief – Wrongful Discharge

   a. All Claims against all Defendants based on failure to allege timely tort claim notice;

   b. All Claims against all Defendants based on an adequate statutory remedy.

5. Plaintiff's Claim for Declaratory Relief as duplicative.

6. Plaintiff's Claims for Injunctive Relief based on lack of standing.

DATED this 6th day of April, 2015.

                                          HARRANG LONG GARY RUDNICK P.C.

                                          By:   s/ Andrea D. Coit
                                                 Andrea D. Coit, OSB #002640
                                                 Attorneys for Defendants

# CERTIFICATE OF SERVICE

I certify that on April 6, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** on the party or parties listed below as follows:

- ☑ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
  Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By: s/ Andrea D. Coit
    Andrea D. Coit, OSB #002640
    Attorneys for Defendants

00679129.v1

**CERTIFICATE OF SERVICE**