**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
**Jonathan M. Hood, OSB #133872**
**jonathan.hood@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:      541-485-0220
Facsimile:      541-686-6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO STRIKE AGAINST PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

### INTRODUCTION

Plaintiff asserts only five claims against Defendants, all of which are based on four alleged instances of adverse employment action: a written reprimand; a reassignment; termination; and disclosure of material to the District Attorney.  Rather than provide "a short and plain statement" of why Plaintiff is entitled to relief based on this conduct, and rather than make each allegation "simple, concise, and direct," Plaintiff has submitted a 52-page complaint containing 183 paragraphs, the majority of which have no material bearing on Plaintiff's claims.

Page 1 – **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO STRIKE AGAINST PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants have already endured 18 of Plaintiff's depositions, six sets of Requests for Production, produced approximately 17,500 documents and audio/video files in response to those requests, and answered four sets of Interrogatories, all in response to Plaintiff's alleged need to fully investigate every irrelevant and inflammatory allegation set forth in his First, and now Second, Amended Complaint.

Defendants are attempting to rein in this case, avoid further unnecessary expense, and get the pleadings into a manageable state. Defendants' Motions to Strike should all be granted so this case can be presented as something less than a rambling jumble of accusations with a few material facts hidden in the background.

## REPLY

In response to Defendants' detailed Motions to Strike, Plaintiff makes the blanket assertion that none of his allegations should not be stricken because they relate to his claims. Relation is not enough; the allegations must be necessary and essential to Plaintiff's claims. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994). Plaintiff has not shown, nor even bothered to argue, that the allegations are necessary or essential.

**A.     Allegations Regarding Plaintiff's Pretext Theory**

Plaintiff argues all of his allegations should remain because they support a "pretext" theory. To prove an employer's offered reason for an adverse employment action is pretextual, a plaintiff can introduce direct or circumstantial evidence showing that the true reasons for the adverse employment actions were unlawful. *See Garcez v. Freightliner Corp.*, 188 Or. App. 397, 405-06, 72 P.3d 78 (2003); *Cordova v. State Farm Ins. Companies*, 124 F.3d 1145, 1149 (9th Cir. 1997). Here, Plaintiff asserts that he will prove a pretext theory through circumstantial evidence. Plaintiff's Response to Defendants' Motions to Strike ("Response") at 2-3 (stating that allegations of the grievance process are "evidence of retaliatory intent and pretext for the real

reasons why he was being fired"). Plaintiff goes one step further, though, and alleges what he apparently believes to be the circumstantial evidence that will lead to facts supporting a pretext theory.

Evidentiary facts are facts that are necessary for or lead to the determination of either a fact essential to a claim or defense or a factual conclusion derived from intermediate facts. FACT, *Black's Law Dictionary* (10th ed. 2014); *see* Defendants' Motions to Strike ("Motion") at 10. In other words, they are the precursor facts to the essential facts. Evidentiary allegations are inappropriate in a complaint and should be stricken when they unduly prejudice the responding party. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Prejudice includes "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw 'unwarranted' inferences at trial. *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).

Defendants move to strike the irrelevant and evidentiary allegations of the Second Amended Complaint. These allegations unnecessarily complicate the issues, are superfluous, or would draw unwarranted inferences at trial.

For example, rather than simply alleging that he was qualified for the UOPD position, Plaintiff alleges voluminous facts about his outside employment, his educational background, his performance prior to becoming a full-time public safety officer, a statement from an officer after Plaintiff was dismissed from employment, and similar statements from other officers that Plaintiff can allegedly produce if needed. *Id.* at 3; Motion at 2; Second Amended Complaint ("Complaint") ¶¶ 4, 13-18. Those allegations do not bear on the issue in this case: Plaintiff's performance as a full-time public safety officer for UOPD. At best, they are facts that may provide a basis for an inference that Plaintiff exhibited similar characteristics while he was employed as a full-time public safety officer for UOPD. As explained, when an inference must be made to reach material

facts supporting Plaintiff's claims, the allegation is evidentiary. If Plaintiff performed well as a full-time public safety officer for UOPD, then he should allege as such.

Plaintiff also contends that the allegations show Defendants' intent, bias, and motive for their actions toward Plaintiff. Response at 3. He does not explain how the identified allegations demonstrate any of these things or for that matter, how intent, bias or motive are relevant to any of his claims.

Some of the allegations allege how evidence has been maintained or how it can be presented at trial. *See, e.g.*, Complaint ¶ 31 (alleging that Plaintiff had photographic proof of the allegation), ¶ 49 (alleging that Plaintiff has documented proof of the allegation). Defendants cannot decipher an argument from Plaintiff's response as to how these allegations are possibly properly alleged in the Second Amended Complaint.

Other allegations provide such a high level of detail that they become evidentiary and irrelevant to Plaintiff's claims. For example, in paragraphs 28 through 32 of the Second Amended Complaint, Plaintiff asserts allegations suggesting that he was retaliated against because of his political views. That is where it should end. Plaintiff, though, is for some reason compelled to also include excruciatingly detailed allegations of specific incidents and statements. These details, if facts in support of them are actually presented at trial, might raise an inference that the supervisor and Plaintiff shared different political viewpoints. That inference, in turn, may raise another inference that the supervisor treated Plaintiff differently because of their viewpoints. As stated above, if an allegation must raise an inference in order for the allegation to reach facts supporting Plaintiff's claims, the allegation is evidentiary. Paragraphs 34 and 35 are also good examples of the inclusion of irrelevant evidentiary detail.

These allegations are prejudicial to Defendants because they complicate the issues – a detailed story about an encounter with a man who was reported to have carried a javelin has nothing to do with the issues in this case; they are superfluous – the detailed descriptions of the

alleged list and who Plaintiff claims was on it has no relevance to this case when Plaintiff did not disclose this issue to any relevant person until the day the decision was made to terminate his employment; and they draw unwarranted inferences – Plaintiff's assertion that he excelled at the reserve academy should not lead to the intended inference that he was a good public safety officer. All of the identified allegations should be stricken from the Second Amended Complaint.

Defendants are not requesting that Plaintiff's pretext theory be removed from the complaint. Plaintiff is entitled to allege a theory and the facts supporting it, as long as he believes the facts will be supported by the evidence. *See* Fed. R. Civ. P. 11. However, Plaintiff alleges the evidence as well, in addition to a host of irrelevant facts. Those allegations should be stricken from the Second Amended Complaint.

Plaintiff asserts the same pretext argument in response to each of Defendants' motions, and the same analysis applies for each response.

**B.  Allegations Regarding the Handling of Plaintiff's Grievances**

Plaintiff asserts that allegations of how his reprimand and termination grievances were handled are evidence of "a form of his punishment for exercising his First Amendment rights." Response at 3. As an initial matter, Plaintiff admits that these allegations are evidentiary. *Id.* Evidentiary allegations are inappropriate in a complaint. *LeDuc*, 814 F. Supp. at 830.

Plaintiff also now claims the allegations regarding inadequate grievance handling is evidence of retaliation for his protected speech. The Second Amended Complaint is devoid of any allegations that would tie the grievance process to any alleged protected speech. Plaintiff certainly has not alleged that his protected speech was a substantial and motivating factor in, for example, Defendant Caufield's handling of the Step Three grievance. Again, the inferences needed to be made to make these allegations somehow relevant are impermissible in the pleadings.

Page 5 – **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO STRIKE AGAINST PLAINTIFF'S SECOND AMENDED COMPLAINT**

C.   **Allegations Regarding Non-Final Versions of Plaintiff's Evaluation**

Plaintiff also asserts that allegations regarding non-final versions of his performance evaluation show retaliation in response to protected speech. Adverse employment actions are actions "that are 'reasonably likely to deter' protected speech." *Thomas v. County of Riverside*, 763 F3d 1167, 1168 (9th Cir. 2014) (citing *Coszalter v. City of Salem*, 320 F.3d 968, 976 (9th Cir. 2003)). Plaintiff admits that he was unaware of the initial drafts of his performance evaluation. Complaint ¶ 71. Those drafts therefore could not have reasonably deterred protected speech because they were not disclosed.

Plaintiff also now argues that the versions of his evaluation he did see were reasonably likely to deter protected speech even though his contract allegedly required a discussion of the evaluation and allow the employee to provide input before the evaluation was finalized. Complaint ¶ 136. Yet, Plaintiff affirmatively alleges that after receiving the initial version of his evaluation, he set up a meeting to discuss the evaluation, the evaluation was subsequently revised, and Plaintiff does not contest that the final version of his evaluation was retaliatory. Complaint ¶¶ 19, 70, 71, and 76. All allegations related to his performance evaluations are irrelevant to any claim at issue.

D.   **Allegations Regarding Plaintiff's Entitlement to Investigation Information**

Plaintiff contends that allegations of situations where he asserts that he was entitled to specific details about his investigation "demonstrate the rules that ordinarily would have been followed when an employee's termination was being contested." Response at 3. The contested allegations in paragraphs 54, 64, 65, 66, 67, and 165 involve the investigations that occurred while Plaintiff was still an employee. They have nothing to do with rules that would be followed when contesting termination.

Regardless, Plaintiff's theory is that, by not providing Plaintiff with detailed information about the investigations, Defendants did not follow its rules. According to Plaintiff, this shows that Defendants' reasons for investigating, disciplining, and dismissing Plaintiff were pretextual.

As stated above, the inferential step that must be taken to reach facts supporting Plaintiff's claims show that the allegations are evidentiary and inappropriate in a complaint.

**E.     Conclusion**

For the foregoing reasons, this court should strike the allegations in Plaintiff's Second Amended Complaint as explained in Defendants' Motions to Strike.

DATED this 8th day of May, 2015.

                                        HARRANG LONG GARY RUDNICK P.C.


                                        By:    s/ Andrea D. Coit
                                            Andrea D. Coit, OSB #002640
                                            Jonathan M. Hood, OSB #133872
                                            Attorneys for Defendants

# CERTIFICATE OF SERVICE

I certify that on May 8, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTIONS TO STRIKE AGAINST PLAINTIFF'S SECOND AMENDED COMPLAINT** on the party or parties listed below as follows:

- ☑ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
  Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By: s/ Andrea D. Coit
    Andrea D. Coit, OSB #002640
    Jonathan M. Hood, OSB #133872
    Attorneys for Defendants

00711626.v3

**CERTIFICATE OF SERVICE**