UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES – GENERAL

Case No. CV 13-1908-DOC                                    Date: May 15, 2015

Title: JAMES M. CLEAVENGER V. UNIVERSITY OF OREGON, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Christy Weller | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):** ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS [60] AND GRANTING IN PART DEFENDANTS' MOTION TO STRIKE [59]

Before the Court are Defendants' Motion to Dismiss (Dkt. 60) and Motion to Strike (Dkt. 59). The Court finds these matters suitable for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7(d)(1). Having considered the papers, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss and GRANTS IN PART and DENIES IN PART the Motion to Strike.

**I.    Background**

   **A.    Facts**

The following facts are drawn from the Second Amended Complaint ("SAC") (Dkt. 56).

Plaintiff James Cleavenger was employed by Defendant University of Oregon ("UO") as a public safety officer ("PSO") in 2011 and 2012. SAC ¶¶ 12, 94. During his employment he was a member of the union SEIU Local 503. *See generally* SAC.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES – GENERAL

Case No. CV 13-1908-DOC                                                                                        Date: May 28, 2015
                                                                                                                                    Page 2

Defendants Acting Chief Carolyn McDermed, Sgt. Scott Cameron, and Lt. Brandon Lebrecht were Plaintiff's superiors while he worked for UO. *Id.* ¶¶ 7, 21, 24.

While employed as a PSO, Plaintiff observed behavior that he found troubling, including the maintenance of a "Bowl of Dicks List," or a list of persons that certain officers disliked. *Id.*¶¶ 21-22. The list was discussed during Lebrecht's pre-shift briefings. Plaintiff reported this list to his supervisors, but no action was taken. *Id.* ¶ 23.

Plaintiff's political attitudes differed from Cameron's and Lebrecht's, and Defendants continually expressed their dislike of Plaintiff. Cameron publicly criticized Plaintiff in front of other officers. *Id.* ¶ 26. Lebrecht antagonized Plaintiff. Despite requests to cease discussing politics in the office, Lebrecht continued to discuss politics and confronted Plaintiff about his attitude in response to a political joke made in the office regarding the "Occupy Eugene" movement. *Id.* ¶¶ 29-32.

On November 4, 2011, after a confrontation with Lebrecht about the Occupy Eugene events, Plaintiff received a "Clarification of Expectations" letter for violating grooming standards and "officer safety concerns." *Id.* ¶ 33. Plaintiff alleges that the grooming standards policy was enforced in a discriminatory manner – as other officers had violated the policy without receiving formal letters. *Id.* ¶ 34. The "other safety concerns" related to an incident which Plaintiff believed was not serious and had been resolved several months prior. *Id.* ¶ 35. In addition to receiving the letter, Plaintiff was placed on "weekly evaluations." The evaluations were discontinued after 5 weeks due to Plaintiff's satisfactory performance. *Id.* ¶¶ 37-38.

In early 2012, despite all officers being encouraged to participate in training programs, Plaintiff was denied numerous requests to participate in training programs. *Id.* ¶¶ 40-44. Plaintiff inquired about the trainings with Lt. Morrow in February 2012. *Id*. ¶ 42. Lebrecht found out about the inquiry and confronted Plaintiff. *Id.* ¶ 44.

On April 1, 2012, Plaintiff responded to a standard call. *Id.* ¶ 47. Plaintiff was initially unaware of any problem with the visit, until he was called in a week later to discuss the incident. *Id.* ¶ 48.

On May 18, 2012, Defendant Cameron and Lebrecht issued Plaintiff a "Letter of Reprimand" concerning the incident, and Plaintiff was reassigned to parking enforcement duties pending an investigation. *Id.* ¶¶ 51-54. Plaintiff informed his supervisors of his intent to appeal the reprimand. *Id.* ¶ 58.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES – GENERAL

Case No. CV 13-1908-DOC　　　　　　　　　　　　　　　　　　　　　　　　　　　　Date: May 28, 2015
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 3

　　　　In his new position, Plaintiff was relieved of many substantive job duties and privileges, including wearing a uniform and taking any "enforcement action." *Id.* ¶ 60, 61.

　　　　On June 21, 2012, Plaintiff filed a grievance of the Letter of Reprimand. On September 20, 2012, Plaintiff was placed on paid administrative leave. Five days later, Plaintiff participated in a "Step-2" hearing. *Id.* ¶ 87. He received a Notification of Investigatory Suspension, and was placed on paid Administrative Leave pending another investigation. *Id.*¶ 90. On October 12, 2012, Plaintiff attended a Pre-Dismissal hearing. *Id.* ¶ 93. He was terminated on October 26, 2012. Plaintiff attempted to obtain a termination grievance hearing, which was not held due to scheduling and procedural conflicts with Defendant Brian Caufield, Oregon University System Associate General Counsel. *Id.* ¶¶ 100-110. Eventually, Plaintiff participated in a post-dismissal arbitration, where his termination was overturned. *Id.*¶¶ 108, 119. McDermed refused to reinstate Plaintiff. *Id.* ¶ 120. Eventually, a monetary settlement was reached.

　　　　Plaintiff denies the allegations in the Letter of Reprimand and Letter of Termination. *Id.* ¶¶ 117-118.

　　　　Plaintiff complained to various administrators and supervisors on multiple occasions between June 2012 and April 2013. *Id.*¶ 115.

　　　　Finally, in June 2014, in an effort to further discredit Plaintiff, UOPD sent "Brady List" materials to the Lane County District Attorney. *Id.* ¶¶ 120-132. Plaintiff claims that allegations in these materials are false, baseless, or misrepresent facts. *Id.* ¶ 122. The materials may interfere in Plaintiff's ability to practice law and serve as a law enforcement officer. *Id.* ¶ 128, 129.

　　　　Plaintiff claims he was subjected to a pattern of disparate treatment, harassment, threats and intimidation from the supervisors who instigated his termination. *Id.* ¶ 136. As a result of these activities, Plaintiff claims Defendants violated state and federal law; the SEIU Collective Bargaining Agreement; and UO and UOPD policy. *Id.* ¶ 136.

　　　　**B.**　　**Procedural History**

　　　　Plaintiff, proceeding pro se, filed his initial complaint on October 25, 2013. Compl. (Dkt. 1). A First Amended Complaint was filed on November 12, 2013 (Dkt. 9). Defendants filed an answer on May 2, 2014 (Dkt. 16).

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES – GENERAL

Case No. CV 13-1908-DOC         Date: May 28, 2015
                                Page 4

After retaining counsel, Plaintiff filed the SAC on March 18, 2015. The SAC includes five claims for relief against all defendants: (1) 42 U.S.C. § 1983 – Freedom of Speech; (2) 42 U.S.C. §1983 – Due Process; (3) Or. Rev. Stat. § 659 A.203 – Whistleblowing; (4) Or. Rev. Stat. § 659 A.199 and 659 A.030 Retaliation; and (5) Wrongful Discharge.

On April 6, 2015, Defendants filed the present motions. Defendants move to dismiss Plaintiff's claims on ten separate grounds.

1. First, as to his third and fourth claims, that Plaintiff failed to plead timely tort claim notice;

2. Second, as to his third and fourth claims, that injuries suffered prior to October 25, 2012 are barred by the statute of limitations;

3. Third, that Plaintiff's § 1983 claims against the University of Oregon fail because the State cannot be sued under § 1983;

4. Fourth, that Plaintiff's claims against the individual Defendants under § 1983 fail because State employees acting in their official capacity cannot be sued under § 1983;

5. Fifth, that Plaintiff's second claim fails because Plaintiff has failed to plead a violation of his Due Process rights;

6. Sixth, that Plaintiff's common law claim for wrongful discharge fails because an adequate statutory remedy exists;

7. Seventh, that Plaintiff's third and fourth claims against the University of Oregon and the individual Defendants acting in their official capacity fail based on Eleventh Amendment immunity;

8. Eighth, that Plaintiff's claims under ORS § 659A.203 and .199 fail because the retaliation alleged took place after his employment ended;

9. Ninth, that Plaintiff's request for declaratory relief is duplicative; and

10. Tenth, that Plaintiff lacks standing to bring claims for injunctive relief.

Defendants also move to strike various allegations in the SAC as unnecessary, incorrect, or prejudicial.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 13-1908-DOC	Date: May 28, 2015
	Page 5

## II.	Legal Standard

### A.	Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, this court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by* 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Additionally, the court may take judicial notice of certain items without converting the motion to dismiss into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). For instance, the court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) [] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that the court may take judicial notice of "undisputed matters of public record," including "documents on file in federal or state courts," as well as "documents not attached to a complaint . . . if no party questions their authenticity and the complaint relies on those documents").

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 13-1908-DOC							Date: May 28, 2015
									Page 6

Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is proper only if the complaint's allegations, with all inferences drawn in Plaintiff's favor, nonetheless show that the affirmative defense "is apparent on the face of the complaint." *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009); *see also ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014). "If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO*, 765 F.3d at 1004 (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam)). For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2) This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

### B.   Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Friedman v. 24 Hour Fitness USA, Inc.*, 580 F. Supp. 2d 985, 990 (C.D. Cal. 2008) (internal quotation marks and citation omitted); *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 566 (C.D. Cal. 2005) ("Motions to strike are generally disfavored because of the limited importance of pleadings in federal practice and because it is usually used as a delaying tactic."). The Ninth Circuit has defined "immaterial" matter as "that which has no essential or important relationship to the claim for relief or the defenses being pleaded" and "impertinent" matter as "statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (internal quotation marks and citation omitted), *overruled on other grounds*, 510 U.S. 517 (1994). A motion to strike cannot be used to strike a claim for damages on the grounds that the damages sought are precluded as a matter of law. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES – GENERAL

Case No. CV 13-1908-DOC               Date: May 28, 2015
                                       Page 7

### III. Analysis

#### A. Motion to Dismiss

Defendants move to dismiss Plaintiff's claims on ten separate grounds. The Court will address each in turn.

##### 1. Claims Against the University of Oregon Fail under § 1983

Under § 1983, only "persons" may be sued for deprivation of rights. 42 U.S.C. § 1983. Neither a state, nor state officials sued in their official capacities are "persons" under § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). Plaintiff does not contest that the University of Oregon is a state entity, and thus, not subject to suit under § 1983.

##### 2. Claims Against Individual Defendants in their Individual Capacity Survive under § 1983

Defendants contend that the claims against the individual defendants fail because those individuals are being sued in their official capacities. Plaintiff asserts that the individuals are being sued in their individual, as well as official, capacities, and therefore the claims are not barred.

In *Hafer v. Melo*, 502 U.S. 21, 24 (1991), the Supreme Court held that state officers may be held personally liable for damages under § 1983 based upon actions taken in their official capacities . Therefore, while state officials sued in their official capacities are not "persons" for the purposes of the statute, they are still subject to suit and individual liability for actions that they take while in office. *Id.*

Plaintiff sues the individual Defendants in their personal capacities. Thus, his official capacity claims are barred, but his claims against the individuals for damages are not. The Motion to Dismiss the official capacity claims is therefore GRANTED, but DENIED as to claims against the individuals in their personal capacity.

##### 3. Plaintiff States a Claim Under § 1983 for Due Process Violations

Plaintiff brings claims under § 1983 for alleged violations of his due process rights. SAC ¶¶ 154-68. Plaintiff identifies two actions that violated his rights: his dismissal without proper procedure, and later, release of the "Brady List" materials that tarnished his reputation.

The Court will first address arguments regarding his dismissal.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 13-1908-DOC                                                                                          Date: May 28, 2015
                                                                                                                                      Page 8

Under the due process clause of the Fourteenth Amendment, prior to dismissal, a tenured government employee is "entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 546 (1985). A "pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action." *Id.* at 545-546. "The purpose of notice is to allow a complainant to marshall a case against the firing body." *Bignall v. N. Idaho Coll.*, 538 F.2d 243, 247 (9th Cir. 1976). After dismissal, employees are entitled to a post termination hearing. *Loudermill*, 470 U.S. at 547-48.

As to Plaintiff's dismissal, Defendants contends that because Plaintiff received written notice of the pre-dismissal hearing on October 2, 2012, participated in a pre-dismissal hearing on October 12, 2012, and engaged in a post-deprivation arbitration his due process claim fails on its face. SAC ¶¶ 92-93, 119. Plaintiff argues that he has alleged that he was given inadequate notice of the employment decision because he was given inaccurate reasons for his firing, an insufficient explanation of or access to evidence against him, and an insufficient opportunity to present his side. *See Bignall*, 538 F.2d at 247 (college gave inadequate notice of dismissal to employee where two letters from the employer did not provide accurate reasons for firing). However, Plaintiff admits that he responded to the general charges in the pre-dismissal notice through attending a pre-dismissal hearing, and later, that he received a full post-termination hearing before a neutral arbitrator. Plaintiff's interests were therefore adequately protected. Based on the facts alleged, it is clear that Plaintiff was provided constitutional due process. The Motion to Dismiss as to the § 1983 claims premised on Plaintiff's procedural due process rights with regards to his dismissal is therefore GRANTED.

Plaintiff also alleges that the Brady List disclosures violated his substantive and procedural due process rights.[1] Plaintiff first contends that the release of the "Brady List" information constituted a violation of his procedural due process rights, because of his protected liberty interest in his professional reputation.

---

[1] Defendants are incorrect that the SAC did not provide notice of substantive due process and protectable liberty interest theory as a basis of the claim. The SAC alleges general "due process" violations, and notes that the submission of the Brady List materials may hinder Plaintiff's ability to practice his profession. SAC ¶¶ 128-129. Even if he did not plead a precise legal theory in the SAC, Defendants had more than adequate notice of the factual basis of his claims.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

**CIVIL MINUTES – GENERAL**

Case No. CV 13-1908-DOC                                                                                      Date: May 28, 2015
                                                                                                                                     Page 9

"The liberty protected by the due process clause of the fifth and fourteenth amendments encompasses an individual's freedom to work and earn a living." *Bollow v. Fed. Reserve Bank of San Francisco*, 650 F.2d 1093, 1100 (9th Cir. 1981). Therefore, before publicly releasing stigmatizing information regarding a person's termination, an individual is entitled to due process protection. The Ninth Circuit has described the stigma that infringes liberty interests as that which "seriously damages a person's reputation or significantly forecloses his freedom to take advantage of other employment opportunities." *Id.* at 1101. "The procedural protections of due process apply if the accuracy of the charge is contested, there is some public disclosure of the charge, and it is made in connection with the termination of employment or the alteration of some right or status recognized by state law." *Vanelli v. Reynolds Sch. Dist. No. 7*, 667 F.2d 773, 777-78 (9th Cir. 1982). For a statement to be made "in connection with the termination," the Ninth Circuit has held that "there must be some temporal nexus between the employer's statements and the termination." *Campanelli v. Bockrath*, 100 F.3d 1476, 1483 (9th Cir. 1996).

Defendants assert that there is no temporal nexus between Plaintiff's termination and the alleged disclosure of stigmatizing information. Plaintiff was terminated in October 2012, and the disclosures were made in June 2014. However, under the facts of this case, the lapse of time is not fatal. Plaintiff has alleged that the disclosures were made in an effort to discredit him and prevent his reinstatement. Thus, the relation in time coupled with the facts in this case provide a sufficient nexus. As for Defendants' claim Plaintiff was never terminated due to the negotiated settlement in which Plaintiff agreed to resign, Plaintiff has sufficiently alleged that he was constructively terminated and denied a right to return to service. *Cf. Ward v. Bolek*, No. 3:12-CV-00136-SI, 2013 WL 145828, at *5 (D. Or. Jan. 14, 2013) (allegations insufficient to show termination where the plaintiff was put on vacation and/or sick leave status for approximately three months, unpaid administrative leave for approximately three months, and was otherwise on paid administrative leave or full employment).

Plaintiff also alleges a substantive due process theory with regards to the Brady disclosures. The Ninth Circuit has held that "there is substantive due process protection against government employer actions that foreclose access to a particular profession." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 998 (9th Cir. 2007) *aff'd sub nom. Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591 (2008). Plaintiff alleges that disclosure of information to the DA for "Brady List" consideration tarnished his reputation and is preventing him from pursuing the law enforcement and legal professions.[2] These

---

[2] Contrary to Defendants' contention, ¶ 14 of the SAC which states that Plaintiff worked as a law enforcement officer "during this same time period" does not establish that he currently works as a law enforcement officer.

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**

**CIVIL MINUTES – GENERAL**

Case No. CV 13-1908-DOC                                                  Date: May 28, 2015
                                                                         Page 10

allegations are sufficient to present an issue of fact as to violations of his substantive due process rights. The Motion to Dismiss is DENIED as to the "Brady List" allegations.

### 4.     Eleventh Amendment Immunity

Defendants assert that all state law claims against all defendants, including individual defendants sued in their personal capacity, are barred by Eleventh Amendment immunity.

The Eleventh Amendment grants "a state immunity from federal court suits brought by its own citizens as well as by citizens of another state." *Riggle v. State of Cal.*, 577 F.2d 579, 581 (9th Cir. 1978). The Oregon Tort Claims Act ("OTCA") provides a limited waiver of the State of Oregon's sovereign immunity for the torts of its officers, employees and agents acting within the scope of their employment or duties. Or. Rev. Stat. § 30.265(1). However, a state's general waiver of sovereign immunity in its own courts is not a waiver of Eleventh Amendment immunity to suit in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.9 (1984); *Estate of Pond v. Oregon*, 322 F. Supp. 2d 1161, 1165 (D. Or. 2004) ("The [OTCA] is a waiver of sovereign immunity but does not waive Eleventh Amendment immunity. Thus, suits by private parties against the state must be brought in state court."). Plaintiff does not dispute that Oregon has not consented to suit in federal court. Thus, claims against UO, a state entity, are barred.

Regarding claims against individuals, under ORS § 30.265, "[t]he sole cause of action for a tort committed by officers, employees or agents of a public body acting within the scope of their employment or duties and eligible for representation and indemnification under ORS 30.285…is an action under ORS 30.260 to 30.300. Under that statute, if a state officer, employee, or agent is acting within the scope of his or her employment, a plaintiff's only recourse is to sue the "the public body." Or. Rev. Stat. § 30.265.

All of Plaintiff's claims against the individual Defendants arise from acts committed in the course and scope of employment. *Id.* ¶ 7. Section 30.265 dictates that these suits must be brought "against the public body," the State of Oregon. Because Oregon is immune from suit in federal court under the Eleventh Amendment, Plaintiff's state law claims against the individual defendants cannot survive in their "individual" capacity. *See, e.g.*, *Alexander v. Williams*, 2013 WL 6180598, at *14 (D. Or. Nov. 25,

---

Further, while Plaintiff is currently employed as a law clerk, Plaintiff explains that this position is temporary and was obtained before the Brady List disclosures arose. These are not fatal defects to the substantive due process claim.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

**CIVIL MINUTES – GENERAL**

Case No. CV 13-1908-DOC                                                                                       Date: May 28, 2015
                                                                                                                                    Page 11

2013) (because plaintiff alleges that defendants were negligent while acting within the scope of their employment duties, the State of Oregon is substituted for all individual state employees sought to be held liable under state law, and the State of Oregon has Eleventh Immunity as to these claims); *Lumbreras v. Roberts*, 319 F. Supp. 2d 1191, 1214 (D. Or. 2004) *aff'd,* 156 F. App'x 952 (9th Cir. 2005) (because employees were acting in the scope of their employment, the state was the proper party to sue, barring state law claims by the Eleventh Amendment); *Blair v. Toran*, 1999 WL 1270802, at *23 (D. Or. Dec. 2, 1999) *aff'd,* 12 F. App'x 604 (9th Cir. 2001) ("Under Oregon law, where an action which arises out of the act or omission of a state officer, employee, or agent within the course and scope of his official duties, the State of Oregon is substituted as the party defendant under ORS 30.265(1)"); *Ctr. for Legal Studies, Inc. v. Lindley*, 64 F. Supp. 2d 970, 976 (D. Or. 1999) *aff'd,* 1 F. App'x 662 (9th Cir. 2001) (state of Oregon is the only proper defendant for state tort claims against individuals in the course of their employment). In his surreply, Plaintiff conceded that the OTCA does not allow direct suit against individual employees. Plaintiff's state law tort claims against the individuals are barred pursuant to § 30.265.

Thus, the Motion to Dismiss is GRANTED as to all state law claims against ALL DEFENDANTS, and the Court will not reach arguments as to the other bases to dismiss the state law claims.

### 5.     Declaratory Judgment and Injunctive Relief

Plaintiff has agreed to dismiss his claims for declaratory and injunctive relief. Therefore, the Motion to Dismiss is GRANTED as to these claims.

### B.     Motion to Strike

Defendants move to strike a broad swath of Plaintiff's pleading as superfluous and confusing. Plaintiff has agreed to modify or remove certain text from the SAC. Resp. Mot. to Strike (Dkt. 70) at 1-2. Thus the Motion is GRANTED as to those portions of the SAC. Plaintiff may file an amended complaint to address the errors identified on or before **June 5, 2015**.

As to the other allegations, the Court disagrees that the facts alleged are "superfluous" or "impertinent." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). While certainly adding a level of detail and context not required by the pleading, the facts alleged therein still pertain to the claims in the SAC and will not create undue prejudice toward Defendants. *Id.* Thus, the Motion to Strike is DENIED as to the other allegations in the SAC.

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

CIVIL MINUTES – GENERAL

Case No. CV 13-1908-DOC									Date: May 28, 2015
											Page 12

### IV.     Disposition

For the reasons set forth above, the Motions are GRANTED IN PART and DENIED IN PART as follows:

1. Plaintiff's state law claims against all Defendants are barred by the Eleventh Amendment and are DISMISSED WITH PREJUDICE.

2. Plaintiff's § 1983 claims against UO and all individual Defendants sued in their official capacities are DISMISSED WITH PREJUDICE, because they are not persons subject to suit under § 1983.

3. Plaintiff's § 1983 claim premised on procedural due process violations regarding procedures afforded him upon his dismissal is DISMISSED WITH PREJUDICE, as the facts alleged reveal that he received all procedures to which he was legally entitled.

4. Plaintiff's § 1983 claim premised on due process violations regarding the "Brady List" disclosures, along with the § 1983 free speech claim, against individual Defendants sued in their individual capacity, survive.

5. Plaintiff's declaratory and injunctive relief claims are DISMISSED WITH PREJUDICE.

6. The Motion to Strike is GRANTED as to the portions Plaintiff has agreed to modify. The Motion is DENIED in all other respects.

Plaintiff may file an amended complaint, addressing the corrections identified in his response to the Motion to Strike, on or before **June 5, 2015**.

Accordingly, the Court hereby modifies the schedule, dispositive motions shall now be filed by **June 12, 2015**.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN										Initials of Deputy Clerk