**Andrea D. Coit, OSB #002640**
andrea.coit@harrang.com
**Jonathan M. Hood, OSB #133872**
jonathan.hood@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:	541.485.0220
Facsimile:	541.686.6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

**I.	ARBITRATION DECISION**

Defendants object to Plaintiff's use of the February 24, 2014, arbitration decision as evidence of the facts underlying his claims, as asserted in paragraphs 13, 14, 15, 17, 28, 44, and 46 of Plaintiff's Statement of Genuine Disputes of Material Fact, throughout Plaintiff's Response, and as Plaintiff otherwise relies on.[1]  Plaintiff attempts to shortcut his burden in

---

[1] At times, it is difficult to discern the evidence to which Plaintiff refers.  For example, in disputing paragraph 29 of Defendants' Statement of Uncontroverted Facts, Plaintiff cites to page

Page 1 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

responding to a properly supported summary judgment motion by relying on an arbitrator's findings of fact to show that factual disputes exist.  The arbitrator's decision is not binding on this court.  Further, an arbitrator's findings are inadmissible to prove the truth of the matter asserted, and admitting them unfairly prejudices Defendants.  This court should therefore disregard the arbitration decision and base its decision only on the admissible evidence.

Facts set out in an affidavit or declaration used to support or oppose a motion for summary judgment must be admissible in evidence.  Fed. R. Civ. P. 56(c)(4); *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1048 (D. Or. 2010), *as amended* (May 13, 2010) ("The evidence presented by both parties must be admissible.").  Conclusory or speculative testimony is insufficient to raise genuine issues of fact.  *Chao*, 709 F. Supp. 2d at 1048.  "Hearsay statements in affidavits are inadmissible."  *Id.* (citing *Japan Telecom, Inc. v. Japan Telecom Am. Inc.,* 287 F.3d 866, 875 n. 1 (9th Cir.2002)).

Arbitration decisions "<u>may</u> be admitted as evidence in a § 1983 action."  *McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 292 n. 13, 104 S. Ct. 1799 (1984) (emphasis added).  If they are admitted, the arbitration decision should not be given preclusive effect.  *Id.* at 292 ("[I]n a § 1983 action, a federal court should not afford res judicata or collateral-estoppel to effect an award in an arbitration proceeding brought pursuant to the terms of a collective bargaining agreement."); *Calmat Co. v. U.S. Dep't of Labor*, 364 F.3d 1117, 1127 (9th Cir. 2004) (holding that decision not to defer to grievance arbitration outcome was appropriate "because the arbitration did not protect [the employee's] rights").

How much weight a district court accords an arbitration decision is based on the facts and circumstances of the case.  *McDonald*, 466 U.S. at 292 n. 13 (citing *Alexander v. Gardner-Denver*, 415 U.S. 36, 60 n. 21, 94 S. Ct. 1011 (1974)).  Relevant factors for this determination

---

108 of Exhibit 5A.  That page does not exist.  To the extent that this and other incorrect citations refer to the arbitrator's decision, Defendants object on the same grounds.

Page 2 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

include: (1) whether the collective bargaining agreement contains provisions that substantially conform to the statute or constitutional provision at issue; (2) the degree of procedural fairness in the arbitral forum; (3) adequacy of the record with respect to the issue; and (4) the special competence of the particular arbitrator. *Id.*

The arbitration here was part of the grievance procedure provided by Plaintiff's Collective Bargaining Agreement ("CBA"). CBA, Art. 18, § 5, Step 4. The grievance process was limited to instances where the employee believed that the employer violated the CBA. CBA, Art. 18, § 1. If appealed to arbitration, the arbitrator's authority was "confined to the application and interpretation of [the CBA]." CBA, Art. 19, § 6(C). The CBA does not contain any provisions regarding free speech or due process. *See* CBA, Arts. 17 & 18 (explaining discipline and grievance procedures, but not mentioning free speech or due process concerns), Art. 19 (prohibiting discrimination, but not mentioning free speech or due process concerns). Nor did the arbitrator have the authority to enforce § 1983. CBA, Art. 19, § 6(C); *see McDonald*, 466 U.S. at 290 (discussing reasons why an arbitrator's decision should not be given preclusive effect, including because "an arbitrator may not have the authority to enforce § 1983).

Rather, the arbitration decision was limited solely to contract interpretation. Cleavenger Decl., Ex. 19, at 2 (stating that the arbitrator resolved only whether there was "just cause"—a contractual term that required interpretation, *see id.* at 17-18—for the disciplinary action that was taken). Contract interpretation and the finding of just cause to support a certain level of discipline are irrelevant to this lawsuit. And considering that an arbitration "cannot provide an adequate substitute for a judicial proceeding in protecting the federal statutory and constitutional rights that § 1983 is designed to safeguard," *McDonald*, 466 U.S. at 290, this court should not accord any weight to the arbitration decision.

More importantly, however, the arbitrator's findings of fact are inadmissible because they are inadmissible hearsay and because the risk of unfair prejudice to Defendants substantially

outweighs any probative value.  First, the findings are inadmissible hearsay because Plaintiff uses the arbitrator's out-of-court statements to prove the matter asserted therein and those statements do not fall within a hearsay exception.  Fed. R. Evid. 801-804; *see Kirouac v. Donahoe*, No. 2:11-CV-00423-NT, 2013 WL 5952055, at *8 (D. Me. Nov. 6, 2013) ("[T]he structure of the Federal Rules of Evidence assumes that most judicial determinations are inadmissible hearsay, and it would be odd if arbitrators' findings were granted higher evidentiary status than those of judges."); *cf. U.S. v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007) ("[J]udicial findings of fact are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists").

Second, the risk of unfairly prejudicing Defendants by admitting the arbitrator's findings of fact substantially outweighs any probative value they may have.  *See* Fed. R. Evid. 403.  "[A]n arbitrator's expertise 'pertains primarily to the law of the shop, not the law of the land,'" and "arbitral factfinding is generally not equivalent to judicial factfinding."  *McDonald*, 466 U.S. at 290-91.  Furthermore, "jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves."  *U.S. v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007).  Thus, the arbitrator's findings of fact are inadmissible.

This court should therefore disregard the February 24, 2014, arbitration decision and base its decision only on the admissible evidence.

## II.   DECLARATION OF COREY MERTZ

Defendants object to Plaintiff's use of Officer Corey Mertz's declaration, specifically paragraphs 5, 6, 7, and 8, in support of Plaintiff's Response.  Officer Mertz asserts that a "Brady Listed" applicant "would be virtually unhirable as a police officer" because a "Brady List" designation can create a negative stigma, lead to DPSST decertification, prohibit an officer from testifying in court, and result in a "failed" background check.  Declaration of Corey Mertz, ¶¶ 5-

8. Officer Mertz, however, lacks personal knowledge of police department hiring decisions, and he failed to establish the proper foundation for his conclusion regarding the job prospects for a "Brady Listed" applicant.  Therefore, the identified statements are inadmissible, and the court should not consider the facts asserted therein.  *See* Fed. R. Civ. P. 56(c), (e).

For clarification, the term "Brady List" is inaccurate, particularly in how Mertz uses this term.  The Lane County District Attorney's Office does not have a "Brady List."  Deposition of Alex Gardner at 11:15-20 ("Gardner Depo."), attached as Ex. 16 to Declaration of Andrea Coit ("Coit Decl.").  Rather, there is a database that flags witnesses with a Brady-related concern.  *Id.* at 11:20-24.  Being flagged does not prevent a witness from testifying.  *Id.* at 23:13-17.  Whether the district attorney's office chooses to have a witness testify is determined by the witness's credibility.  *Id.* at 24:14-20; 26:24-25; 27:1-2.  Thus, if a "list" does indeed exist, there are two of them: one that identifies witnesses with material that may need to be disclosed to a criminal defendant and another that identifies a witness's credibility.

If Officer Mertz uses "Brady List" to refer to witness credibility, Mertz's assertions are irrelevant because Gardner has not made this determination in regards to Plaintiff.  *Id.* at 6:9-25; 7:1-2; 26:12-13 (stating that Gardner has not yet determined Plaintiff's credibility because Plaintiff wants to meet with Gardner on this issue after the conclusion of the lawsuit).  If Officer Mertz refers to being flagged with Brady concerns, he fails to establish the proper foundation for asserting that such concerns prohibit an officer from being hired.

First, Officer Mertz has not established that he has personal knowledge of the ultimate hiring decisions at Junction City Police Department or elsewhere.  Although Mertz states that he was involved in the hiring process for some employees, made hiring recommendations, and conducted background checks, he does not assert that he was involved in the ultimate decision-making process.  *See Oyibo-Ebije v. NYC HRA*, No. 10 CIV. 1748 DAB, 2013 WL 415608, at *4 (S.D.N.Y. Jan. 29, 2013) (ruling that declaration was inadmissible because declarant "[made] no

Page 5 –   **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

reference . . . as to why or how decision-makers made their ultimate hiring decisions" and therefore "lack[ed] personal knowledge about why [the organization] made its hiring decisions").

Second, Officer Mertz fails to establish a proper foundation for concluding that "Brady Listed" applicants are "virtually unhirable." Mertz has no personal knowledge that decision-makers consider being flagged in the Brady system as a prohibitive hurdle. Nor does he have personal knowledge regarding how DPSST makes its decisions or how a District Attorney decides whether an officer should be prohibited from testifying in court. *But see* Gardner Depo. at 23:13-17 (stating that it is an officer's credibility, not whether he was flagged in the Brady system, that determines whether a witness should testify). Finally, Officer Mertz does not establish how being flagged in a Brady system can result in a "failed" background investigation.

Consequently, Officer Mertz's statements that a "Brady Listed" applicant is "virtually unhirable" and that he cannot "imagine a scenario wherein an applicant who has been 'Brady Listed' would be successfully hired at *any* police department" are unsupported, conclusory, and inadmissible. *See Begley v. Cnty. of Kauai*, 286 F. App'x 961, 962 (9th Cir. 2008); *Pierce v. Kaiser Found. Hospitals*, No. CV 09-03837 WHA, 2010 WL 4590930, at *10 (N.D. Cal. Nov. 4, 2010) *aff'd,* 470 F. App'x 649 (9th Cir. 2012) ("[U]nsupported conjecture or conclusory statements are insufficient to defeat summary judgment."); *see also Taylor*, 880 F.2d at 1046 n.3 (statements of a declarant's beliefs are inadmissible).

Officer Mertz's statements are also unduly prejudicial in that his conclusion that Plaintiff would not be hired at Junction City as a police officer if he is Brady listed strongly implies that is the only factor preventing such a hire. Officer Mertz fails to also disclose the fact Plaintiff applied for a position as a police officer with Junction City in 2012, when he had no Brady issue, but was rejected for the job. Officer Mertz is not qualified to decide whether Plaintiff would not be hired in 2015 because he has Brady issues, or because he was still lacking in the necessary ability that prevented his employment in 2012.

Page 6 –  **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

Therefore, the court should not consider Officer Mertz's declaration in deciding Defendants' Motion for Summary Judgment.

## III.   DECLARATION OF AMANDA HAYLES

Defendants object to the declaration of Hayles on the basis Hayles lacks personal knowledge of the information set forth, the statements are conclusory and speculative, and the information is irrelevant.  For example, Hayles states in paragraph 3 that Sgt. Cameron "frequently publicly stated his belief to other officers…."  Hayles does not state she ever heard this statement from Sgt. Cameron.  It appears she did not, as she is careful to explain it was made to "other officers."  In paragraph 7, Hayles states "I believe Cleavenger was retaliated against, subjected to disparate treatment and terminated without just cause."  Hayles has no personal knowledge from which to reach these conclusions, nor is she qualified to give an opinion regarding disparate treatment or just cause.  A similarly offending statement is made in paragraph 13.  Paragraphs 8, 9 and 10 make vague, conclusory allegations against either UOPD or employees not defendants in this lawsuit.  The statements are irrelevant.   Finally, paragraph 12 is a clear effort to disparage Sgt. Cameron.  Hayles' BOLI complaint is not relevant to this case.  Furthermore, it was investigated and dismissed.

Amanda Hayles' declaration should not be relied on in determining the merits of Defendants' Motion for Summary Judgment.

## IV.   DECLARATION OF MICHAEL DRAKE

Defendants object to the Declaration of Michael Drake on the basis Drake lacks personal knowledge of the information set forth, contains hearsay, the statements are conclusory and speculative, and the information is irrelevant.  For example, Drake sets forth a hearsay statement purportedly made to him by Plaintiff in paragraph 4.  Plaintiff is offering this evidence, not Defendants.  It is inadmissible as an out-of-court statement made by Plaintiff offered to prove

that Plaintiff really made this alleged clarifying statement to Drake and others.  The statement is hearsay.

In paragraph 6, Drake states "It was no secret that Cameron did not like Cleavenger and wanted him gone.  The same became true for Lt. Brandon Lebrecht sometime after October 2011…."  There is no personal knowledge supporting this opinion, and no evidence presented on which the opinion is based.

In paragraph 7, Drake attempts to speak on behalf of "the vast majority of officers in the department."  He has no personal knowledge of this information.  Paragraphs 9-14, 16 and 17, regarding Drake's performance evaluation are irrelevant to this lawsuit.  Paragraph 15 is a conclusory statement of opinion that Drake is not qualified to make.

The court should disregard Michael Drake's declaration when deciding Defendants' Motion for Summary Judgment.

DATED this 21st day of July, 2015.

                HARRANG LONG GARY RUDNICK P.C.

                By: s/ Andrea D. Coit
                     Andrea D. Coit, OSB #002640
                     Jonathan M. Hood, OSB #133872
                     Attorneys for Defendants

# CERTIFICATE OF SERVICE

I certify that on July 21, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE SUBMITTED IN RESPONSE TO MOTION FOR SUMMARY JUDGMENT** on the party or parties listed below as follows:

- ☑ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
  Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By: s/ Andrea D. Coit
    Andrea D. Coit, OSB #002640
    Jonathan M. Hood, OSB #133872
    Attorneys for Defendants

00728184.v1

**CERTIFICATE OF SERVICE**