**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
**Jonathan M. Hood, OSB #133872**
**jonathan.hood@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541-485-0220
Facsimile:    541-686-6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

Defendants request the following jury instructions.

DATED this 10th day of August, 2015.

                               HARRANG LONG GARY RUDNICK P.C.

                               By:   s/ Andrea D. Coit
                                    Andrea D. Coit, OSB #002640
                                    Jonathan M. Hood, OSB #133872
                                    Attorneys for Defendants

# INDEX TO JURY INSTRUCTIONS

**Ninth Circuit Manual of Model Jury Instructions 2007 (Civil)**

| | |
|---|---|
| 1.1A | Duty of Jury (Court Reads and Provides Written Instructions) |
| 1.1C | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) |
| 1.3 | Burden of Proof - Preponderance of the Evidence |
| 1.5 | Two or More Parties – Different Legal Rights |
| 1.6 | What is Evidence |
| 1.7 | What is Not Evidence |
| 1.8 | Evidence for Limited Purpose |
| 1.9 | Direct and Circumstantial Evidence |
| 1.10 | Ruling on Objections |
| 1.11 | Credibility of Witnesses |
| 1.12 | Conduct of the Jury |
| 1.13 | No Transcript Available to Jury |
| 1.14 | Taking Notes |
| 1.18 | Bench Conferences and Recesses |
| 1.19 | Outline of Trial |
| 3.1 | Duty to Deliberate |
| 3.2 | Communication with Court |
| 3.3 | Return of Verdict |
| 5.1 | Damages - Proof |
| 5.3 | Damages – Mitigation |
| 5.4 | Damages – Arising in the Future – Discount to Present Cash Value |
| 5.5 | Punitive Damages |
| 5.6 | Nominal Charges |

    9.1       Section 1983 Claim – Introductory Instruction

    9.8       Causation

**Special Requested Jury Instructions**

    1.       Claims and Defenses of the Parties

    2.       Section 1983 Claim Against Defendant in Individual Capacity

    3.       First Amendment Claims Against Defendants McDermed and Lebrecht

    4.       First Amendment Claim Against Cameron

    5.       Defendants' Affirmative Defense: Settlement of Claim for Lost Income

    6.       Measure of Types of Damages

# DEFENDANTS' SPECIAL REQUESTED JURY INSTRUCTION NO. 1

# CLAIMS AND DEFENSES OF THE PARTIES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff, James Cleavenger, was formerly employed as a Public Safety Officer for the University of Oregon Police Department. The three defendants are Carolyn McDermed, who is the Chief of Police of the Department; Brandon Lebrecht, who is a police officer lieutenant in the Department; and Scott Cameron, who was a police officer sergeant in the Department. The plaintiff's claims arise from his employment as a public safety officer at the Department.

The plaintiff alleges that each of the defendants violated his right to freedom of speech under the First Amendment to the United States Constitution. He alleges that they violated his right to freedom of speech by retaliating against him for engaging in protected free speech. He alleges that they retaliated against him by taking certain adverse employment actions against him during and after his employment. He seeks compensatory and punitive damages from the defendants. The plaintiff has the burden of proving his claims.

The defendants deny the plaintiff's claims.

They have also raised an affirmative defense. The affirmative defense alleges that the plaintiff's claim for lost income from the termination of his employment is barred by a settlement agreement which the plaintiff later signed, in which he agreed to resign from his employment. The defendants contend that the plaintiff released any and all claims for lost income in that settlement agreement. The defendants have the burden of proving their affirmative defense.

_____

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 1.2 (modified).

# DEFENDANTS' SPECIAL REQUESTED JURY INSTRUCTION NO. 2
# SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY

In order to prevail on his Section 1983 claims against the defendants, the plaintiff must prove, as to each individual defendant, each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and
2. the acts of the defendant deprived the plaintiff of his right to freedom of speech under First Amendment to the United States Constitution, as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove as to each particular defendant under other instructions I have given you, your verdict should be for the plaintiff. If on the other hand, the plaintiff has failed to prove any one or more of these elements as to a particular defendant, then your verdict should be for that particular defendant.

---

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 9.2 (modified).

# DEFENDANTS' SPECIAL REQUESTED JURY INSTRUCTION NO. 3

## FIRST AMENDMENT CLAIMS AGAINST DEFENDANTS MCDERMED AND LEBRECHT

The elements of the plaintiff's claim against defendants Carolyn McDermed and Brandon Lebrecht are different than the elements of his claims against defendant Scott Cameron. I will now instruct you on the elements of the plaintiff's claim against defendants McDermed and Lebrecht.

The plaintiff alleges that defendant McDermed violated his First Amendment right to freedom of speech by taking adverse employment actions against him in retaliation for specific protected speech he engaged in. Specifically, the plaintiff alleges that he engaged in protected speech during a meeting with defendant McDermed on August 12, 2012 and a meeting with University of Oregon Assistant Vice President of Financial Affairs Brian Smith in a meeting on October 2, 2012.  Plaintiff claims that in retaliation for engaging in the protected speech on August 12 and Oct 2, 2012, defendant McDermed recommended that plaintiff's employment be terminated, and submitted certain documents – referred to in this lawsuit as the "*Brady* materials" – to the Lane County District Attorney.

Similarly, the plaintiff alleges that defendant Lebrecht violated his First Amendment right to freedom of speech by taking an adverse employment action against him in retaliation for certain protected speech which the plaintiff had engaged in. Specifically, the plaintiff alleges that defendant Lebrecht assisted defendant McDermed in submitting the *Brady* materials to the Lane County District Attorney in retaliation for speech he engaged in during the August 13, 2012 meeting with defendant McDermed and the October 2, 2012 meeting with Brian Smith.

As previously explained, the plaintiff has the burden to prove that the acts of the defendants deprived the plaintiff of particular rights under the United States Constitution.  In this case, the plaintiff alleges the defendants deprived him of his right to freedom of speech under the First Amendment to the Constitution.

Under the First Amendment, a public employee has a limited right to speak on matters of public concern. In order to prove that defendants McDermed and Lebrecht deprived him of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff spoke as a private citizen and not as part of his official duties;
2. the speech was on a matter of public concern;
3. the defendant took an adverse employment action against the plaintiff; and
4. the plaintiff's speech was a substantial or motivating factor for the adverse employment action.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

A substantial or motivating factor is a significant factor.

---

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 9.9 (modified).

# DEFENDANTS' SPECIAL REQUESTED JURY INSTRUCTION NO. 4
# FIRST AMENDMENT CLAIM AGAINST DEFENDANT CAMERON

I will now instruct you on the elements of the plaintiff's claim against defendant Cameron. The plaintiff alleges that defendant Cameron violated his First Amendment right to freedom of speech by taking an adverse employment action against him in retaliation for certain protected speech which the plaintiff had engaged in. More specifically, the plaintiff alleges that defendant Cameron issued him a written reprimand on May 18, 2012, and gave him a negative performance evaluation on May 31, 2012, in retaliation for a speech the plaintiff gave before he was employed by the University of Oregon Police Department on the subject of whether public safety officers in the Department should be armed with TASERS.

As previously explained, the plaintiff has the burden to prove that the acts of the defendants deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendants deprived him of his right to freedom of speech under the First Amendment to the Constitution.

Under the First Amendment, a citizen has the right to free expression. In order to prove that defendant Cameron deprived him of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1. the plaintiff engaged in speech protected under the First Amendment;
2. defendant Cameron took adverse action against the plaintiff;
3. the adverse action would chill a person of ordinary firmness from continuing to engage in the protected speech; and,
3. defendant Cameron took the adverse action with the intent to substantially interfere with plaintiff's exercise of his protected speech.

I instruct you that the plaintiff's speech in this case about whether officers in the University of Oregon Police Department should be armed with TASERS was protected under the First Amendment and, therefore, the first element requires no proof.

---

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 9.10 (modified); *Mendocino Envtl. Ctr. v. Mendocino Cnty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).

**DEFENDANTS' SPECIAL REQUESTED JURY INSTRUCTION NO. 5**

**DEFENDANTS' AFFIRMATIVE DEFENSE: SETTLEMENT OF
CLAIM FOR LOST INCOME**

As previously explained, the defendants have raised an affirmative defense. The affirmative defense alleges that plaintiff's claim for lost income from the termination of his employment is barred by a settlement agreement the plaintiff signed in connection with the termination of his employment. The defendants have the burden of proving their affirmative defense.

In order to prove this affirmative defense to the plaintiff's claim for lost income, the defendants must prove that, for valuable consideration, the plaintiff signed a settlement agreement in which he released the defendants from his claim for lost income. If you find that the defendants have proved this affirmative defense, you may not award the plaintiff damages for lost income.

---

*Vick v. Henry Ford & Son*, 17 F.2d 919, 921 (9th Cir. 1927) (elements of a contract).

**DEFENDANTS' SPECIAL REQUESTED JURY INSTRUCTION NO. 6**

**MEASURE OF TYPES OF DAMAGES**

In determining the measure of damages, you should consider:

The mental and emotional pain and suffering experienced and which with reasonable probability will be experienced in the future.

_____

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 5.2 (modified).

# CERTIFICATE OF SERVICE

I certify that on August 10, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' PROPOSED JURY INSTRUCTIONS** on the party or parties listed below as follows:

    ☑    Via CM / ECF Filing
    ☐    Via First Class Mail, Postage Prepaid
    ☐    Via Email
    ☐    Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
  Attorneys for Plaintiff

                                    HARRANG LONG GARY RUDNICK P.C.

                                    By:  s/ Andrea D. Coit
                                            Andrea D. Coit, OSB #002640
                                            Jonathan M. Hood, OSB #133872
                                            Attorneys for Defendants

00729751.v1

**CERTIFICATE OF SERVICE**