**Andrea D. Coit, OSB #002640**
andrea.coit@harrang.com
**Jonathan M. Hood, OSB #133872**
jonathan.hood@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541-485-0220
Facsimile:    541-686-6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' MOTIONS IN LIMINE** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

Defendants make the following motions in limine to exclude certain evidence at trial.

Per the Court's Order Granting in Part Defendants' Motion for Summary Judgment (Order) issued August 6, 2015, the claims remaining in this case are limited to the following:

    a.    First Amendment retaliation claim against Sgt. Cameron for his participation in issuing a written reprimand and drafting a performance evaluation. The protected activity at issue in this claim is Plaintiff's 2008 speech on Tasers. Order at 20.

    b.    First Amendment retaliation claim against Lt. Lebrecht for his participation in submitting potential *Brady* materials to the Lane County District Attorney's office. Order at 21.

Page 1 – **DEFENDANTS' MOTIONS IN LIMINE**

The protected activity at issue in this claim is speech made to Chief McDermed during a meeting on August 13, 2012. *Id.*

      c.     First Amendment retaliation claim against Chief McDermed for recommending Plaintiff's termination and for submitting potential Brady materials to the Lane County District Attorney's office. Order at 22. The protected activity at issue in this claim is speech made to Chief McDermed during a meeting on August 13, 2012.[1] *Id.*

## MOTIONS

**1.    To Exclude Evidence Related to Plaintiff's Training Requests.**

This court has ruled that Plaintiff's complaint to Lt. Morrow regarding the rejection of Plaintiff's training requests was not protected under the First Amendment. Order at 13 n.2. That complaint therefore cannot form the basis for any of Plaintiff's claims. Consequently, the complaint to Lt. Morrow, Lebrecht's response to the complaint, and the training requests themselves are irrelevant to Plaintiff's claims and should be excluded.

**2.    To Exclude Evidence of Political Discussions that Allegedly Occurred in the Workplace.**

This court has ruled that Plaintiff's complaints to Lt. Lebrecht regarding political discussions at work was not protected under the First Amendment. Order at 13 n.2. Those complaints therefore cannot form the basis for any of Plaintiff's claims. Consequently, the complaints and the political discussions themselves are irrelevant to Plaintiff's claims and should be excluded.

---

[1] The court has also noted in its discussion on the element of "public concern" that Plaintiff presented evidence that he spoke on matters of public concern during an October 2, 2012 meeting with Brian Smith. However, there was no evidence presented in the record on summary judgment that either Lt. Lebrecht or Chief McDermed was aware of the content of the October 2 meeting at any time prior to submitting the Brady information. The court did not mention this meeting in the discussion of the First Amendment claims against the specific defendants.

Page 2 – **DEFENDANTS' MOTIONS IN LIMINE**

3. **To Exclude Evidence of Plaintiff's Communications to Ryan Hagemann Concerning Plaintiff's Grievances.**

This court ruled that Plaintiff's email to Ryan Hagemann on October 31, 2012, concerning Plaintiff's grievance was not protected under the First Amendment. Order at 13 n.2. That email therefore cannot form the basis for any of Plaintiff's claims. The evidence does not show further protected speech in Plaintiff's communications with Ryan Hagemann. Rather, those communications are irrelevant to Plaintiff's claims and should be excluded.

4. **To Exclude Evidence of Plaintiff's Complaints to Brian Caufield.**

Similarly, Plaintiff's complaints to Brian Caufield do not prove, and are irrelevant to, Plaintiff's claims. No claims remain against Brian Caufield. *Id.* at 21. There is no protected speech at issue in Plaintiff's complaints to Brian Caufield. This court should therefore exclude evidence of those complaints because they are irrelevant.

5. **To Exclude Background or Contextual Evidence of any of the Complaints Allegedly Made During the August 13, 2012 Meeting with Chief McDermed.**

The purpose of this Motion is to limit the scope of elaboration Plaintiff is allowed to make when describing the allegedly protected speech he engaged in with Chief McDermed on August 13, 2012.

The protected activity at issue in the claims against Chief McDermed and Lt. Lebrecht is limited to complaints made during the August 13, 2012 meeting with Chief McDermed. Order at 20, 21. Plaintiff must show defendants took adverse action against him in retaliation for the speech engaged in during that meeting. Thus, only the statements made to Chief McDermed during that meeting are relevant to his claims. "Only speech that the employer knows of can be the basis for a retaliation claim." *Allen v. Iranon*, 283 F.3d 1070, 1076 (9th Cir. 2002).

Plaintiff should be limited in his descriptions of, for example, the alleged "bowl of dicks list" and the "district 9" comments to what he claims he told Chief McDermed about those incidents during his August 13 meeting with her. Any additional commentary from Plaintiff or other witnesses on the topics he claims were discussed with Chief McDermed is irrelevant.

**6.  To Exclude Background or Contextual Evidence of any of the Complaints Allegedly Made During the October 2, 2012 Meeting with Brian Smith.**

For the reasons set forth in Motion 5, Plaintiff's evidence of the information shared with Brian Smith should be limited to what he actually shared with Brian Smith. Neither background nor contextual evidence supporting the alleged complaints he made to Smith, that were not shared with Smith, is relevant.

**7.  To Exclude any Factual Findings or Conclusions Made by the Arbitrator in his February 24, 2014 Decision**

The arbitrator's findings of fact are inadmissible hearsay if offered to prove the matter asserted therein. Fed. R. Evid. 801-804; *see Kirouac v. Donahoe*, No. 2:11-CV-00423-NT, 2013 WL 5952055, at *8 (D. Me. Nov. 6, 2013) ("[T]he structure of the Federal Rules of Evidence assumes that most judicial determinations are inadmissible hearsay, and it would be odd if arbitrators' findings were granted higher evidentiary status than those of judges."); *cf. U.S. v. Sine*, 493 F.3d 1021, 1033-34 (9th Cir. 2007) ("[J]udicial findings of fact are hearsay, inadmissible to prove the truth of the findings unless a specific hearsay exception exists").

Second, the risk of unfairly prejudicing Defendants by admitting the arbitrator's findings of fact substantially outweighs any probative value they may have. *See* Fed. R. Evid. 403. "[A]n arbitrator's expertise 'pertains primarily to the law of the shop, not the law of the land,'" and "arbitral factfinding is generally not equivalent to judicial factfinding." *McDonald v. City of West Branch, Mich.*, 466 U.S. 284, 290-291 (1984). Furthermore, "jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves." *Sine,* 493 F.3d at 1033-34. It is up to the jury to find the facts here.

DATED this 10th day of August, 2015.

        HARRANG LONG GARY RUDNICK P.C.

        By:  s/ Andrea D. Coit
           Andrea D. Coit, OSB #002640
           Jonathan M. Hood, OSB #133872
           Attorneys for Defendants

# CERTIFICATE OF SERVICE

I certify that on August 10, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' MOTIONS IN LIMINE** on the party or parties listed below as follows:

☑ Via CM / ECF Filing
☐ Via First Class Mail, Postage Prepaid
☐ Via Email
☐ Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
  Attorneys for Plaintiff

                HARRANG LONG GARY RUDNICK P.C.

                By: s/ Andrea D. Coit
                   Andrea D. Coit, OSB #002640
                   Jonathan M. Hood, OSB #133872
                   Attorneys for Defendants

00729716.V1

**CERTIFICATE OF SERVICE**