**Jason L. Kafoury (OSB #091200)**
**Mark McDougal (OSB #890869)**
**Kafoury & McDougal**
**411 SW Second Avenue, Suite 200**
**Portland, OR 97204**
**(503) 224-2647**
**Fax: (503) 224-2673**
[jkafoury@kafourymcdougal.com](jkafoury@kafourymcdougal.com)
[mcdougal@kafourymcdougal.com](mcdougal@kafourymcdougal.com)
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

Plaintiff requests the following uniform circuit jury instructions:

1.2    Claims and Defenses

1.3    Burden of Proof--Preponderance of the Evidence

1.6    What is Evidence

1.7    What is Not Evidence

1.8    Evidence for Limited Purpose

**Page 1 - PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

1.9     Direct and Circumstantial Evidence

1.10    Ruling on Objections

1.11    Credibility of Witnesses

1.14    Taking Notes

1.15    Question to Witnesses by Jurors

2.4     Deposition as Substantive Evidence

5.1     Damages--Proof

5.2     Measures of Types of Damages

5.5     Punitive Damages

5.6     Nominal Damages

9.1-9.3     Violation of Federal Civil Rights--Elements and Burden of Proof; Under Color of Law Defined

9.3     Section 1983 Claim against Supervisory Defendant in Individual Capacity--Elements and Burden of Proof

//

//

//

//

//

//

//

//

//

Proposed Special Instructions:

Special #1: Violation of Civil Rights -- Retaliation -- Causal Connection

Special #2: Under Color of Law Defined

Special #3: First Amendment -- Free Speech -- Claims against Defendants McDermed and Lebrecht

Special #4: First Amendment -- Free Speech -- Claims against Defendant Cameron

DATED August 10, 2015.

                */s/ Mark McDougal*
**Jason L. Kafoury (OSB#091200)**
**Mark McDougal (OSB #890869)**
**Kafoury & McDougal**
**411 SW Second Ave., Ste. 200**
**Portland, OR 97204**
**(503) 224-2647**
**Fax: (503) 224-2673**
**jkafoury@kafourymcdougal.com**
**mcdougal@kafourymcdougal.com**
**Attorney for Plaintiff**

SPECIAL REQUESTED JURY INSTRUCTION No. 1

## VIOLATION OF CIVIL RIGHTS -- RETALIATION -- CAUSAL CONNECTION

When determining whether James Cleavenger's protected speech was a substantial or motivating factor for any alleged retaliation, you should consider:

1) the proximity in time between the protected action and the alleged retaliatory act;

2) whether the defendant expressed opposition to plaintiff's speech to the defendant or others;

3) whether the defendant's proffered explanations for the adverse employment action were false and pretextual.

*Keyser v. Sacramento City Unified School Dist.*, 2001 WL 1044605 (9th Cir., Sept. 12, 2001).

SPECIAL REQUESTED JURY INSTRUCTION No. 2

## UNDER COLOR OF LAW DEFINED

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The Court has found that each defendant acted under color of law.

9.2 Section 1983 Claim against Defendant in Individual Capacity--Elements and Burden of Proof (modified)

SPECIAL REQUESTED JURY INSTRUCTION No. 3

## FIRST AMENDMENT – FREE SPEECH - CLAIMS AGAINST DEFENDANTS McDERMED AND LEBRECHT

The plaintiff alleges that defendant McDermed violated his First Amendment right to freedom of speech by taking adverse employment actions against him in retaliation for specific protected speech. Specifically, the plaintiff alleges that he engaged in protected speech during a meeting with defendant McDermed on August 13, 2012, during a meeting with University of Oregon Assistant Vice President of Financial Affairs Brian Smith and in subsequent correspondence with Smith between October 2, 2012 and October 5, 2012, and during a meeting with Linda King on October 12, 2012. Plaintiff claims that in retaliation for engaging in this protected speech, defendant McDermed recommended that plaintiff's employment be terminated and submitted certain documents – referred to in this lawsuit as the "*Brady* materials" – to the Lane County District Attorney.

The plaintiff alleges that defendant Lebrecht violated his First Amendment right to freedom of speech by taking adverse employment actions against him in retaliation for certain protected speech. Specifically, the plaintiff alleges that defendant Lebrecht assisted defendant McDermed in submitting the potentially stigmatizing *Brady* materials in retaliation for the protected speech listed above.

As previously explained, the plaintiff has the burden to prove, as to each defendant, that the act[s] of the defendant deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges each defendant deprived him of his rights under the First Amendment to the Constitution by retaliating against him.

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove that defendants McDermed or Lebrecht deprived him of this

First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1) the plaintiff's speech was not part of performing the tasks plaintiff was paid to perform;

2) the speech was on a matter of public concern;

3) the defendant took an adverse employment action or retaliated against the plaintiff; and

4) the plaintiff's speech was a substantial or motivating factor for the adverse employment action or retaliation

I instruct you that the plaintiff's speech was on a matter of public concern, and, therefore, the second element requires no proof.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable worker from engaging in protected activity.

A substantial or motivating factor is a significant factor.

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 9.9 (modified).
*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

SPECIAL REQUESTED JURY INSTRUCTION No. 4

## FIRST AMENDMENT – FREE SPEECH - CLAIMS AGAINST DEFENDANT CAMERON

The plaintiff alleges that defendant Cameron violated his First Amendment right to freedom of speech by taking adverse employment actions against him in retaliation for specific protected speech. Specifically, the plaintiff alleges that he engaged in protected speech before he was employed by the University of Oregon Police Department on the subject of to what extent and subject to what safeguards public safety officers in the Department should be armed with TASERs. The plaintiff alleges that a video and transcripts of this speech where still widely available on the internet during the period of his employment by the Department. The plaintiff claims that in retaliation for engaging in this protected speech, defendant Cameron issued him a written reprimand on May 18, 2012, and gave him a negative performance evaluation on May 31, 2012.

As previously explained, the plaintiff has the burden to prove that the act[s] of the defendant deprived the plaintiff of particular rights under the United States Constitution. In this case, the plaintiff alleges the defendant deprived him of his rights under the First Amendment to the Constitution by retaliating against him.

Under the First Amendment, a citizen has the right to free expression. In order to prove that defendant Cameron deprived him of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1) the plaintiff engaged in speech protected under the First Amendment;

2) defendant Cameron took adverse action against the plaintiff;

3) the adverse action was reasonably likely to deter protected speech; and

    4)       defendant Cameron took the adverse action with the intent to retaliate for protected speech.

I instruct you that the plaintiff's speech in this case about TASERs in the University of Oregon Police Department was protected under the First Amendment and, therefore, the first element requires no proof.

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 9.10 (modified).

# CERTIFICATE OF SERVICE

I certify that on August 10, 2015, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** on the party or parties listed below as follows:

>	Andrea Coit
>	Andrea.coit@harrang.com
>	Harrang Long Gary Rudnick P.C.
>	360 E 10th Ave, Ste 300
>	Eugene OR 97401-3273

☑	Via CM / ECF Filing

>	*/s/ Mark McDougal*
>	**Jason L. Kafoury (OSB#091200)**
>	**Mark McDougal (OSB #890869)**
>	**Kafoury & McDougal**
>	**411 SW Second Ave., Ste. 200**
>	**Portland, OR 97204**
>	**(503) 224-2647**
>	**Fax: (503) 224-2673**
>	**jkafoury@kafourymcdougal.com**
>	**mcdougal@kafourymcdougal.com**
>	**Attorney for Plaintiff**