**Andrea D. Coit, OSB #002640**
andrea.coit@harrang.com
**Jonathan M. Hood, OSB #133872**
jonathan.hood@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:    541-485-0220
Facsimile:    541-686-6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFEDANTS' OBJECTIONS TO PLAINTIFF'S WITNESS LIST AND WITNESS STATEMENTS** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

## GENERAL OBJECTIONS

1.  Defendants reserve all rights to object at trial to any witness's testimony on the basis of hearsay, relevance, prejudice, lack of foundation, improper opinion testimony, improper character evidence, and improper use of prior bad acts.

2.  Defendants object to any witness without personal knowledge of the facts and circumstances surrounding Plaintiff's misconduct or discipline at UOPD from testifying that:

Page 1 – **DEFEDANTS' OBJECTIONS TO PLAINTIFF'S WITNESS LIST AND WITNESS STATEMENTS**

>plaintiff was a competent, honest, professional, and unbiased officer, and did not display poor judgment, deficient officer safety skills, or lack of veracity as defendants claim.

Defendants further object to any other version of supportive testimony about Plaintiff being a really great guy and certainly not guilty of the things claimed by the Defendants.  This lay opinion testimony is neither rationally based on the witnesses' perception – they were not present during the incidents at issue; nor is it helpful to understanding the witnesses' testimony or determining a fact in issue – the jury is to decide if Defendants' stated bases for their actions are genuine or pretextual.  If the opinions are offered as character evidence, they go well beyond the limits of FRE 608.  Furthermore, Plaintiff's skill as an officer does not go to his character, making the testimony improper on that issue, and his reputation as a "good guy" is of no relevance to the claims here.

Defendants can call numerous witnesses into the trial, including every police chief from every county in Oregon, to testify that Chief McDermed is a kind, honest, sincere person who would never retaliate against an employee.  The same goes for the other two Defendants.  If Plaintiff is allowed to present this sort of testimony from the numerous witnesses he has listed, Defendants give notice here of their intent to supplement their witness list with 15 additional witnesses who will testify in sum that, they know one of the Defendants, they have been told the material facts, and they are certain the Defendant would not do such a thing.

## SPECIFIC OBJECTIONS

Defendants also specifically object to the following witnesses or portions of witness testimony:

**1.     Officer Eric Leroy (F)**

Defendants' object to the following portions of Officer Leroy's testimony:

a.     His own disciplinary record.

> This is not a Title VII disparate treatment claim. There is no similarity to Plaintiff's misconduct and anything that was at issue in Officer Leroy's discipline, so the evidence is not relevant to a pretext theory.

b.  An anonymous letter sent to Lane County DA accusing Officer Leroy of untruthfulness.

> This alleged letter has no identified sender and the allegations have not been substantiated by anyone. It is assumed Plaintiff either prepared or had the letter prepared for purposes of this lawsuit. He cannot manufacture evidence against his own witness, then use it to impeach him at trial. The letter and its contents are irrelevant to the claim remaining in this lawsuit.

2.  **Zach Hermens (H)**

    Defendants object to the following portions of Officer Hermens' testimony:

    a.  His own disciplinary record. Disparate treatment is not at issue in Plaintiff's remaining claim. Officer Hermens' conduct at issue in the discipline is not similar to Plaintiff's and thus is irrelevant.

    b.  BOLI investigation of Scott Cameron. This investigation is irrelevant to Plaintiff's claim in this lawsuit. It involved another employee on a claim dissimilar to Plaintiff's claim and was dismissed. The evidence, even if it were relevant, is unduly prejudicial. In addition, Plaintiff presents this evidence solely to show that because Sgt. Cameron was accused of misconduct before, it is more likely he engaged in misconduct here. That is inadmissible prior bad act evidence under FRE 404(b).

3.  **Kent Abbott (I)**

    Defendants object to the following portions of Officer Abbott's testimony:

    a.  Prior BOLI Investigations and Tort Claim Notices. The evidence is irrelevant, prior bad acts under FRE 404(b) and unduly prejudicial.

4.  **Royce Myers (K)**

    Defendants object to the following portions of Officer Myers's testimony:

    a.  That Plaintiff was subject to disparate treatment. Disparate treatment is not relevant. Officer Myers has not been disclosed as an expert, thus cannot give a legal opinion, and he lacks foundation to give this opinion.

    b.  Department's culture, past practices and procedures. The UOPD is not a defendant. Only actions taken by the individual defendants are relevant here.

Page 3 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S WITNESS LIST AND WITNESS STATEMENTS**

  c.  Punitive Damages for Department's unchecked retaliatory conduct. The UOPD is not a defendant. Only actions taken by the individual defendants are relevant here.

5.  **Brian Caufield (L)**

Nothing Plaintiff said to Brian Caufield or tried to hand him during the course of a grievance hearing post-termination is relevant to his remaining claim against the individual Defendants. Plaintiff also claims Caufield is called "as an agent of UofO." UO is not a defendant here and its knowledge is irrelevant. Only the actions and knowledge of the individual Defendants matters.

6.  **Ryan Hagemann (M)**

Nothing Plaintiff said to Ryan Hagemann or tried to hand him during the course of a grievance hearing post-termination is relevant to his remaining claim against the individual Defendants. Plaintiff also claims Hagemann is called "as an agent of UofO." UO is not a defendant here and its knowledge is irrelevant. Only the actions and knowledge of the individual Defendants matters.

7.  **Casey Boyd (Q)**

None of the identified testimony is relevant. Complaints she made about Lt. Morrow are irrelevant; he is not a defendant. Complaints made to Jamie Moffitt are irrelevant; UO is not a defendant. Boyd's complaints about her alleged mistreatment are irrelevant; she is not a plaintiff. Boyd's testimony about what Defendant Cameron told other officers is hearsay. Her testimony regarding why she thinks Defendants Lebrecht and Cameron made certain statements is irrelevant. Her testimony about "common practice in the department" is irrelevant; UOPD is not a defendant. She lacks any sort of foundation or personal knowledge to give an opinion that Defendant Lebrecht liked to "motherfuck" people he did not like. Boyd's testimony that Plaintiff did not violate a UOPD policy is improper opinion, lacks foundation and is irrelevant.

/ / /

8. **Sean Braithwaite (R)**

His testimony is redundant. His opinions lack foundation.

9. **Chris Waggoner (S)**

His testimony is redundant and irrelevant.

10. **Amanda Hayles (T)**

   a. Retaliatory threats by a UOPD supervisor.

   The alleged threat was made by a person who is not a defendant in this case nor alleged to have been acting on any Defendant's behalf. The testimony is irrelevant.

   b. Prior Actions Against Defendant Cameron.

   The testimony is irrelevant, unduly prejudicial and prior bad act evidence. Hayles' complaints against Cameron are unrelated and not remotely similar to the complaint Plaintiff is pursuing. Hayles lacks foundation and personal knowledge to discuss other complaints made by other female officers against unnamed UOPD personnel. That testimony is also irrelevant.

11. **Elizabeth Nix (U)**

Nothing this witness has to say is relevant. She has no personal knowledge of Plaintiff's discipline or the facts underlying them. Her opinions are based entirely on what Plaintiff has told her. Her opinion that punitive damages are justified because of "the departments continuous and unchecked retaliatory conduct" is irrelevant because the department is not a defendant. The hearsay statement of "Joint Support" is inadmissible, so her authentication is irrelevant.

12. **Coburg Police Chief Larry Larson (W)**

Chief Larson has no personal knowledge of the facts and circumstances leading to Defendants' conclusions and actions in this case. His testimony that Plaintiff performs fine as a solo reserve officer in Coburg, a town with a population of 1,037 people, is irrelevant to the claim remaining in this case. Plaintiff was supposed to be acting as an unarmed public safety officer for UOPD.

13.   **Ken Jackson (X)**

Nothing Jackson is anticipated to say is relevant to Plaintiff's claim.  Plaintiff's job as an armed reserve police officer at Junction City has nothing to do with the actions he took as a public safety officer for UOPD.

14.   **Corey Mertz (Y)**

Mertz cannot testify that UOPD's discipline was unwarranted.  He has no personal knowledge of the underlying facts or considerations that went into the discipline.  He has not been disclosed as an expert and therefore cannot give an opinion that Plaintiff's conduct was in line with law enforcement standards and practices.  Furthermore, the relevant standard is that of an unarmed public safety officer, something Mertz does not claim to know anything about.

15.   **Eric Markell (Z)**

His testimony is cumulative and redundant.  He cannot testify that UOPD's discipline was unwarranted.  He has no personal knowledge of the underlying facts or considerations that went into the discipline.  He has not been disclosed as an expert and therefore cannot give an opinion that Plaintiff's conduct was in line with law enforcement standards and practices.  Furthermore, the relevant standard is that of an unarmed public safety officer, something Markell does not claim to know anything about.

16.   **Brandon Nichol (AA)**

His testimony is cumulative and redundant. He cannot testify that UOPD's discipline was unwarranted.  He has no personal knowledge of the underlying facts or considerations that went into the discipline.  He has not been disclosed as an expert and therefore cannot give an opinion that Plaintiff's conduct was in line with law enforcement standards and practices.  Furthermore, the relevant standard is that of an unarmed public safety officer, something Nichol does not claim to know anything about.

**17.    Sgt. Thornburg (BB)**

His testimony is cumulative and redundant. He cannot testify that UOPD's discipline was unwarranted.  He has no personal knowledge of the underlying facts or considerations that went into the discipline.  He has not been disclosed as an expert and therefore cannot give an opinion that Plaintiff's conduct was in line with law enforcement standards and practices.  Furthermore, the relevant standard is that of an unarmed public safety officer, something Thornburg does not claim to know anything about.

**18.    Brian Patterson (CC)**

His testimony is cumulative and redundant. He cannot testify that UOPD's discipline was unwarranted.  He has no personal knowledge of the underlying facts or considerations that went into the discipline.  He has not been disclosed as an expert and therefore cannot give an expert opinion on interdiction practices in law enforcement.  The testimony is also irrelevant.

**19.    Myrria Jones (DD)**

Her testimony is cumulative and redundant.  She cannot testify that UOPD's discipline was unwarranted.  She has no personal knowledge of the underlying facts or considerations that went into the discipline.  She has not been disclosed as an expert and therefore cannot give an opinion that Plaintiff's conduct was in line with law enforcement standards and practices.  Furthermore, the relevant standard is that of an unarmed public safety officer, something Jones does not claim to know anything about.

**20.    April Hogan (EE)**

Her testimony is cumulative and redundant.  She cannot testify that UOPD's discipline was unwarranted.  She has no personal knowledge of the underlying facts or considerations that went into the discipline.  She has not been disclosed as an expert and therefore cannot give an opinion that Plaintiff's conduct was in line with law enforcement standards and practices.  Furthermore, the relevant standard is that of an unarmed public safety officer, something Hogan does not claim to know anything about.

**21.     Chelsea Brandenburg (LL)**

Defendants deposed Ms. Brandenburg.  During that deposition, Plaintiff refused to waive his marital privilege over communications he had with Ms. Brandenburg during the marriage.  After receipt of Plaintiff's witness list, Defendants again requested to depose Ms. Brandenburg on discussions had during the marriage, and the request was refused based on the marital privilege.  Plaintiff may not present Ms. Brandenburg's testimony on any communications had with Plaintiff during their marriage.  Furthermore, Plaintiff's refused to have Ms. Brandenburg waive her privilege over the marital counselling records.  Plaintiff cannot present any evidence from Ms. Brandenburg regarding that counselling or alleged damages discussed during it.

**22.     Andrea Coit**

The court has already determined that the disclosure of Brady information is to be considered an adverse employment action for purposes of the first amendment claim against Defendant McDermed and Lebrecht.  The arbitration settlement negotiations are therefore irrelevant for Plaintiff's case.  (Defendants do intend to use the settlement negotiations to demonstrate Chief McDermed's knowledge that Plaintiff had agreed to resign from employment and never reapply at UOPD prior to the Brady submission).  My participation with my clients or lack thereof in the Brady disclosures is privileged.

DATED this 17th day of August, 2015.

                                                   HARRANG LONG GARY RUDNICK P.C.

                                                   By:     s/ Andrea D. Coit
                                                         Andrea D. Coit, OSB #002640
                                                         Jonathan M. Hood, OSB #133872
                                                        Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on August 17, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFEDANTS' OBJECTIONS TO PLAINTIFF'S WITNESS LIST AND WITNESS STATEMENTS** on the party or parties listed below as follows:

☑ Via CM / ECF Filing
☐ Via First Class Mail, Postage Prepaid
☐ Via Email
☐ Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
  Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By: s/ Andrea D. Coit
    Andrea D. Coit, OSB #002640
    Jonathan M. Hood, OSB #133872
    Attorneys for Defendants

00732350.V1

**CERTIFICATE OF SERVICE**