Andrea D. Coit, OSB #002640
andrea.coit@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:   541.485.0220
Facsimile:    541.686.6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES M. CLEAVENGER, | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | SUBPOENA DUCES TECUM TO JUNCTION CITY POLICE DEPARTMENT |
| vs. | |
| UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al., | |
| Defendants. | |

To:   Custodian of Records
      Junction City Police Department
      672 Greenwood Street
      Junction City, Oregon 97448

**IN THE NAME OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON YOU ARE HEREBY COMMANDED** to appear at the offices of Harrang Long Gary Rudnick P.C., 360 E. 10th Avenue, Suite 300, Eugene, Oregon, 97401, **on or before February 24, 2015,** and to produce and permit inspection and copying of the following documents in your possession, custody, or control:

Page 1 – **SUBPOENA DUCES TECUM TO JUNCTION CITY POLICE DEPARTMENT**

EXHIBIT 2 - Page 1 of 8

- All documents contained within the internal affairs investigation file on Mark Chase involving complaints by staff at Junction City Police Department against Mark Chase and involving his leave of absence on or about July 18, 2014, through February 2, 2015. This includes but is not limited to all complaints submitted in any form, including electronic, against Mark Chase by James Cleavenger; and any transcripts, summaries, or audio recordings of interviews or statements James Cleavenger gave regarding his complaint against Mark Chase.

A document is deemed to be in your possession, custody or control if it is in your physical possession or custody, or it is in the physical possession or custody of any other person and (a) you own such documents in whole or in part; (b) you have a right to use, inspect, examine or copy such document on any terms; (c) you have an understanding, express or implied, that you may use, inspect, examine or copy such a document on any terms; or (d) you have, as a practical matter, been able to use, inspect, examine or copy such document.

"Document" as used in this request, refers to any original or nonidentical copies of record or communication in any form, including electronic records and communications, that would be a writing, recording, or photograph, including, without limitation, correspondence, memoranda, notes, drawings, letters, minutes, transcripts, reports, statements, questionnaires, summaries, interoffice and intraoffice communications, bulletins, and electronic recordings.

**A personal appearance is NOT required by you or your office, provided that copies of the above-described documents are mailed or delivered, on or before the date indicated above attorney Andrea Coit, Harrang Long Gary Rudnick P.C., 360 East 10th Avenue, Suite 300, Eugene, Oregon 97401, on or before February 24, 2015, and accompanied by an appropriate certification that the documents are true, accurate and complete copies of all**

Page 2 – **SUBPOENA DUCES TECUM TO JUNCTION CITY POLICE DEPARTMENT**

EXHIBIT 2 - Page 2 of 8

**of the documents in your possession that are responsive to this subpoena, a form of which is attached hereto.**

DATED this \_\_\_10\_\_\_ day of February, 2015.

                               HARRANG LONG GARY RUDNICK P.C.

                               By: _____
                                     Andrea D. Coit, OSB #002640
                                     Attorneys for Defendants

Rule 45, Federal Rules of Civil Procedure, Parts (d) & (e):

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Page 4 – **SUBPOENA DUCES TECUM TO JUNCTION CITY POLICE DEPARTMENT**

EXHIBIT 2 - Page 4 of 8

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

Page 5 – **SUBPOENA DUCES TECUM TO JUNCTION CITY POLICE DEPARTMENT**

EXHIBIT 2 - Page 5 of 8

(e) DUTIES IN RESPONDING TO A SUBPOENA.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

Page 6 – **SUBPOENA DUCES TECUM TO JUNCTION CITY POLICE DEPARTMENT**

EXHIBIT 2 - Page 6 of 8

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

# AFFIDAVIT OF CUSTODIAN OF RECORDS TO ACCOMPANY COPIES OF RECORDS

STATE OF OREGON     )
                    ) ss.
County of _____ )

I, _____, BEING FIRST DULY SWORN ON OATH, DEPOSE AND SAY AS FOLLOWS:

    1.    I am the Custodian of Records for Junction City Police Department, and have the authority to certify the records; and

    2.    That the copy or original of the records attached to this Affidavit are true copies of all records which, by law, are permitted to be disclosed; and

    3.    That the records were maintained in the ordinary course of business and prepared by a knowledgeable person, in the ordinary course of business at or near the time of the act, condition or event, which is the subject of the record.

I declare under penalty of perjury that the foregoing is true and correct.

_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 2015.

_____
Notary Public for _____

**AFFIDAVIT OF CUSTODIAN OF RECORDS**

EXHIBIT 2 - Page 8 of 8