## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | **Case No.: CV 13-1908-DOC** |
| **Plaintiff,** | |
| **vs.** | |
| | **ORDER RE: MOTIONS IN LIMINE [110] [116]** |
| **UNIVERSITY OF OREGON, ET AL.,** | |
| **Defendants.** | |

Before the Court are the parties' motions in limine (Dkts. 110, 116). A hearing was held on this matter on August 20, 2015 (Dkt. 133).

### A.  Plaintiff's Motions

Plaintiff's first motion in limine regarding reference to unemployment benefits Plaintiff received is unopposed and is therefore GRANTED.

Plaintiff's second motion in limine regarding conclusions of law is DENIED. Mr. Morrow's opinions about the legality of the traffic stop Plaintiff participated in, from the Defendants' perspective, was a factor in their disputed employment decision. His opinion is therefore permissible.

Plaintiff's third motion relates to prior bad acts. The only prior bad act that was discussed was one arrest that is over ten years old. That prior bad act may become relevant for impeachment, but Defendants may not reference the arrest in the opening statement. Defendants may only inquire into this area if it is proper impeachment and drawn to the Court's attention prior to its introduction. The Motion is GRANTED.

Fourth is Plaintiff's motion in limine regarding taxpayer funds to pay a jury award. The motion is unopposed and therefore GRANTED.

Plaintiff's fifth in limine motion regarding after-acquired evidence is DENIED as overly broad. Evidence up until the release of the Brady materials is relevant.

In Plaintiff's sixth motion in limine, Plaintiff seeks to exclude all evidence regarding the "truth" of the disclosures he made to Chief McDermed and others. This Motion is DENIED. The truth of the statements *is* relevant as to Defendants' response to these alleged disclosures.

Plaintiff's seventh motion in limine regarding University of Oregon's charitable works is unopposed and therefore GRANTED.

Plaintiff's eighth motion in limine regarding references to Plaintiff's medication taken for his ADD is GRANTED

Plaintiff's ninth motion in limine concerns what Plaintiff would do with the money if he were successful in his suit. The motion is unopposed and therefore GRANTED.

Plaintiff's tenth motion in limine concerns evidence regarding his marital discord. The motion is tentatively DENIED if Plaintiff's marital problems become relevant to his damages theory.

### B. Defendants' Motions

Defendants' first six motions broadly concern introducing into evidence nothing other than what Plaintiff said in his Taser Speech, the August 13, 2015 conversation with Chief McDermed, and October 2, 2015 meeting with Brian Smith, as irrelevant.

The Court disagrees. Evidence beyond these incidents may be relevant to develop context, show retaliatory intent, and/or establish additional incidents of protected speech. Thus, these motions are DENIED.

Defendants' seventh motion seeks to exclude any factual conclusions made by the arbitrator in his February 24, 2014 decision. Plaintiff agrees that this material will not be offered for its truth. The arbitration concerned whether there was just cause for the written reprimand and terminating Plaintiff's employment. This information is clearly relevant, but there is also a significant risk of prejudice. Therefore, the Court finds a limiting instruction may be appropriate and may limit the portions of the decision that may be introduced into evidence. This Motion is HELD IN ABEYANCE to be addressed when Plaintiff seeks to introduce the material into evidence.

### C. Jury Instruction

The Court will defer final argument and rulings on the jury instructions. The Court discussed with the parties the need for a tailored instruction regarding what is a matter of public concern. After the close of Plaintiff's case, the parties will construct a proposed jury instruction identifying each specific incident of speech on a matter of public concern.

### D. Defendants Objections to Witnesses

Defendants also brought up certain objections to Plaintiff's witness list, specifically, Plaintiff's introduction of numerous witnesses who are going to testify that Plaintiff was generally a competent, honest, and good officer. The Court DENIES this objection subject to renewal if the testimony becomes cumulative or lacks foundation.

Dated:   August 24, 2015

_David O. Carter_
_____
The Honorable David O. Carter
United States District Judge