**Jason L. Kafoury (OSB #091200)**
**Mark McDougal (OSB #890869)**
**Kafoury & McDougal**
**411 SW Second Avenue, Suite 200**
**Portland, OR 97204**
**(503) 224-2647**
**Fax: (503) 224-2673**
jkafoury@kafourymcdougal.com
mcdougal@kafourymcdougal.com
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

Plaintiff requests the following modified special jury instructions:

Special #3A: First Amendment -- Free Speech -- Claims against Defendants McDermed and Lebrecht

Special #4A: First Amendment -- Free Speech -- Claims against Defendant Cameron

SPECIAL REQUESTED JURY INSTRUCTION No. 3A

# FIRST AMENDMENT – FREE SPEECH - CLAIMS AGAINST DEFENDANTS

# McDERMED AND LEBRECHT

The plaintiff alleges that McDermed and Lebrecht violated his First Amendment right to freedom of speech by taking adverse employment actions against him in retaliation for specific protected speech. [Awaiting judicial determination of actionable speech].

Under the First Amendment, a public employee has a qualified right to speak on matters of public concern. In order to prove that defendants McDermed or Lebrecht deprived him of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1) the plaintiff's speech was not part of performing the tasks plaintiff was paid to perform;

2) the speech was on a matter of public concern;

3) the defendant took an adverse employment action or retaliated against the plaintiff; and

4) the plaintiff's speech was a substantial or motivating factor for the adverse employment action or retaliation.

I instruct you that the plaintiff's speech was on a matter of public concern, and, therefore, the second element requires no proof.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable employee from engaging in protected activity.

A substantial or motivating factor is a significant factor.

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 9.9 (modified).
Ninth Circuit Manual of Model Jury Instructions 2013, No. 10.4A.1 – Title VII – "Adverse Employment Action" in Retaliation Cases (modified).
*Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

SPECIAL REQUESTED JURY INSTRUCTION No. 4A

# FIRST AMENDMENT – FREE SPEECH - CLAIMS AGAINST DEFENDANT CAMERON

The plaintiff alleges that Cameron violated his First Amendment right to freedom of speech by taking adverse employment actions against him in retaliation for specific protected speech. [Awaiting judicial determination of protected speech].

Under the First Amendment, a citizen has the right to free expression. In order to prove that defendant Cameron deprived him of this First Amendment right, the plaintiff must prove the following additional elements by a preponderance of the evidence:

1) the plaintiff engaged in speech protected under the First Amendment;

2) defendant Cameron took adverse action against the plaintiff;

3) the adverse action was reasonably likely to deter protected speech; and

4) defendant Cameron took the adverse action with the intent to retaliate for protected speech.

I instruct you that the plaintiff's speech in this case about TASERs in the University of Oregon Police Department was protected under the First Amendment and, therefore, the first element requires no proof.

An action is an adverse employment action if a reasonable employee would have found the action materially adverse, which means it might have dissuaded a reasonable employee from engaging in protected activity.

Ninth Circuit Manual of Model Jury Instructions 2007 (Civil), No. 9.10 (modified).
*Thomas v. Cnty. of Riverside*, 763 F.3d 1167, 1168 (9th Cir. 2014)

DATED September 18, 2015.

            */s/ Mark McDougal*
            **Jason L. Kafoury (OSB#091200)**
            **Mark McDougal (OSB #890869)**
            **Kafoury & McDougal**
            **411 SW Second Ave., Ste. 200**
            **Portland, OR 97204**
            **(503) 224-2647**
            **Fax: (503) 224-2673**
            **jkafoury@kafourymcdougal.com**
            **mcdougal@kafourymcdougal.com**
            **Attorney for Plaintiff**

# CERTIFICATE OF SERVICE

I certify that on September 18, 2015, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S SUPPLEMENTAL PROPOSED JURY INSTRUCTIONS** on the party or parties listed below as follows:

> Andrea Coit
> Andrea.coit@harrang.com
> Harrang Long Gary Rudnick P.C.
> 360 E 10th Ave, Ste 300
> Eugene OR 97401-3273

☑ Via CM / ECF Filing

*/s/ Mark McDougal*
**Jason L. Kafoury (OSB#091200)**
**Mark McDougal (OSB #890869)**
**Kafoury & McDougal**
**411 SW Second Ave., Ste. 200**
**Portland, OR 97204**
**(503) 224-2647**
**Fax: (503) 224-2673**
**jkafoury@kafourymcdougal.com**
**mcdougal@kafourymcdougal.com**
**Attorney for Plaintiff**