**Andrea D. Coit, OSB #002640**
**andrea.coit@harrang.com**
**Jonathan M. Hood, OSB #133872**
**jonathan.hood@harrang.com**
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone: 541-485-0220
Facsimile: 541-686-6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

**JAMES M. CLEAVENGER,**

Plaintiff,

vs.

**UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,**

Defendants.

Case No. 6:13-cv-01908-DOC

**DEFENDANTS' OBJECTIONS TO PROPOSED JURY INSTRUCTION ON MATTERS OF PUBLIC CONCERN**

Defendants object to the inclusion in paragraphs 3, 4, 5, and 7 of complaints that discussions of a "list" or a "bowl of dicks" list were wasted time and of complaints regarding the disparagement of people in the Occupy movement. If Plaintiff's speech did in fact occur in these instances, the evidence is insufficient to show that it rose to the level of a matter of public concern. Plaintiff's burden requires him to prove that the statements he made were of public concern, not simply to show that the underlying conduct occurred. Plaintiff failed to meet his burden. The statements he asserts were protected under the First Amendment were not proven

with sufficient specificity to allow this court to determine whether they relate to matters that the public would be concerned about. This court should therefore exclude those complaints from the jury instructions.

In anticipation of Plaintiff's argument, Defendants object to the inclusion of statements that Plaintiff intended to file a grievance and his engagement in the grievance process. Such speech or conduct is not protected under the First Amendment. "[S]peech that deals with 'individual personnel disputes and grievances' and that would be of 'no relevance to the public's evaluation of the performance of governmental agencies' is generally not of 'public concern.'" *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (quoting *McKinley v. City of Eloy*, 705 F.2d 1110, 1114 (9th Cir. 1983)). By communicating his intent to use the grievance process, and by engaging in that process, Plaintiff was not "seek[ing] to communicate to the public or to advance a political or social point of view beyond the employment context." *See Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2501, 180 L. Ed. 2d 408 (2011). Therefore, speech that Plaintiff intended to file a grievance and his engagement in the grievance process did not rise to the level of a public concern and should not be included in the jury instructions.

DATED this 23rd day of September, 2015.

HARRANG LONG GARY RUDNICK P.C.

By: s/ Andrea D. Coit
Andrea D. Coit, OSB #002640
Jonathan M. Hood, OSB #133872
Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I certify that on September 23, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' OBJECTIONS TO PROPOSED JURY INSTRUCTION ON MATTERS OF PUBLIC CONCERN** on the party or parties listed below as follows:

- ☑ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By: s/ Andrea D. Coit
Andrea D. Coit, OSB #002640
Jonathan M. Hood, OSB #133872
Attorneys for Defendants

00739798.V1