**Jason L. Kafoury (OSB #091200)**
**Mark McDougal (OSB #890869)**
**Kafoury & McDougal**
**411 SW Second Avenue, Suite 200**
**Portland, OR 97204**
**(503) 224-2647**
**Fax: (503) 224-2673**
jkafoury@kafourymcdougal.com
mcdougal@kafourymcdougal.com
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **PLAINTIFF'S PETITION FOR ATTORNEY FEES AND NON-TAXABLE COSTS** |
| vs. | |
| **CAROLYN McDERMED, BRANDON LEBRECHT, and SCOTT CAMERON,** | |
| Defendants. | |

I. CONFERRAL

Plaintiff's counsel attempted to confer with defense counsel as to this motion on the afternoon of October 13, 2015. Plaintiff's counsel emailed a copy of the motion and left a voicemail message. Defense counsel stated she was unable to meaningfully confer unless she had all supporting documents and did not have time to review documents after 4:00 p.m.

//

//

//

Page 1 - PLAINTIFF'S PETITION FOR ATTORNEY FEES AND NON-TAXABLE COSTS

II. PETITION AND ARGUMENT

Pursuant to FRCP 54, plaintiff hereby moves the court for an award of attorney fees as the prevailing party in this case. Plaintiff is entitled to fees pursuant to 42 USC Sec. 1988. The amount of fees sought is set forward in the table below:

| NAME | POSITION | HOURS | RATE | TOTAL |
|---|---|---|---|---|
| Gregory Kafoury | Attorney | 77.8 | $500 | $38,900.00 |
| Mark McDougal | Attorney | 146.35 | $450 | $65,857.50 |
| Jason Kafoury | Attorney | 640.4 | $350 | $224,140.00 |
| Natalie McDougal | Attorney | 23.5 | $275 | $6,462.50 |
| Adam Kiel | Attorney | 318.9 | $250 | $79,725.00 |
| David Hess | Trial Technologist | 80 | $185 | $14,800.00 |
| Dustin Hawkins | Law Clerk | 31.3 | $175 | $5,477.50 |
| David Hess | Paralegal | 101.7 | $125 | $12,712.50 |
| Dennis Hall | Paralegal | 33 | $125 | $4,125.00 |
| | | | TOTAL: | $452,200.00 |

This motion is supported by the declarations of Gregory Kafoury, Mark McDougal, Jason Kafoury, Natalie McDougal, Adam Kiel, Dustin Hawkins, David Hess, Dennis Hall, Charles R. Williamson, William A. Barton, and Steve Spear.

A. <u>Plaintiff is entitled to attorney fees and costs expended in this action</u>.

"In setting the amount of an attorney's fees award under Sec. 1988, a district court must utilize the 'lodestar' method of calculating the award, which is accomplished by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Tutor-*

**Page 2 - PLAINTIFF'S PETITION FOR ATTORNEY FEES AND NON-TAXABLE COSTS**

*Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1064 (9th Cir. 2006) *citing Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933 (1983). Reasonable fees are "calculated according to the prevailing market rates in the relevant community, regardless of whether the plaintiff is represented by private or nonprofit counsel. *Blum v. Stenson*, 465 U.S. 886, 895, 104 S.Ct. 1541 (1984). Fees calculated according to the lodestar method are presumptively reasonable.

      B.      <u>The rates charged by plaintiff's attorneys are appropriate in this district</u>.

The fee applicant must provide "satisfactory evidence" of the relevant market rate. *Van Skike v. Director, Office of Worker's Compensation Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009). Attorney affidavits are considered satisfactory evidence of the prevailing market rate. *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). See, Declaration of William Barton and Declaration of Charles R. Williamson submitted herewith.

      C.      <u>The attorney time spent in successfully prosecuting plaintiff's claims was reasonable and should not be discounted</u>.

Fees under the lodestar method are presumptively reasonable. Only in "rare cases" should the district court make upward or downward adjustments to the presumptively reasonable lodestar. *Camacho*, 523 F.3d at 982. The Ninth Circuit uses the *Kerr* factors to determine whether an adjustment is appropriate. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). When considering the *Kerr* factors, however, courts should avoid using 20/20 hindsight to determine if the attorney hours were necessary to obtain the relief obtained.

Plaintiff's counsel achieved an excellent result. Plaintiff made an opening settlement offer of $600,000. Defendants refused to engage in settlement discussions, with the exception that at 10:46 p.m. the night before trial was to start, defendants offered to settle for $20,000 (twenty thousand) inclusive of fees. This offer was less than plaintiff's costs. No further

**Page 3 - PLAINTIFF'S PETITION FOR ATTORNEY FEES AND NON-TAXABLE COSTS**

settlement communications were made. The Court may recall at the pretrial conference that defense counsel made it clear that the case was going to trial.

  D. <u>There was no unnecessarily duplicative time</u>.

  A court may reduce the overall number of hours only when it makes specific findings that the work was *unnecessarily* duplicative. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112-1113 (9th Cir. 2008). "One certainly expects *some* degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free." *Id*. Courts should be particularly reluctant to reduce hours for duplication where, as here, counsel is handling the matter on a contingency fee basis. *Id*. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id*.

  Plaintiff's counsel took care to best utilize the various talents of the lawyers involved to efficiently manage the case. Given the excellent result, this Court should award the full sum of the fees and costs requested by the plaintiff.

  E. <u>Plaintiff is entitled to fees even on issues on which he did not prevail</u>.

  Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters. *Hensley*, 461 U.S. 424, at 435.

F. <u>Actual costs typically billed to clients other than expert fees are properly awarded</u>.

The Ninth Circuit has "continued to hold that attorney's fees awards can include reimbursement for out-of-pocket expenses including travel, courier and copying costs . . . [and other] expenses incurred during the course of litigation which are normally billed to fee-paying clients." *Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992), citing *Davis v. Mason County*, 927 F.2d 1473, 1487-88 (9th Cir.) *cert. denied* 502 U.S. 899 (1991); *accord Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1058, n. 1 (9th Cir. 2006).

The Ninth Circuit has long held that 28 USC § 1920 costs include original deposition transcripts and even copies of transcripts. *Alflex Corp. v. Underwriters Laboratories, Inc.* 914 F.2d 175, 176-177 (9th Cir.1990). Plaintiff believes these depositions were necessarily obtained for use in the case, in light of the facts known to the parties at the time the depositions were taken, and as such are taxable costs under 28 U.S.C. § 1920. However, to the extent the court may find the costs of any of the depositions are not taxable, Plaintiff asserts that they are non-taxable costs recoverable as part of the attorneys' fee award, under the standard set forth by the Ninth Circuit. *Grove v. Wells Fargo Financial California, Inc.*, 606 F.3d 577, 580 (9th Cir. 2010) (citing *Davis v. City of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992)); see also *Partners for Health and Home, L.P. v. Seung Wee Yang*, 488 B.R. 431, 441 (C.D.Cal.2012) and *Scruggs v. Josephine Cnty.*, CIV. 06-6058-CL, 2009 WL 650626, at *7 (D Or Mar. 10, 2009)

III. CONCLUSION

The Court should make an award of attorneys fees and costs for all time reasonably expended. Plaintiff requests that the Court grant this motion for attorney fees and award $452,200.00 for Kafoury & McDougal's fees, and $2,533 in non-taxable costs.

Plaintiff has also filed a Cost Bill of taxable costs and requests any costs that are disallowed as taxable costs be added to plaintiff's non-taxable costs.

IV. CERTIFICATE OF COMPLIANCE

This brief complies with the applicable word-count limitation under LR 7-2(b), 26-3(b), 54-1(c), or 54-3(e) because it contains 1,235 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.

DATED October 13, 2015.

*/s/ Mark McDougal*
**Mark McDougal (OSB #890869)**
**Kafoury & McDougal**
**411 SW Second Ave., Ste. 200**
**Portland, OR 97204**
**(503) 224-2647**
**Fax: (503) 224-2673**
**Attorney for Plaintiff**

**CERTIFICATE OF SERVICE**

I certify that on October 13, 2015, I served or caused to be served a true and complete copy of the foregoing **PLAINTIFF'S PETITION FOR ATTORNEY FEES AND NON-TAXABLE COSTS; AND DECLARATIONS OF GREGORY KAFOURY, MARK MCDOUGAL, JASON KAFOURY, NATALIE MCDOUGAL, ADAM KIEL, DUSTIN HAWKINS, DAVID HESS, DENNIS HALL, CHARLES R. WILLIAMSON, WILLIAM A. BARTON, AND STEVE SPEAR** on the party or parties listed below as follows:

>Andrea Coit
>Andrea.coit@harrang.com
>Harrang Long Gary Rudnick P.C.
>360 E 10th Ave, Ste 300
>Eugene OR 97401-3273

☑ Via the CM/ECF System

*/s/ Mark McDougal*
**Jason L. Kafoury (OSB#091200)**
**Mark McDougal (OSB #890869)**
**Kafoury & McDougal**
**411 SW Second Ave., Ste. 200**
**Portland, OR 97204**
**(503) 224-2647**
**Fax: (503) 224-2673**
**jkafoury@kafourymcdougal.com**
**mcdougal@kafourymcdougal.com**
**Attorney for Plaintiff**