**Andrea D. Coit, OSB #002640**
andrea.coit@harrang.com
**Jonathan M. Hood, OSB #133872**
jonathan.hood@harrang.com
HARRANG LONG GARY RUDNICK P.C.
360 East 10th Avenue, Suite 300
Eugene, OR 97401-3273
Telephone:     541-485-0220
Facsimile:     541-686-6564
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **JAMES M. CLEAVENGER,** | Case No. 6:13-cv-01908-DOC |
| Plaintiff, | **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** |
| vs. | |
| **UNIVERSITY OF OREGON (an Agency and Instrumentality of the State of Oregon), et al.,** | |
| Defendants. | |

Pursuant to LR 54-1(b), Defendants submit the following Objections to Plaintiff's Bill of Costs.

## I.     ENTIRE COST BILL SHOULD BE REJECTED

Local Rule 54.1(a)(1) provides that the prevailing party must provide a "detailed itemization of all claimed costs" *and* "appropriate documentation." Simply filing a list of charges without supporting documentation is not "appropriate documentation." *Tucker v. Cascade Gen., Inc.,* No. 3:09-CV-1491-AC, 2015 WL 2092849, at *1 (D. Or. May 5, 2015); *see also, City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08–4575 SI, 2012 WL 177566,

Page 1 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

at *1 (N. D. Cal. Jan.23, 2012) (*quoting Allison v. Bank One–Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002)) ("With regard to individual itemized costs, 'the burden is on the party seeking costs ... to establish the amount of compensable costs and expenses to which it is entitled.'").

Plaintiff seeks costs in the amount of $45,773.59. In support of his Cost Bill, he presents only his attorneys' internal spreadsheet with no explanation of what that spreadsheet is meant to demonstrate. There are amounts and reference numbers listed, but nothing to indicate what those reference numbers mean, whether the amounts reflect actual costs incurred, or anything to indicate whether of the costs were actually paid. The dates noted for many of the charges are clearly not correct. *See e.g.*, page 8 of Plaintiff's Itemized Cost Bill, showing a cost for "Casey Boyd - Witness Fee" incurred on 9/24/15. The jury had the case on 9/24/15.

The entire Bill of Costs should be rejected; it is inadequately supported and it fails to comply with statutory requirements.

## II.    SPECIFIC COSTS SHOULD BE REJECTED

In the alternative to a complete rejection of costs, the court should refuse to tax certain of the requested costs.

### A.    Applicable Law

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). *Taniguchi v. Kan Pacific Saipan, Ltd.*, 132 S. Ct. 1997, 2001 (2012).

Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

>(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>(5) Docket fees under section 1923 of this title;
>
>(6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Ca., Inc.*, 606 F.3d 577, 579–80 (9th Cir. 2010). This conclusion also comports with the Supreme Court's recent statements emphasizing that "taxable costs are limited by statute and are modest in scope." *Taniguchi*, 132 S. Ct. at 2006; s*ee also Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc*., 741 F.3d 955, 958 (9th Cir. 2013), citing *Taniguchi*, 132 S. Ct. at 2006 ("Given the Court's close reading of the statute and emphasis that '[t]axable costs are limited to relatively minor, incidental expenses,' and, further, that 'costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit,' *id.* at 2006 (internal quotation marks omitted), we construe § 1920 narrowly.").

B.   Non-Taxable Costs under 28 U.S.C. § 1920

   1.   Costs for Video Depositions

The District of Oregon does not allow recovery for the costs of videotaping non-perpetuation depositions. When the prevailing party is reimbursed for the cost of court reporting services and preparation of a written transcript, the added expense of videotaping the deposition is uniformly held to be unnecessary for purposes of Fed.R.Civ.P. 54. *See Kaufman v. Geico Indem. Co.*, No. 3:13-CV-01932-HZ, 2015 WL 5167248, at *5 (D. Or. Sept. 3, 2015) ("As an additional matter, the deposition fees include an unknown amount for 'videotaping fees.' Defendants videotaped plaintiffs' depositions, but do not explain why it was necessary. Plaintiffs obviously would be available to testify at trial, and the videotaping costs duplicate the costs for the transcript since both contain the same information."); *U.S. ex rel. Berglund v. Boeing Co.*,

No. 03:02-CV-193-AC, 2012 WL 697140, at *1 (D. Or. Feb. 29, 2012) ("Rule 54(d) has a necessity requirement, which has not been met by Boeing in its request for $10,908 for the video deposition of Berglund. Boeing has provided no explanation for why a video deposition was needed or why a written deposition transcript would not have sufficed."); *Pullela v. Intel Corp.*, No. CV 08-1427-AC, 2010 WL 3361089, at *3 (D. Or. Aug. 25, 2010) aff'd, 467 F. App'x 553 (9th Cir. 2012) ("Routinely allowing recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose. Accordingly, the court denies Intel's request for this cost item."); *Davico v. Glaxosmithkline Pharmaceuticals*, CV No. 05–6052–TC, 2008 WL 624049, at *2 (D.Or. Jan. 23, 2008) ("In short, if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs.").

Plaintiff seeks $19,796.27 in costs for a combined expense of "Court reporter/ Videographer/Deposition Transcript Fees" for various witnesses. Plaintiff should be required to identify the percentage of the total is attributable to the court reporter fees and written transcript before being awarded any of that cost. In the alternative, the costs should be reduced by 50%, to $9,898.14. Plaintiff also seeks $591.25 just for "videographer fees" for other witnesses. Plaintiff's Itemized Cost Bill, pages 4, 5. That cost should be rejected.

### 2. Video Conversion/Synching Fees

Plaintiff seeks costs of $490 for "Conversion of Transcript Video to MPEG format to create video synched transcript" for McDermed, Lebrecht, Cameron and Morrow. Plaintiff's Itemized Cost Bill, page 5. If the video itself is unnecessary, the costs incurred to synch the video to the written transcript is also unnecessary. See *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 959 (9th Cir. 2013) ("Similarly, synchronizing deposition videotapes with their transcripts, while convenient, was not an act of copying or exemplification and was not truly necessary for trial."). That $490 in costs should not be taxed.

Page 4 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

3.      **Daily Trial Transcripts**

Plaintiff seeks costs of $14,085.85 for "Real Time Rough Transcripts and Final Transcripts During Trial."  Plaintiff's Itemized Cost Bill, page 5.

Section 1920(2) provides for the taxation of fees of the "court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." In *Acumed LLC v. Stryker Corp.*, No. 04-CV-0513-BR, 2006 WL 3410152, at *5 (D. Or. Sept. 12, 2006) aff'd, 227 F. App'x 915 (Fed. Cir. 2007), this court explained that:

> Courts have considered several factors when determining whether to allow recovery of the cost of daily transcripts:(1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (3) whether proposed findings of fact were required, (4) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) the size of the claim, and (5)[sic ] the importance of witness credibility.

Plaintiff presents nothing in support of this cost, despite it being incumbent upon him to do so.  Looking at the relevant factors, the case involved only ten days of testimony and one set of facts for all three defendants.  There was no disagreement over witness testimony necessitating daily records of what each witness said.  There were no proposed findings of facts; there were no expert witnesses; and the size of the claim does not bear on this inquiry for this case.  While witness credibility was important, there were alternatives available to ensure counsels had accurate records.  There were always a minimum of two attorneys, a client, a paralegal and a trial technologist available at the trial to take notes.

This is a non-taxable expense incurred for the convenience of counsel.  See *Rodriguez v. Gen. Dynamics Armament & Technical Products, Inc.*, 775 F. Supp. 2d 1217, 1220 (D. Haw. 2011) ("In support of recovering the costs of the daily trial transcripts, the declaration of counsel submitted in support of the bill of costs asserts only that 'daily trial transcripts assisted in presenting accurate final argument, and the cross examination of later witnesses.' This demonstrates that General Dynamics obtained the trial transcripts because General Dynamics

Page 5 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

considered them convenient to have, but by no means shows that such transcripts were necessary. The fact that General Dynamics routinely ordered a transcript for each day of trial further suggests that the dailies were procured as a matter of custom rather than for any particular purpose.").

In *John G. v. Bd. of Educ. of Mount Vernon Pub. Sch.,* 891 F. Supp. 122, 123 (S.D.N.Y. 1995) (internal citations omitted), the court denied a request for the costs of daily transcripts, explaining:

> Defendants contend that the daily transcripts were used throughout the trial and thus were necessary. Use of the transcripts during trial, however, does not mean they were necessarily obtained. The mere convenience to counsel is insufficient to justify the taxation of costs. Daily transcripts of trial testimony are not customary. Typically, for the purpose of cross-examination, attorneys take notes during the trial. In the instant case, adequate references to prior testimony could have been accomplished without the use of the transcripts; there was no need to refer to the precise language of the witnesses.

Plaintiff has not shown that the costs of daily roughs and final trial transcripts was a necessary cost taxable under 28 U.S.C. § section 1920. The requested cost of $14,085.85 should not be allowed.

### 4.   Non-Taxable Costs Should not be Included in Attorney Fee Award

The cost for videotaping depositions and synching that video, and the costs for daily rough and final transcripts should also not be allowed as a part of Plaintiff's reasonable attorney fee under 28 U.S.C. § 1920. Plaintiff has not demonstrated that these costs were either reasonably incurred or costs normally billed to fee paying clients. *See Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992). The non-taxable costs generally allowed as a part of a fee award include expenses incidental to necessary litigation, such as travel and hotels incidental to the litigation. *See Davis v. City of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992) ("we have continued to hold that attorneys' fees awards can include reimbursement for out-of-pocket expenses including ... travel, courier and copying costs."); *Missouri v. Jenkins*,

Page 6 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

491 U.S. 274, 285, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989) (the Supreme Court held that a prevailing plaintiff could recover the costs of paralegals' time under a statute allowing for a reasonable attorney's fee as part of the costs.); *Trs. of the Constr. Indus. and Laborers Health and Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1258-9 (9th Cir.2006) ("reasonable charges for computerized research may be recovered as 'attorney's fees' under § 1132(g)(2)(D) if separate billing for such expenses is 'the prevailing practice in the local community.'").

The expenses sought here are not necessarily incidental to litigation. There is no justifiable need to videotape every deposition taken in a case or to obtain daily transcripts of a ten day, non-technical trial that is attended by numerous note-taking attorneys. These expenses were incurred for the convenience of counsel and as part of their strategic decision in how to present their case. Plaintiff's counsel has an ethical obligation to only charge for reasonable fees. Or. R. Prof. Conduct 1.5. Absent any reasonable justification for incurring these expenses, they are not of the sort that can be passed along to any client, fee paying or not.

### C.     Duplicative Charges for Taxable Costs

Plaintiff seeks double recovery for "Civil Trial Subpoena Witness Fees" for the following witnesses:

Casey Boyd - $172.25. Billed on August 21, 2015 and September 24, 2015 (pgs 6 and 8 of Plaintiff's Itemized Statement).

Michael Drake - $167.65. Billed on August 21, 2015 and September 24, 2015 (pgs 6 and 8 of Plaintiff's Itemized statement).

Brandon Nicol - $155.00. Billed on August 21, 2015 and September 18, 2015 (pgs 7 and 8 of Plaintiff's Itemized statement).

Royce Myers - $167.50. Billed on August 21, 2015 and September 24, 2015 (pgs 7 and 8 of Plaintiff's Itemized Statement).

The taxable costs for witness fees should be reduced by these amounts, or $662.40.

**D.     Unreasonable and Unexplained Costs**

Plaintiff requests reimbursement for various random and seemingly unreasonable charges. Plaintiff offers no supporting documentation for these charges, or any explanation as to why they were incurred at the rates shown. The following costs should be denied:

**a.     Unreasonable Process Server Charge**

On page 1 of Plaintiff's Itemized Cost Bill, Plaintiff seeks $370.00 for "Process Server for Service of Summons and Complaint" allegedly incurred on 3/1/14. This is an unreasonable process service fee. On 3/28/14, Plaintiff claims he incurred another $40.00 cost for "Process Server for Service of Summons and Complaint." The $370.00 should not be allowed.

**b.     Unnecessary/Unexplained Process Server Fees**

Plaintiff seeks reimbursement for three charges of $75.00 for a process server fee for Scott Cameron, Brandon Lebrecht and Carolyn McDermed on September 8, 2015 (the first day of trial). Defendants' counsel agreed to accept service of those subpoenas. All were delivered to her at the same time, well before the first day of trial. Coit Dec. ¶ 2. This $225.00 should not be allowed.

Plaintiff seeks $50.00 for a charge incurred on 2/1/15 for "Civil Trial Subpoena Witness Fee" for Barrister Support Services. There is no witness identified with this fee, or explanation given as to why Plaintiff had to pay Barristers $50.00. This $50.00 should not be allowed.

Plaintiff is seeking separate service fees of $75.00 each for all trial subpoenas served on UO employees. Per the court's instruction, Defendants' counsel arranged for delivery of all of the subpoenas for these witnesses upon their bulk delivery to UOPD. Coit Dec. ¶ 3. All of the subpoenas were delivered to UOPD at one time and dropped off as a package. Id. It is unlikely Plaintiff was charged a separate service charge for each document inside the envelope dropped at UOPD. No supporting documentation is submitted to show if these alleged costs were actually incurred. The itemized statement showing these charges reflects they were incurred on 9/8/15, the first day of trial, which cannot be correct. See Plaintiff's Itemized Statement of Costs,

Page 8 – **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS**

pages 1-3.  The requested service fees of $75.00 for delivery of trial subpoenas to UOPD for Andy Bechdolt, Larry Black, Royce Myers, Eric Leroy, Zach Hermens, and Jared Davis, and $50.00 for service on Kent Abbott, a total of $500.00, should not be allowed.  Instead costs should be taxed for one charge of $75.00, a reduction of $425.00.

Similarly, it is likely the Junction City Police Department witnesses were also served by a one time delivery of a packet of subpoenas.  See Plaintiff's Itemized Statement of Costs, pages 2, 3.  Unless Plaintiff can present evidence that he actually paid separate service fees, the $75.00 service charges for Brian Patterson, Brandon Nicol, Timothy Ranger, Eric Markell, Ken Jackson, and Myrria Jones, a total of $450.00, should not be allowed.  Instead, costs should be taxed for one charge of $75.00, a reduction of $375.00.

### III.    CALCULATION OF TAXABLE COSTS

Based on the foregoing, because Plaintiff fails to comply with the requirements of Fed.R.Civ.P. 54.1, his entire cost bill should be denied. In the alternative, based upon Defendants' specific objections, Plaintiff's cost bill should be reduced by $27,172.62.  Costs should be taxed in the amount of $18,630.95.

DATED this 30th day of October, 2015.

                                    HARRANG LONG GARY RUDNICK P.C.

                                    By:   s/ Andrea D. Coit
                                         Andrea D. Coit, OSB #002640
                                         Jonathan M. Hood, OSB #133872
                                         Attorneys for Defendants

# CERTIFICATE OF SERVICE

I certify that on October 30, 2015, I served or caused to be served a true and complete copy of the foregoing **DEFENDANTS' OBJECTIONS TO PLAINTIFF'S BILL OF COSTS** on the party or parties listed below as follows:

- ☒ Via CM / ECF Filing
- ☐ Via First Class Mail, Postage Prepaid
- ☐ Via Email
- ☐ Via Personal Delivery

Mark McDougal
Gregory Kafoury
Jason Kafoury
Grand Stable & Carriage Building
411 SW Second Avenue, Suite 200
Portland, OR 97204
  Attorneys for Plaintiff

HARRANG LONG GARY RUDNICK P.C.

By: s/ Andrea D. Coit
  Andrea D. Coit, OSB #002640
  Jonathan M. Hood, OSB #133872
  Attorneys for Defendants

00744534.v1