-1-

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON

| | |
|---|---|
| JAMES M. CLEAVENGER,<br><br>    Plaintiff,<br><br>vs.<br><br>UNIVERSITY OF OREGON, ET AL.,<br><br>    Defendants. | Case No.: CV 13-1908-DOC<br><br><br>ORDER RE: PLAINTIFF'S PETITION FOR SUPPLEMENTAL ATTORNEY FEES AND NON-TAXABLE COSTS [229]; ORDER RE: SUPPLEMENTAL BILL OF COSTS [236] |

Before the Court are Plaintiff James M. Cleavenger's ("Cleavenger" or "Plaintiff") Petition for Supplemental Attorney Fees and Non-Taxable Costs ("Supplemental Petition") (Dkt. 229) and Supplemental Bill of Costs ("Supplemental Bill of Costs") (Dkt. 236). Having reviewed the papers and considered the parties' arguments, the Court hereby GRANTS IN PART Plaintiff's Supplemental Petition and GRANTS IN PART Plaintiff's Supplemental Bill of Costs.

I. **Background**

Because the facts of this case were explained in two recent orders, the Court will not recite the facts and background of this case in detail here. The Court notes that, on September 25, 2015, the jury returned a verdict finding all three remaining defendants – Carolyn McDermed, Brandon Lebrecht, and Scott Cameron (collectively, "Defendants") – liable. (Dkts. 167, 168). Further, on February 29, 2016, the Court denied Defendants' Alternative Motions for Judgment as a Matter of Law and for New Trial or Remittitur (Dkt. 228). On March 16, 2016, the Court granted in part Plaintiff's Petition for Attorney Fees and Bill of Costs ("Order Re: Attorney Fees & Bill of Costs") (Dkt. 237).

Plaintiff filed the Supplemental Petition and Supplemental Bill of Costs on March 14, 2016, seeking attorney's fees and costs related to the post-trial motions. Plaintiff seeks $50,732.55 for Kafoury & MacDougal's post-trial fees and $4,469.35 in non-taxable costs. Plaintiff also seeks $4,469.35 in taxable costs.[1]

Defendants filed their Objections to Plaintiff's Petition for Supplemental Attorney Fees, Non-Taxable Costs and Cost Bill on March 25, 2016 ("Objections") (Dkt. 238). Plaintiff replied on April 8, 2016 (Dkt. 242).

The Court will first address Plaintiff's Supplemental Petition and then turn to the Supplemental Bill of Costs.

---

[1] Although Plaintiff has not specified, the Court presumes Plaintiff does not seek a double recovery, but rather seeks $4,469.35 in taxable costs, or, in the alternative, $4,469.35 in non-taxable costs as part of the attorney's fee award.

## II. Petition for Supplemental Attorney's Fees and Non-Taxable Costs

### A. Legal Standard

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant a reasonable attorney's fee as part of the costs to the prevailing party. 42 U.S.C. § 1988(b). The lodestar formula should be used to determine a reasonable figure for an award of attorney's fees. A lodestar figure is calculated by "multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986). "A 'strong presumption' exists that the lodestar figure represents a 'reasonable' fee, and upward [or downward] adjustments of the lodestar are proper only in 'rare' and 'exceptional' cases." Jordan v. *Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (quoting *Del. Valley*, 478 U.S. at 565); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008).

A plaintiff is considered a prevailing party if he succeeds on any significant issue in litigation that gives some benefit that plaintiff sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To satisfy this requirement, the suit must have produced a material alteration of the legal relationship between the parties. *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). This alteration may be the result of an enforceable judgment. *Farrar v. Hobby*, 506 U.S. 103, 111 (1992).

Once the Court determines attorney's fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. "In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable." *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)). The first step the district court must take is to "determine the presumptive lodestar figure by multiplying the number of hours reasonably expended

on the litigation by the reasonable hourly rate." *Gracie*, 217 F.3d at 1070 (internal quotation marks and citation omitted). Next, the district court should, where appropriate, "adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), that has not been subsumed in lodestar calculation." *Id.* (internal citation and quotation marks omitted).

### B. Discussion

#### 1. Prevailing Party

As the Court previously concluded, Plaintiff is the prevailing party for purposes of attorney's fees. *See* Order Re: Attorney Fees & Bill of Costs at 4. The jury returned a verdict finding all three remaining Defendants liable and judgment was entered in favor of Plaintiff and against Defendants (Dkt. 172). Subsequently, the Court denied Defendants' Alternative Motions for Judgment as a Matter of Law and for New Trial or Remittitur.[2]

#### 2. Reasonable Rate

Because attorney's fees are warranted here, the Court must address whether the amount of fees requested is reasonable. First, the Court will assess whether the requested hourly rates are reasonable.

Reasonable fees "are to be calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Van Skike v. Dir., Office of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984) (internal quotation marks omitted)). The burden is on the fee applicant "'to produce satisfactory evidence' of the relevant market rate." *Id.* (quoting *Blum*, 465 U.S. at 895 n.11). The Ninth Circuit has noted that "[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . .

---

[2] The Court notes Defendants do not dispute Plaintiff is the prevailing party.

are satisfactory evidence of the prevailing market rate." *Camacho*, 523 F.3d at 980 (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (internal quotation marks omitted)).

The Court incorporates by reference its prior order. *See* Order Re: Attorney Fees & Bill of Costs at 6–12. Consistent with its prior order, the Court finds the following hourly rates reasonable: $400 for Gregory Kafoury ("Mr. G. Kafoury"), $400 for Mark McDougal ("Mr. McDougal"), $350 for Jason Kafoury ("Mr. J. Kafoury"), $250 for Adam Kiel ("Mr. Kiel"), $120 for Dustin Hawkins ("Mr. Hawkins"), and $125 for David Hess ("Mr. Hess").

### 3. Number of Hours Reasonably Expended

The fee applicant bears the burden of demonstrating that the number of hours spent was reasonably necessary to the litigation and that counsel made "a good faith effort to exclude from [the] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 433–34. Further, it is also the fee applicant's burden "to submit evidence supporting the hours worked. . . . Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

Plaintiff submits billing records as follows: 7.5 hours for Mr. G. Kafoury, 25.4 hours for Mr. McDougal, 54.7 hours for Mr. J. Kafoury, 56.1 hours for Mr. Kiel, 6.9 hours for Mr. Hawkins, and 6.35 hours for Mr. Hess for his services as a trial technologist. Supp. Petition at 2.

Defendants' only objection concerning the number of hours Plaintiff's counsel expended concerns Mr. G. Kafoury. Specifically, Defendants argue the hours Mr. G. Kafoury spent assisting with the drafting and revision of Plaintiff's response to Defendants' post-trial motions were "unnecessary and unreasonable." Objections at 2.

A court may reduce the number of hours awarded because the lawyer performed unnecessarily duplicative work. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Here, Mr. G. Kafoury's time sheet indicates billed 2.5 hours on February

12, 2016 for "Attend JMOL/Remittitur/New Trial portion of oral argument; assist with rebuttal." March 14, 2016 Declaration of Gregory Kafoury ("G. Kafoury Decl.") (Dkt. 230) Ex. A at 1. Mr. Kiel, Mr. McDougal, and Mr. J. Kafoury have also billed for the time they spent attending the February 12, 2016 hearing on the post-trial motions. *See* March 14, 2016 Declaration of Adam Kiel ("Kiel Decl.") (Dkt. 233) Ex. A at 2; March 14, 2016 Declaration of Mark McDougal ("McDougal Decl.") Ex A at 1; March 14, 2016 Declaration of Jason Kafoury ("J. Kafoury Decl.") Ex. A at 2. Particularly given that three other attorneys billed for time spent attending this oral argument, the Court finds the 2.5 hours Mr. G. Kafoury billed on February 12, 2016 constitutes unnecessarily duplicative work. Mr. G. Kafoury's time is thus reduced by 2.5 hours.

The Court also concludes a further reduction of Mr. G. Kafoury's hours is warranted. On December 28, 2015, Mr. G. Kafoury billed 2 hours for "Assist with drafting of response to Motion for JMOL/Remittitur/New Trial." G. Kafoury Decl. Ex. A at 1. On December 29, 2015, Mr. G. Kafoury billed 2 hours for "Assist with revision of response to Motion for JMOL/Remittitur/New Trial." *Id.* Given that Mr. Kiel, Mr. McDougal, and Mr. J. Kafoury all billed for time spent preparing Plaintiff's Response to Defendants' Alternative Motions for Judgment as a Matter of Law and for New Trial or Remittitur, *see* Kiel Decl. Ex A at 1–2, McDougal Decl. Ex. A at 1; J. Kafoury Decl. Ex. A at 1–2, the Court concludes it was unreasonable for Mr. G. Kafoury to have spent 4 hours assisting with the drafting and revision of Plaintiff's Response. *See Wolfe v. City of Portland*, No. 3:12-CV-02035-PK, 2013 WL 6002391, at *6 (D. Or. Nov. 8, 2013) (reducing number of hours for duplicative work). The Court finds a 2 hour reduction of those hours is reasonable.

Accordingly, Mr. G. Kafoury's time is reduced by 4.5 hours. Thus, the Court will award him fees for a total of 3 hours.

After reviewing the time sheets submitted by Mr. G. Kafoury, Mr. McDougal, Mr. J. Kafoury, Mr. Kiel, Mr. Hess, and Mr. Hawkins, the Court declines to reduce the

hours beyond the reductions applied above.[3] The Court is satisfied the hours billed (other than those specifically addressed above) are reasonable and appropriate in this case.

### 4. Adjustments to the Lodestar

After calculating the lodestar, the Court "may adjust the 'presumptively reasonable' lodestar figure based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Intel Corp. v. Terabyte Int'l, Inc.,* 6 F.3d 614, 622 (9th Cir. 1993) (internal citation omitted). The Court has reviewed the *Kerr* factors and does not find any adjustments to the lodestar amount are warranted in this case.

### C. Final Calculation

Using a rate of $400 per hour for 3 hours for Gregory Kafoury; a rate of $400 per hour for 25.4 hours for Mark McDougal; a rate of $350 per hour for 54.7 hours for Jason Kafoury; a rate of $250 per hour for 56.1 hours for Adam Kiel; a rate of $125 per hour for 6.35 hours for David Hess; and a rate of $120 per hour for 6.9 hours for Dustin Hawkins, the Court awards $46,151.75 in attorney's fees.[4]

### III. Supplemental Bill of Costs

The Court will now consider whether Plaintiff can recover $4,469.35 in taxable costs.

### A. Legal Standard

Rule 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." This rule, [b]y its terms . . . creates a presumption in favor of

---

[3] The Court notes the supplemental time billed by Mr. Hess appears to relate to his work as a paralegal, rather than work as a trial technologist. Thus, the Court construes Plaintiff's Supplemental Motion as requesting fees for Mr. Hess' services as a paralegal.

[4] Plaintiff also seeks to recover the cost of official transcripts as part of the attorney's fee award. Supp. Petition at 3. The Court concludes the costs of hearing transcripts "are more properly recoverable as costs under 28 U.S.C. § 1920," rather than under § 1988. *Nemo v. City of Portland*, No. CV-94-1553-ST, 1996 WL 437633, at *8 (D. Or. Apr. 9, 1996). Accordingly, the Court will analyze Plaintiff's request for costs in the section of this Order addressing the Supplemental Bill of Costs.

awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-Am. Educators v. California,* 231 F.3d 572, 591 (9th Cir. 2000) (en banc). If the district court decides to disallow costs, it must "'specify reasons' for its refusal to award costs." *Id.* However, the district court "need not give affirmative reasons for awarding costs; instead it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)

In addition, pursuant to Local Rule 54.1(a)(1), the prevailing party must provide a "detailed itemization of all claimed costs" and "appropriate documentation." In addition, Local Rule 54.1(a)(2) states the cost bill must be verified as required by 28 U.S.C. § 1924, which requires an affidavit that the items within the cost bill are correct, have been necessarily incurred in the case, and that the services for which fees have been charged were actually and necessarily performed.

Expenses that may be taxed as costs against the losing party are enumerated in 28 U.S.C. § 1920. Section 1920 provides:

> A judge or clerk of the court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;

>   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

"Although a district court has broad discretionary power to allow or disallow a prevailing party to recoup the costs of litigation, the court may not tax costs beyond those authorized by 28 U.S.C. § 1920." *Kelley v. Sears, Roebuck, and Co.*, No. 01–cv–1423–ST, 2004 WL 1824121, *3 (D. Or. Aug. 10, 2004) (citation omitted). However, courts are "free to construe the meaning and scope of the items enumerated as taxable costs." *Id.* (citing *Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.3d 175, 177–78 (9th Cir. 1990) (per curiam), *cert denied*, 502 U.S. 812 (1991)).

### B. Discussion

Plaintiff submits a Supplemental Bill of Costs seeking $4,469.35 in fees for printed or electronically recorded transcripts. Supp. Bill of Costs at 1. Plaintiff attaches a document to the Supplemental Bill of Costs listing each charge, the amount of that charge, the date of the charge, and what each charge was for ("Itemized Supplemental Bill of Costs"). Plaintiff also attaches two invoices from Jill L. Jessup, the court reporter. In addition, the Supplemental Bill of Costs includes a sworn declaration stating "the foregoing costs are correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed." Supp. Bill of Costs at 1. Based on a review of Plaintiff's documentation, the Court is satisfied Plaintiff has complied with the requirements of Local Rule 54.1. *See Tucker v. Cascade Gen., Inc.*, No. 3:09-CV-1491-AC, 2015 WL 2092849, at *1 (D. Or. May 5, 2015).

Thus, the Court turns to Plaintiff's specific request and Defendant's objection to that request. Plaintiff requests reimbursement of $4,469.35 in fees paid for the official trial transcript. Supp. Bill of Costs at 1. Pursuant to 28 U.S.C. § 1920(2), a prevailing

party may recover "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."

Defendants do not object to the cost of the final full trial transcript – $3,887.10, Itemized Supp. Bill of Costs at 1; *see* Declaration of Jill Jessup ("Jessup Decl.") (Dkt. 243) ¶ 3 ("Invoice #749 is an invoice for the entire finalized trial transcript which was paginated accordingly and billed at the copy rate."). However, Defendants note Plaintiff also has submitted a supplemental bill for $582.25 for transcripts from September 8 and September 23, 2015, which are part of the trial transcript. Objections at 3. Defendants assert Plaintiff does not explain why he should recover twice for those fees and argues the Court should reject that cost. *Id.* In response, Plaintiff explains the bill for $582.55 is for excerpts of the final trial transcript, including Plaintiff's opening statement and closing argument, ordered in October 2015 to help Plaintiff prepare a response to Defendants' post-trial motions. Reply at 2. Plaintiff further asserts that "Invoice #738 [for $582.55] was placed at a time when plaintiff's counsel expected to require only excerpts from the transcript." *Id.* However, as indicated above, Plaintiff eventually did order and has now billed for the entire final trial transcript. The Court is unpersuaded by Plaintiff's argument that he should be permitted to recover twice for the September 8 and September 23, 2015 trial transcripts. Thus, the Court reduces Plaintiff's costs by $582.22.

Accordingly, the Court awards $3,887.10 in taxable costs.

## IV.   Disposition

For the reasons set forth above, Plaintiff's Petition for Supplemental Attorney Fees and Non-Taxable Costs is GRANTED in the amount of $46,151.75, and Plaintiff's Supplemental Bill of Costs is GRANTED in the amount of $3,887.10.

DATED:        April 13, 2016

                                                                DAVID O. CARTER
                                         UNITED STATES DISTRICT JUDGE